UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WILLIAM RUDD,

  Plaintiff,

v

THE CITY OF NORTON SHORES, MAYOR
GARY NELUND, individually and in his
official capacity,
POLICE CHIEF DANIEL SHAW, individually
and in his official capacity,
SERGEANT MATTHEW RHYNDRESS,
individually and in his official capacity,
OFFICER MICHAEL WASSILEWSKI,
individually and in his official capacity,
MARK MEYERS, individually and as city
manager,

F/LT. CHRIS MCINTIRE, Michigan State
Police only in his individual capacity;

ATTORNEY DOUGLAS HUGHES,
individually and acting on behalf of his law
firm,
WILLIAM HUGHES, PLLC, a Michigan law
firm,

ATTORNEY MELISSA MEYERS, individually
and acting on behalf of her law firm,
ATTORNEY MICHELLE MCLEAN,
individually and acting on behalf of her law
firm,
ATTORNEY JOEL BAAR, individually and
acting on behalf of his law firm,
BOLHOUSE, BAAR & HOFSTEE PC, a
Michigan law firm,

  Defendants.

No. 1:18-cv-124

HON. GORDON J. QUIST

0

Daniel W. Rudd
Plaintiff, In Pro Per
201 S. Lake Ave.
Spring Lake, MI 49456
(231) 446-2532
daniel@stock20.com

Richard L. Bolhouse 9P29357)
Bolhouse, Hofstee & McLean PC
Attorneys for Defendants Meyers, McLean,
Baar, and Bolhouse,
Hofstee & McClean PC
39996 Chicago Dr., SW
Grandville, MI 49418
616-531-7711
rickb@bolhouselaw.com

Sarah R. Robbins (P81944)
Rock Wood (P41181)
Attorneys for Defendant McIntire
Michigan Department of Attorney
General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162
RobbinsS@michigan.gov
Woodr5@michigan.gov

Michael S. Bogren (P34835)
Plunkett Cooney
Attorney for Defendants City of Norton
Shores, Gary Nelund, Daniel Shaw,
Matthew Rhyndress, Michael Wassilewski,
Mark Meyers, Douglas Hughes and
William Hughes, PLLC
950 Trade Centre Way, Ste. 310
Kalamazoo, MI 49002
269.226.8822
mbogren@plunkettcooney.com

---

## DEFENDANT CHRIS MCINTIRE'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Bill Schuette
Attorney General

Rock Wood (P41181)
Sarah R. Robbins (P81944)
Assistant Attorneys General
Attorneys for Defendants McIntire
P. O. Box 30736
Lansing, Michigan 48909

Dated: April 13, 2018

1

## TABLE OF CONTENTS

Index of Authorities ................................................................................................. i

Concise Statement of Issues Presented ...................................................... iv

Statement of Facts ......................................................................................... 1

Argument ........................................................................................................ 3

I.     Plaintiff's complaint fails to state a claim upon which relief may be
       granted. .................................................................................................. 3

       A.     Plaintiff fails to state specific acts that would incur liability. .............. 4

       B.     Plaintiff's Counts 1-4 fail to state a conspiracy claim and should
              be dismissed. ............................................................................... 6

       C.     Plaintiff's state-law claims fail to state a claim for which relief
              can be granted and should be dismissed. ..................................... 7

              1.     Plaintiff fails to state a conspiracy to abuse the process
                     and a conspiracy to commit malicious prosecution claims
                     (Counts 5 and 6). ................................................................. 7

              2.     Plaintiff fails to state a state law claim of intentional
                     infliction of emotional distress & negligent infliction of
                     emotional distress (Count 7). .............................................. 9

II.    The Court lacks jurisdiction over Plaintiff's claims, as the claims are
       time-barred by the applicable statutes of limitations. ................................... 10

III.   Plaintiff's claims are barred by immunity. ...................................................... 12

       A.     Federal qualified immunity .................................................................. 13

       B.     State-law immunity ............................................................................. 16

              1.     Governmental Tort Liability Act .............................................. 16

              2.     Odom immunity analysis ......................................................... 17

              3.     Plaintiff's negligence claims fail as a matter of law ................... 19

Conclusion and Relief Requested ................................................................. 20

# INDEX OF AUTHORITIES

## Cases

*Achcroft v. Iqbal,*
    556 U.S. 662, 677 (2009) ...................................................................... 20

*Admiral Ins. Co. v Columbia Casualty Ins. Co.,*
    486 N.W.2d 351, 358 (Mich. Ct. App. 1992) ........................................ 13

Amini v. Oberlin Coll.,
    259 F.3d 493, 502 (6th Cir. 2001) ........................................................ 10

*Anderson v. Creighton,*
    483 U.S. 635, 638 (1987) ................................................................ 19, 20

Atlantic Corporation v. Twombly,
    550 U.S. 544, 555-56, 570 (2007) .......................................................... 9

*Ball v. Union Carbine Corp.,*
    385 F.3d 713, 721-22 (6th Cir. 2004) ................................................... 17

Bassett v. NCAA,
    528 F.3d 426, 430 (6th Cir. 2008) ........................................................ 10

*Bd. of Regents, Univ. of New York v. Tomanio,*
    446 U.S. 478, 484 (1980) ...................................................................... 16

*Cruz v Don Pancho Market LLC.,*
    171 F. Supp. 3d 657 (W.D. Mich. 2016) ............................................... 14

*Duran v The Detroit News,*
    504 N.W.2d 715 (Mich. Ct. App. 1993) ................................................ 15

*Early Detection Center, PC v New York Life Ins. Co.,*
    403 N.W.2d 830, 836 (Mich. Ct. App. 1986) ........................................ 14

*Eugene D. v. Karman,*
    889 F.2d 701, 706 (6th Cir. 1989) ........................................................ 20

*Fieger v. Gonzales,*
    2007 U.S. Dist. LEXIS 59636, 2007 WL 2351006, *26-27 (E.D. Mich. 2007) ........ 21

*Fritz v. Charter Twp. of Comstock,*
    592 F.3d 718, 722 (6th Cir. 2010) ........................................................ 11

*Garcia v Thorne,*
   520 Fed. Appx. 304 (6th Cir. 2013) ........................................................................ 14

*Gillespie v. City of Battle Creek,*
   100 F. Supp. 3d 623 (W.D. Mich. 2015) ................................................................ 25

*Hamilton v. City of Romulus,*
   409 Fed. Appx. 826, 835-36 (6th Cir. 2010) ......................................................... 12

*Hardwin v. Straub,*
   490 U.S. 536, 539 (1989) ................................................................................. 16, 17

*Harlow v. Fitzgerald,*
   457 U.S. 800, 818 (1982) ........................................................................................ 19

*Hays v. Jefferson Cnty., Ky.,*
   668 F.2d 869, 873 (6th Cir. 1982) .......................................................................... 11

*Hooks v. Hooks,*
   771 F.2d 935, 943-44 (6th Cir. 1985) .................................................................... 12

*Hughes v. Vanderbilt Univ.,*
   215 F.3d 543, 547 (6th Cir. 2000) ...................................................................... 1, 17

*Latits v. Phillips,*
   826 N.W.2d 190, 194 (2012) .................................................................................. 24

*Ledsinger v Burmeister,*
   318 N.W.2d 558, 561 (Mich. Ct. App. 1982) ........................................................ 15

*Mack v. City of Detroit,*
   649 N.W.2d 47 (Mich. 2002) .................................................................................. 23

*Occupy Nashville v. Haslam,*
   769 F.3d 434, 442 (6th Cir. 2014) .......................................................................... 19

*Odom v. Wayne Cnty.,*
   760 N.W.2d 217, 224-25 (2008) ............................................................................ 23

*Parratt v. Taylor,*
   451 U.S. 527, 535 (1981) ........................................................................................ 10

*Peek v. Mitchell,*
   419 F.2d 575, 577 (6th Cir. 1970) .......................................................................... 21

*Phifer v. City of Grand Rapids,*
   657 F. Supp. 2d 867, 873 (W.D. Mich 2009) ........................................................ 17

*Poe v. Haydon,*
    853 F.2d 418, 423 (6th Cir. 1988.).............................................................. 19

*Roberson v. Tennessee,*
    399 F.3d 792, 794 (6th Cir. 2005) ............................................................. 17

*Roberts v Auto-Owners,*
    374 N.W.2d 905, 908-09 (Mich. 1985) .................................................. 8, 15

*Robinson v Detroit,*
    613 N.W.2d 307, 317 (Mich. 2000)........................................................... 25

*Saucier v. Katz,*
    533 U.S. 194, 201 (2001) ......................................................................... 20

*Sevier v. Turner,*
    742 F.2d 262, 272 (6th Cir. 1984) ............................................................ 17

*Spadafore v. Gardner,*
    330 F.3d 849, 854 (6th Cir. 2003) ...................................................... 12, 13

*Stanton v. Sims,*
    134 S. Ct. 3, 5 (2013) ............................................................................... 19

*Terlecki v. Stewart,*
    754 N.W. 2d 899, 906 (Mich. Ct. App. 2008) .......................................... 18

*Trzebuckowski v. City of Cleveland,*
    319 F.3d 853, 856 (6th Cir. 2003) ............................................................ 17

*Walsh v. Taylor,*
    689 N.W.2d 506, 512 (Mich. App. 2004)................................................... 24

*West v. Atkins,*
    487 U.S. 42, 48 (1988) ............................................................................. 10

*Wilson v. Layne,*
    526 U.S. 603, 614 (1999) ......................................................................... 19

## Rules

Mich. Comp. Laws § 691.1407 (1) .................................................................. 21

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.    Should Plaintiff's claims be dismissed for failure to properly plead and
      state a claim?

2.    Are Plaintiff's claims time-barred by the applicable statute of
      limitations?

3.    Are Plaintiff's claims barred by immunity?

## STATEMENT OF FACTS

This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff generally alleges that all Defendants violated Plaintiff's rights over several years during various encounters with members of the Norton Shores Police Department and city officials regarding the Plaintiff's protracted contested child custody dispute with his ex-wife.  Plaintiff's only contact with Defendant Lieutenant McIntire regarding the underlying facts of this litigation occurred in late 2015, at which time Plaintiff requested that an investigation be conducted of some of the other defendants in this matter, but Lt/ McIntire did not find a basis to proceed, or find that any crime had occurred.

As alleged in Plaintiff's complaint, beginning in 2013, Plaintiff began having contact with the Norton Shores Police Department regarding Plaintiff's on-going child custody battle.  At some point, a personal protection order (PPO) against the Plaintiff was issued and litigated in late 2013 and 2014.  In August 2014, Plaintiff was awarded sole physical custody of his children.  In July 2015, Plaintiff filed an "Official Complaint" with the Norton Shores Police Department.  (EFC No. 1-1, Exhibit A).  Plaintiff then met with Chief Gale, the Chief of the Norton Shores Police Department, to discuss the written complaint.  (EFC No. 1, Compl., ¶53, P.ID.13).

After Plaintiff's July 2015 meeting with Chief Gale, Plaintiff telephonically

spoke with Defendant Lieutenant McIntire[1] about the Plaintiff's concerns with the Norton Shores Police Department and Norton Shores City officials. (Def. Aff. ¶5)[2]. In September 2015, Defendant Lieutenant McIntire informed Plaintiff via email that based on Defendant Lieutenant McIntire's conversations with the Norton Shores City Manager and Assistant Prosecuting Attorney Roberts for Muskegon County, no known violation of law pertaining to LEIN information disclosure had occurred and there was no need for MSP to create a report as the Muskegon County Prosecutor's office did not require a report. (Def. Aff. ¶6).

On November 17, 2015, Plaintiff asked Defendant Lieutenant McIntire via email if the MSP officer was present at a court proceeding and if the MSP officer had been subpoenaed to appear. (Def. Aff. ¶8). Defendant Lieutenant McIntire responded to Plaintiff's email informing the Plaintiff that the MSP officer had been present at the Muskegon County Courthouse on Monday, November 9, 2015, subject to a subpoena. (Def. Aff. ¶8). Defendant Lieutenant McIntire was subpoenaed by the attorneys representing Ms. Meyers. (Def. Aff. ¶8). Defendant Lieutenant McIntire did not testify at the proceeding but was present in compliance with the

---

[1] During all relevant years, 2013 through the present, Defendant Lieutenant McIntire has been a First Lieutenant with the Michigan State Police (MSP) and the Sixth District's Rockford Post Commander, based in Rockford Michigan.

[2] Defendant's affidavit of facts is provided consistent with LCR 7.1(b) as the Plaintiff's statement of facts in the Complaint was not complete and only alluded to the involvement of Defendant Lieutenant McIntire. The clarifying facts presented in the affidavit should not convert the Fed. R. Civ. P. 12(b)(6), failure to state a claim argument, portion of the motion into a motion for summary judgement, as this case can be dismissed wholly based on the pleadings, and the affidavit supports the other bases for dismissal. The affidavit of Lt. McIntire is attached as Exhibit 1.

subpoena. (Def. Aff. ¶8).

Until Defendant Lieutenant McIntire was served with the present complaint and Plaintiff emailed the MSP officer to confirm service in February 2018, there had been no contact between the Defendant Lieutenant McIntire and Plaintiff since the emails in November 2015. (Def. Aff. ¶9).

## ARGUMENT

Plaintiff's claims are vague, generalized allegations about the alleged conduct of the behavior of all the Defendants. Nowhere in the complaint are specific actions by Defendant Lieutenant McIntire alleged to have violated the rights of the Plaintiff. All of Plaintiff's counts are general allegations of conspiracy of all Defendants. Plaintiff's complaint fails to plead sufficient facts to raise a reasonable expectation that discovery will reveal evidence of unlawful activity by Defendant Lieutenant McIntire. For these reasons and the others discussed below, all claims against Defendant Lieutenant McIntire should be dismissed with prejudice.

## I.    Plaintiff's complaint fails to state a claim upon which relief may be granted.

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6) allows the Court to make an assessment as to whether a Plaintiff's pleadings have stated a claim upon which relief can be granted. During such an analysis, a court is required to construe the complaint in favor of the plaintiff and determine whether the plaintiff's factual allegations present claims plausible on their face. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570 (2007). In determining

whether a plaintiff has set forth a "claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570), courts must accept the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556.  This presumption, however, does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 678.

A 12(b)(6) inquiry is context-specific and a Court must determine if the well-pleaded facts "infer more than a mere possibility of [a legal transgression]."  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). When making its determination, the court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### A.      Plaintiff fails to state specific acts that would incur liability.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  Here, Plaintiff has failed to state a claim which may be pursued under 42 U.S.C. § 1983.

Plaintiff's alleged § 1983 Counts (Counts 1-4) offer conclusory statements rather than concrete factual assertions as to what any individual Defendant did. Plaintiff only provides conclusory allegations regarding conspiracy, retaliation, malicious prosecution, and abuse of process (ECF No. 1, Compl., ¶¶ 109-133, P.ID.24-27), which fail to identify any activity by Defendant Lieutenant McIntire. At most Plaintiff's counts assert a vague conspiracy to violate Plaintiff's civil rights by all Defendants.  All the Defendants are left to guess, or try to discover from Plaintiff's intermingled general allegations, what each of them allegedly did wrong. Such assertions are legally insufficient to state a § 1983 claim.

To sustain a claim under § 1983, Plaintiff must prove that a) he was deprived of a right secured by federal law, b) by a person acting under color of law, *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  Such claims must include an actual act by each Defendant.  Conclusory allegations are insufficient to state a claim, as is group pleading.  *Iqbal*, 556 U.S. at 677.  Additionally, personal liability under §1983 requires an allegation that "a defendant has a culpable state of mind—that the action or failure to act was to some degree deliberate rather than inadvertent." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 873 (6th Cir. 1982).  None of Plaintiff's 1983 Counts ever mention Defendant Lieutenant McIntire.  Rather, the counts consist of generic, group allegations, which are not sufficient to state a claim against or impose liability on Defendant Lieutenant McIntire.

**B.      Plaintiff's Counts 1-4 fail to state a conspiracy claim and should be dismissed.**

All of Plaintiff's §1983 counts are some version of an alleged conspiracy by all

the Defendants.  However, all four of these counts fail to state a claim.

The Sixth Circuit has defined a 1983 civil conspiracy as follows:

> A civil conspiracy is an agreement between two or more persons
> to injure another by unlawful action. Express agreement among
> all the conspirators is not necessary to find the existence of a civil
> conspiracy. Each conspirator need not have known all of the
> details of the illegal plan or all of the participants involved. All
> that must be shown is that there was a single plan, that the
> alleged coconspirator shared in the general conspiratorial
> objective, and that an overt act was committed in furtherance of
> the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985).

Conspiracy claims must be pled with a degree of specificity.  *Hamilton v. City*

*of Romulus*, 409 Fed. Appx. 826, 835-36 (6th Cir. 2010) (citing *Spadafore v.*

*Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)).  Vague and conclusory allegations

unsupported by material facts are insufficient, although circumstantial evidence of

an agreement among all conspirators may provide adequate proof.  *Id*.

Nevertheless, here there is no reading of the facts as alleged that can show any

actions by Defendant Lieutenant McIntire that would indicate evidence of a single

conspiratorial agreement with any of the other Defendants.

Plaintiff alleges all the Defendants conspired to deprive him of his civil

rights.  However, he has failed to provide specific facts of a single conspiracy, failed

to make any specific allegations, and failed to show a connection between any overt

actions of the Defendants and an injury to the Plaintiff.  Furthermore, even if his

allegations are true, there are no facts in the record from which it could be inferred that Defendant Lieutenant McIntire acted in concert with the other Defendants to injure the Plaintiff. *See Spadafore*, 330 F.3d at 854 (holding that an arrestee could not establish § 1983 civil conspiracy claim absent evidence that defendants acted in concert to violate arrestee's constitutional rights). Plaintiff's vague and conclusory allegations of a conspiracy are insufficient to state a claim for relief and may not be used as a basis for liability against Defendant Lieutenant McIntire. Therefore, all of Plaintiff's §1983 claims against Defendant Lieutenant McIntire fail and should be dismissed.

### C.     Plaintiff's state-law claims fail to state a claim for which relief can be granted and should be dismissed.

Like Counts 1 through 4, Counts 5 through 7 fail to state claims for which relief can be granted and should be dismissed against Defendant Lieutenant McIntire. Plaintiff alleges three state-law claims, two of which are conspiracy-based claims.

### 1.     Plaintiff fails to state a conspiracy to abuse the process and a conspiracy to commit malicious prosecution claims (Counts 5 and 6).

"A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins. Co. v Columbia Casualty Ins. Co.,* 486 N.W.2d 351, 358 (Mich. Ct. App. 1992). In Counts 5 and 6 of the complaint, Plaintiff alleges that all the Defendants conspired to abuse the

process and to maliciously prosecute the Plaintiff. However, "a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort." *Early Detection Center, PC v New York Life Ins. Co.,* 403 N.W.2d 830, 836 (Mich. Ct. App. 1986). Here, Plaintiff's conspiracy claims fail for several reasons, including: (1) Counts 5 and 6 consists entirely of conclusory allegations, and (2) there is no specific actions by the Defendants pled. (Compl. ¶¶ 134-35, P.ID.28). Such assertions are insufficient to state a claim, as conclusory allegations are insufficient to state a claim, as is group pleading. *Iqbal*, 556 U.S. at 677. Furthermore, simply filing criminal proceedings is insufficient to state a claim[3]. See *Garcia v Thorne,* 520 Fed. Appx. 304, 307 (6th Cir. 2013) (initiating criminal proceedings is not abuse of process, and the Court questioned whether such a claim is even cognizable in a section 1983 case); *Cruz v Don Pancho Market LLC.,* 171 F. Supp. 3d 657 (W.D. Mich. 2016). Also see *Bickerstaff v Lucarelli,* 830 F.3d 388, 400 (6th Cir. 2016) (an abuse of process claim will not survive a motion to dismiss when it is supported only by conclusory allegations regarding defendants' ulterior motives).

In total, Plaintiff fails to plead a conspiracy claim because he wholly fails to show an underlying tort occurred because he failed to specify Defendants' actions as it pertains to Count 5 and 6. At no time was Defendant Lieutenant McIntire

---

[3] For the limited purpose of this argument, it is presumed that Plaintiff had criminal charges filed against him, as Plaintiff does not specifically allege such action by any of the Defendants, nor does Plaintiff specify which acts by any Defendant allegedly was an abuse of the processes of the court.

involved in any legal process against the Plaintiff.[4]  Therefore, no allegations of conspiracy to abuse the legal process or maliciously prosecute the Plaintiff can survive against Defendant Lieutenant McIntire.  These counts should be dismissed.

> **2.      Plaintiff fails to state a state law claim of intentional infliction of emotional distress & negligent infliction of emotional distress (Count 7).**

To survive a motion to dismiss, a claim for IIED must allege: (1) extreme and outrageous conduct by the defendant; (2) intent or recklessness; (3) causation; and (4) severe emotional distress of the plaintiff.  *Roberts v Auto-Owners*, 374 N.W.2d 905, 908-09 (Mich. 1985), holding that liability can be found only where the conduct has been so outrageous in character, and so extreme in degree, to go beyond all bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community.  The defendant's intent must go beyond simple malice. *Ledsinger v Burmeister*, 318 N.W.2d 558, 561 (Mich. Ct. App. 1982); *Duran v The Detroit News*, 504 N.W.2d 715 (Mich. Ct. App. 1993) (holding that whether alleged conduct rises to the level of IIED is a question of law for the court and dismissing the IIED claim).

Here, Count 7 fails to set forth a single fact as to Defendant Lieutenant McIntire, or even refer to him by name. Nowhere in the complaint does Plaintiff

---

[4] Defendant Lieutenant McIntire was present in November 2015 at a court hearing involving the Plaintiff.  However, the appearance of Defendant Lieutenant McIntire was because he was subpoenaed to appear.  Therefore, Defendant Lieutenant McIntire was not there on his own volition but rather in accordance with a legal demand to be present.  (Aff. Def. ¶8).

allege specific acts of Defendant Lieutenant McIntire, which could be construed as "extreme and outrageous." The sole generalized allegation that pertains to Defendant Lieutenant McIntire is that it is alleged he "demonstrated gross negligence in violation of their statutory or official duties." (Compl. ¶ 138, P.ID.28). Plaintiff wholly fails to allege how Defendant Lieutenant McIntire failed in his Michigan State Police duties. Consequently, the Complaint completely fails to allege the legally required elements to state a claim of IIED or negligent infliction. As such, this Count fails to state a claim and should be dismissed. This Count is also barred on the basis of immunity, as set forth herein.

## II. The Court lacks jurisdiction over Plaintiff's claims, as the claims are time-barred by the applicable statutes of limitations.

Alternatively, if this Court determines that Plaintiff's claims against Defendant Lieutenant McIntire sufficiently state a federal claim, then the applicable statute of limitations will bar portions, if not all, of Plaintiff's claims. Presently, Plaintiff seeks to allege federal civil rights claims and various state law claims. However, there is no federal statute of limitation for a section 1983 claim. So the "[l]limitations period in § 1983 suits are to be determined by reference to the appropriate "state statute of limitations and the coordinate tolling rules."' *Hardwin v. Straub*, 490 U.S. 536, 539 (1989) (quoting *Bd. of Regents, Univ. of New York v. Tomanio*, 446 U.S. 478, 484 (1980)). It is well-established that Michigan's three-year period of limitation for personal injuries applies to claims under sections 1983 and 1985. *Phifer v. City of Grand Rapids*, 657 F. Supp. 2d 867, 873 (W.D. Mich

2009) (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005)); see Mich. Comp. Laws § 600.5805(10).

Additionally, federal law determines when the statute of limitations begins to run. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A claim accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *Roberson*, 399 F.3d at 794; *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003). "'A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.'" *Ball v. Union Carbine Corp.*, 385 F.3d 713, 721-22 (6th Cir. 2004) (quoting *Sevier*, 742 F.2d at 273). "Courts have taken a common-sense approach to this task, inquiring as "to what event should have alerted the typical lay person to protect his or her rights.'" *Roberson*, 399 F.3d at 794 (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)).

Moreover, malicious prosecutions claims are subject to a two-year period of limitation. Mich. Comp. Laws § 600.5805(5). Thus, for Plaintiff's 1983 claims that are based on malicious prosecution claims,[5] the applicable statute of limitations is two years. *Hardwin*, 490 U.S. at 539. Per the Plaintiff's assertion of facts, the alleged malicious prosecution ended when "Judge Pittman dismissed all charges

---

[5] For the limited purpose of this argument, it is presumed that at some point from 2013-2015, Plaintiff faced charges that would have threatened his liberty and that those charges were terminated in his favor as he referenced in his complaint. However, Defendant Lieutenant McIntire is not admitting that such circumstances existed as he is without sufficient knowledge or information to assert whether Plaintiff ever faced such a prosecution.

with prejudice" and the "charges were finally dismissed in plaintiff's favor on 2/4/16." (ECF No. 1, Compl., ¶¶104 & 124, P.ID. 23 & 26). The alleged conspiracy to maliciously prosecute the Plaintiff had to have occurred before the ending indicated in ¶¶104 & 124. Thus, any claims for the alleged conspiracy would be time barred as "the conspiracy claim takes on the limitations period for the underlying wrong that was the object of the conspiracy." *Terlecki v. Stewart*, 754 N.W. 2d 899, 906 (Mich. Ct. App. 2008). Any alleged conspiracy to commit malicious prosecution that occurred before February 4, 2016 is barred by Michigan's statute of limitations. Therefore, Count 3 and Count 1 are time barred and should be dismissed against Defendant Lieutenant McIntire.

The remaining 1983 claims of the Plaintiff, Counts 2 and 4, may be time barred if actions are alleged to have occurred prior to three years of the complaint's filing date of February 5, 2018. Thus, any conspiracy to commit malicious prosecution is time barred as it occurred prior to February 4, 2016 and any remaining 1983 claims are time barred if they occurred prior to February 5, 2015. Thus, at a minimum Counts 1 and 3 should be dismissed as to Defendant Lieutenant McIntire as they are time barred, and this Court does not have jurisdiction over any conspiracy to commit malicious prosecution.

## III. Plaintiff's claims are barred by immunity.

If the Court still finds there are remaining well-pled claims against Defendant Lieutenant McIntire, then this Court should dismiss all Plaintiff's claims as Defendant Lieutenant McIntire is entitled to immunity.

12

### A.    Federal qualified immunity

Government officials performing discretionary functions generally are shielded from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The defense of qualified immunity generally provides government officials with immunity, shielding them from civil suits and the assessment of civil damages. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Qualified immunity gives officials room for reasonable mistakes in judgment, but is forfeited "when an official's conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Occupy Nashville v. Haslam*, 769 F.3d 434, 442 (6th Cir. 2014) (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)); *Harlow*, 457 U.S. at 818. Thus, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013).

Qualified immunity gives governmental officials some assurance that "they can perform their duties without fear of monetary liability or the diversions inherent in litigation." *Poe v. Haydon*, 853 F.2d 418, 423 (6th Cir. 1988.) Consequently, a defendant may raise the defense of qualified immunity in a motion to dismiss where the plaintiff has either failed to allege facts that a reasonable official would have understood he or she was violating a clearly established constitutional right or where such facts are undisputed. *Poe*, 853 F.2d at 425. As such, it is not sufficient that a plaintiff cite a generalized right; the alleged violated right "must have been articulated with a sufficient degree of particularity," *Eugene*

13

*D. v. Karman*, 889 F.2d 701, 706 (6th Cir. 1989), and the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

To determine if qualified immunity attaches to an official's conduct, the court must employ the two-step analysis set forth in *Saucier v. Katz,* 533 U.S. 194, 201 (2001). First, the court must determine whether, based on the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred. If no constitutional right would have been violated, were the allegations established, "there is no necessity for further inquiries concerning qualified immunity." *Id.* at 201. If, however, a violation could be made out, the court must then move to step two and determine whether the right was clearly established at the time of the official's conduct. *Id.* This latter inquiry must be made in light of the specific context of the case, not as a broad general proposition. *Id.*

The obligation is on the Plaintiff to plead sufficient facts to establish each claimed violation. This requires individual facts establishing liability on the part of each Defendant, as each government official is only liable for his misconduct. *Achcroft v. Iqbal,* 556 U.S. 662, 677 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. *Id.* at 678. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. Determining whether a complaint meets this

pleading standard "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Here, Plaintiff's complaint fails in all respects. As to Defendant Lieutenant McIntire, the complaint fails to identify any constitutional violations due to the actions of Defendant Lieutenant McIntire. Therefore, the first step in the *Saucier* analysis is not met by Plaintiff. In fact, Defendant Lieutenant McIntire is only mentioned in four paragraphs in the 138 paragraphs of the twenty-nine-page complaint. Nowhere does Plaintiff allege Defendant Lieutenant McIntire committed specific acts legal or otherwise.[6] The sole allegation from Plaintiff about Defendant Lieutenant McIntire is that "it appears that defendant McIntire acted in violation of MSP policy," (ECF No. 1, Compl., ¶ 13, P.ID.4). However, courts routinely recognize that whether and when a prosecution and investigation is to be instituted is within the discretion of the authorized government officials. *Fieger v. Gonzales,* 2007 U.S. Dist. LEXIS 59636, 2007 WL 2351006, *26-27 (E.D. Mich. 2007), citing *Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970). Accordingly, Plaintiff does not allege any of his constitutional rights were violated by Defendant Lieutenant McIntire. Therefore, having failed to identify constitutional violations from the personal acts of Defendant Lieutenant McIntire, it cannot be found that any "clearly established" right of the Plaintiff was violated by Defendant Lieutenant McIntire.

---

[6] Plaintiff specifically mentions Defendant Lieutenant McIntire only in paragraphs 13, 56, 97, and 101. (ECF No. 1, Compl.).

The other claims are plead in the same generalized conclusory way. Plaintiff's Counts 1-4 allege violations of 42 U.S.C. §1983 and Counts 5-7 allege violations of state law, but again do not allege specific acts by Defendant Lieutenant McIntire. (ECF No. 1, Compl., ¶¶ 109-138, P.ID.24-28).  Rather the counts contain generalized statements such as "the actions of all defendants…" (¶110), "[a]ll defendant's (sic) participated…" (¶118), "[a]ll defendants conspired…" (¶¶121, 129). All of Plaintiff's Counts are conclusory and without substance.  Plaintiff fails to identify the conduct of any individual defendant in any of the counts and never alleges any individual conduct of Defendant Lieutenant McIntire.  These general facts, even when viewed in the light most favorable to the Plaintiff, do not show that a constitutional violation has occurred.  Plaintiff does not specify any violation of the federal laws by Defendant Lieutenant McIntire.

Because Plaintiff's complaint does not meet the required pleadings standards and fails to identify the violation of any protected right by Defendant Lieutenant McIntire, qualified immunity bars Plaintiff's claims and all federal claims should be dismissed.

### B. State-law immunity

#### 1. Governmental Tort Liability Act

Plaintiff's complaint raises state-law claims of abuse of process (Count 5), malicious prosecution (Count 6), and negligent infliction of emotional distress (Count 7), which are all barred by the Governmental Tort Liability Act (GTLA), Mich. Comp. Laws § 691.1401 et. seq. or under common-law immunity.  While it is difficult to discern who and what acts allegedly wronged the Plaintiff based on the

16

allegations of state law violations in the complaint, to the extent he asserts such claims against the Defendant Lieutenant McIntire, the GTLA provides immunity from tort liability to a state actor when they engaged in the exercise or discharge of a governmental function except as otherwise provided by the statute.  Mich. Comp. Laws § 691.1407(1) and (2).

There are limited and narrowly drawn exceptions to the otherwise broad grant of immunity to state actors, but they are not applicable to this case.  See Mich. Comp. Laws §§§ 691.1402–1407, 1413.  "[U]nless one of the five statutory exceptions applies, a governmental agency is protected by immunity."  *Mack v. City of Detroit*, 649 N.W.2d 47, 55–56 (Mich. 2002).  It is "the responsibility of the party seeking to impose liability on a governmental agency to demonstrate that its case falls within one of the exceptions."  Id.  Plaintiff failed to plead a claim in avoidance of the GTLA's immunity grant, and his complaint against the Defendant Lieutenant McIntire should be dismissed.

### 2.   **Odom immunity analysis**

A state actor is immune from suit for an intentional tort when (1) acting during the course of employment or has a reasonable belief he is acting within the scope of his authority, (2) acting in good faith (or his acts were not undertaken with malice), and (3) performing discretionary, as opposed to ministerial acts.  *Odom v. Wayne Cnty.*, 760 N.W.2d 217, 224-25 (Mich. 2008) (internal citations omitted).

Applying the *Odom* analysis here, only the second prong could even arguably be at issue.  As to the first prong, Plaintiff's claim against the Defendant Lieutenant McIntire arises entirely from the alleged investigation or lack of investigation into

17

Plaintiff's official complaint of wrongdoing by various Norton Shores officials. As to the third prong, the Michigan Supreme Court defined ministerial acts to "constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice." *Id.* at 226. Discretionary acts such as conducting an investigation, analyzing information and reporting those facts and analysis require personal deliberation, decision and judgment. *Id.* As a result, Plaintiff's intentional tort claim (Count 7) is based on discretionary actions performed by Defendant Lieutenant McIntire.

The second prong requires the government actor to establish his good faith or an absence of malice. *Latits v. Phillips*, 826 N.W.2d 190, 194 (Mich. Ct. App. 2012). The Michigan Supreme Court described a lack of good faith as "malicious intent, capricious action or corrupt conduct" or "willful and corrupt misconduct. . . ." *Odom*, 482 Mich. at 474. As a result, the trial court obligation "to evaluate the specific conduct alleged to determine whether a valid exception exists" cannot be ignored. *Walsh v. Taylor*, 689 N.W.2d 506, 512 (Mich. App. 2004). The complaint alleges no facts from which to conclude that Defendant Lieutenant McIntire acted maliciously or capriciously. The absence of malice is demonstrated by the lack of substantive allegations with regard to the specific conduct of Defendant Lieutenant McIntire. Because there is no reasonable factual inference of bad faith to be drawn, Plaintiff cannot overcome the immunity afforded to Defendant Lieutenant McIntire and Count 7 should be dismissed.

### 3.    Plaintiff's negligence claims fail as a matter of law.

Negligent acts are accorded immunity when the government actor (1) is acting or reasonably believes he or she is acting within the scope of his or her authority, (2) the governmental agency is engaged in the exercise or discharge of a governmental function, and (3) the actor's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.  Mich. Comp. Laws § 691.1407(2).  Here the only negligence claim against Defendant Lieutenant McIntire is embedded in Count 7 "Intentional & Negligent Infliction of Emotional Distress."  However, such a negligence claim under Michigan law is limited to situations involving a plaintiff witnessing the negligent injury to an immediate family member and suffering severe mental distress with physical manifestations as a result.  *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 634 (W.D. Mich. 2015).  Those facts are not present here.  And this negligence claim is otherwise barred under §1707(2) because Plaintiff cannot establish that Defendant Lieutenant McIntire was "the" proximate cause of his alleged injuries.  The statute's reference to "*the* proximate cause" requires a showing that the government employee's *grossly* negligent conduct is "the one most immediate, efficient and direct cause of the injury or damage."  *Robinson v Detroit*, 613 N.W.2d 307, 317 (Mich. 2000).  That cannot be established on the facts alleged.  Thus, Plaintiff's claim is barred and should be dismissed.

19

## CONCLUSION AND RELIEF REQUESTED

Plaintiff's claims stem from a protracted contested child custody battle.  None of the violations of Plaintiff's rights involved Defendant Lieutenant McIntire. Based on the numerous legal bases set forth above, this Court should dismiss all claims against Defendant Lieutenant McIntire with prejudice and grant such other relief as this Honorable Court deems appropriate.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ Sarah R. Robbins*
Sarah R. Robbins (P81944)
Rock Wood (P411181)
Attorneys for Defendant McIntire
Michigan Department of Attorney
General
State Operations Division
P.O. Box 30754
Lansing, MI  48909
(517) 373-1162
RobbinsS@michigan.gov

Dated:  April 13, 2018