UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WILLIAM RUDD,
      Plaintiff,

v                                No. 1:18-cv-124

THE CITY OF NORTON SHORES,      HON. GORDON J. QUIST
MAYOR GARY NELUND, individually
and in his official capacity,          MAG. RAY KENT
POLICE CHIEF DANIEL SHAW,
individually and in his official capacity,
SERGEANT MATTHEW RHYNDRESS,
individually and in his official capacity,
OFFICER MICHAEL WASSILEWSKI,
individually and in his official capacity,
MARK MEYERS, individually and as city
manager,
____

F/LT. CHRIS MCINTIRE, Michigan State
Police only in his individual capacity;
____

ATTORNEY DOUGLAS HUGHES,
individually and acting on behalf of his law
firm,
WILLIAM HUGHES, PLLC, a Michigan
law firm,
____

ATTORNEY MELISSA MEYERS,
individually and acting on behalf of her
law firm,
ATTORNEY MICHELLE MCLEAN,
individually and acting on behalf of her
law firm,
ATTORNEY JOEL BAAR, individually
and acting on behalf of his law firm,
BOLHOUSE, BAAR & HOFSTEE PC, a
Michigan law firm,
Defendants.

i

Daniel William Rudd
*Pro Se Plaintiff*
201 S. Lake Ave.
Spring Lake, MI 49456
231.557.2532
daniel@stock20.com

Melissa Meyers (P59559)
Tanis Schultz PLLC
Attorney for Defendant Melissa Meyers
85 Campau Ave NW Ste R305
Grand Rapids, MI 49503-2611
mmeyers@tanisshultz.com

Michelle M. McLean (P71393)
Bolhouse Baar & Lefere PC
Attorney for Defendants, Michelle
McLean, Joel Baar and Bolhouse, Baar
& Hofstee PC
Grandville State Bank Bldg.
3996 Chicago Dr. SW
Grandville, MI 49418
616.531.7711
michellem@bolhouselaw.com

Michael S. Bogren (P34835)
Plunkett Cooney
Attorney for Defendants City of Norton
Shores, Gary Nelund, Daniel Shaw,
Matthew Rhyndress, Michael
Wassilewski, Mark Meyers, Douglas
Hughes and William Hughes, PLLC
950 Trade Centre Way, Ste. 310
Kalamazoo, MI 49002
269.226.8822
mbogren@plunkettcooney.com

Sarah R. Robbins (P81944)
Michigan Dept. of Attorney General
Attorney for Defendant Chris McIntire
P.O. Box 30736
Lansing, MI 48909
517.373.1162
robbinss@michigan.gov

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT MCINTIRE'S MOTION TO DISMISS

Bill Schuette
Attorney General

Sarah R. Robbins (P81944)
Rock Wood (P41181)
Michigan Dept. of Attorney General
Attorneys for Defendant McIntire
P.O. Box 30736
Lansing, MI 48909
517.373.1162

Dated:  June 13, 2018

## TABLE OF CONTENTS

Page

Table of Contents................................................................................................iii

Index of Authorities...........................................................................................iv

Concise Statement of Issues Presented .......................................................vi

Controlling or Most Appropriate Authority................................................vi

Argument ............................................................................................................. 1

I.    Defendant McIntire is immune from Plaintiff's claims..................... 1

II.   Plaintiff's claims should be dismissed for failure to properly plead and state a claim. ................................................................................... 4

Conclusion and Relief Requested ................................................................. 9

# INDEX OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................... vi, 4, 5

*Bell Atlantic Corporation v. Twombly,*
   550 U.S. 544 (2007) ........................................................................... vi, 4, 5

*Christopher v. Harbury,*
   536 U.S. 403 (2002) ................................................................................... 7

*Cowan v. University of Louisville School of Medicine,*
   900 F.2d 936 (6th Cir. 1990) .................................................................... 2

*Eckford-El v. Toombs,*
   760 F. Supp. 1267 (W.D. Mich. 1991) ..................................................... 1

*Flagg v. City of Detroit,*
   715 F.3d 165 (6th Cir. 2013) .................................................................... 7

*Hafer v. Melo,*
   502 U.S. 21 (1991) ..................................................................................... 2

*KY v. Graham,*
   473 U.S. 159 (1985) ................................................................................... 2

*Lawson v. Bouck,*
   747 F. Supp. 376 (W.D. Mich. 1990) ............................................... vi, 1, 2

*Lewis v. Case,*
   518 U.S. 343 (1996) ................................................................................... 7

*Rice v. Ohio Dept. of Transportation,*
   887 F.2d 716 (6th Cir. 1989) .................................................................... 2

*Rice v. Ohio Dept. of Transportation,*
   497 U.S. 1001 (1990) ................................................................................. 2

*Will v. Mich. Dep't of State Police,*
   491 U.S. 58 (1989) ..................................................................................... 4

**Rules**

Fed. R. Civ. P. 8(a)(2)..................................................................................... 5

**Constitutional Provisions**

42 U.S.C.S. § 1983 ........................................................................................... 8

## CONCISE STATEMENT OF ISSUES PRESENTED

1.   Defendant McIntire is immune from all of Plaintiff's claims and should be dismissed from this litigation.

2.   Plaintiff's claims should be dismissed for failure to properly plead and state a claim.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

*Lawson v. Bouck*, 747 F. Supp. 376 (W.D. Mich. 1990).

## ARGUMENT

Defendant Lieutenant McIntire disagrees with the entirety of Plaintiff's brief (ECF No. 42) but will not address all points of contention.  Instead, Defendant Lieutenant McIntire relies on his previously filed Motion to Dismiss (ECF No. 23), the accompanying brief in support (ECF No. 24), and the following arguments.  This reply brief addresses the main reasons why Plaintiff's claims fail and the reasons which should form the basis of this Court's dismissal of all claims against Defendant Lieutenant McIntire.

## I.    Defendant McIntire is immune from Plaintiff's claims.

Plaintiff asserts that Defendant Lieutenant McIntire is not entitled to immunity because Plaintiff is suing this Defendant only in his personal capacity. (ECF No. 42, p. 15, III).  However, in the Sixth Circuit, suits that "challenge an action taken by an individual in his capacity as a state official constitute 'official capacity' suits." *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1269 (W.D. Mich. 1991); See also *Lawson v. Bouck*, 747 F. Supp. 376 (W.D. Mich. 1990).  In *Lawson*, the plaintiff sued three state officials in their personal capacities for confiscation of personal property.  *Id*. at 379.  This Court found that the acts done by these defendants occurred in their roles as state prison officials and that such suits are official-capacity actions, barred by the Eleventh Amendment.  "The capacity in which the individual defendants were in fact acting is what matters, not the capacity in which they were sued."  *Id*. at 379-380.

As in *Lawson*, here, Plaintiff seeks to hold Defendant Lieutenant McIntire responsible for alleged actions taken while Defendant Lieutenant McIntire was an officer with the Michigan State Police, a state trooper.  Even assuming all of Plaintiff's allegations about the actions of Defendant Lieutenant McIntire are true, Defendant Lieutenant McIntire is only involved because he is and was a state trooper.  Any investigation done by Defendant Lieutenant McIntire was based on his role as a state law enforcement officer.  Thus, controlling Sixth Circuit decisions require that this case be deemed an official-capacity claim.  See *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 942 (6th Cir. 1990) (quoting *Rice v. Ohio Dept. of Transportation*, 887 F.2d 716 (6th Cir. 1989), *vacated on other grounds*, 497 U.S. 1001 (1990) ("The record does not suggest in any way that the defendant's actions were somehow unofficial.  The capacity in which the individual defendants were in fact acting is what matters, not the capacity in which they were sued. . . ."))[1]

Importantly, Plaintiff's own framing of the allegations against the defendants show that the claims are official-capacity claims.  On page 17 of ECF No. 42, Plaintiff states "[t]he civil rights violations alleged by Plaintiff *stemmed from* the customs, practices and behaviors of the named defendants," (emphasis in the original) which is classic official capacity language.  See *KY v. Graham*, 473 U.S. 159, 166 (1985).  Here, as the customs, practices and behaviors are not specified,

---

[1] Contra *Hafer v. Melo*, 502 U.S. 21 (1991), which holds that state officials sued in their individual capacities are "persons" for the purposes of §1983, if alleged appropriately by a plaintiff.

one is left to assume Plaintiff is implying the policies or customs of the entities for which the defendants work played a part in the violation of federal law.  Therefore, the claims against Defendant Lieutenant McIntire are official-capacity and should be dismissed.

Furthermore, the last paragraph of page 6 of Plaintiff's Brief (ECF No. 42) supports the position that the alleged illegal actions of Defendant Lieutenant McIntire were based on alleged actions in his role as a state law enforcement officer. Plaintiff alleges "McIntire's position of authority allowed him to eliminate the paper trial.  In doing so, McIntire also eliminated the possibility that another officer would review his handling of the matter by 'signing off' on investigatory reports or findings."  Assuming these assertions are true, these assertions can only be true if Defendant Lieutenant McIntire was acting as a law enforcement officer.  Thus, regardless of how Plaintiff characterizes the capacity in which he is suing Defendant Lieutenant McIntire, this suit is an official-capacity suit because all actions alleged are tied to Defendant Lieutenant McIntire as a law enforcement officer with the State of Michigan.

As all of Plaintiff's claims against Defendant Lieutenant McIntire are based on alleged actions by Defendant Lieutenant McIntire in his capacity as an officer with the Michigan State Police, this court should determine that this suit against Defendant Lieutenant McIntire is an official-capacity action only, that Defendant

Lieutenant McIntire is entitled to immunity,[2] and that the claims against Defendant Lieutenant McIntire should be dismissed.  If this court does not grant absolute immunity to Defendant Lieutenant McIntire, then Defendant Lieutenant McIntire relies on the remainder of his immunity argument in his previously filed brief, (ECF No. 24), and requests all claims against him be dismissed.

## II.    Plaintiff's claims should be dismissed for failure to properly plead and state a claim.

Presently this court is required, for the purposes of determining the pending motion to dismiss only, to presume that the *factual* allegations in the complaint are true.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570 (2007).  However, this court does not have to accept the legal conclusions of the Plaintiff to be true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This distinction is crucial because the majority of what the Plaintiff asserts as "facts" are not factual assertions, but rather Plaintiff's legal conclusions.  For example, on page 1 of Plaintiff's brief (ECF No. 42), he asserts that "[i]n his representations to Plaintiff, McIntire was essentially *impersonating* a Michigan State Police officer instead of *acting* as one."  (Emphasis in original).  Such assertions are not factual in nature; instead, they are the legal conclusions of the Plaintiff.

The above assertion does not state what Defendant Lieutenant McIntire did but rather alleges the ultimate legal conclusion, which belongs to the trier of law

---

[2] A state trooper is absolutely immune from §1983 liability in his official capacity under the Eleventh Amendment to the United States Constitution.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

and not the Plaintiff.  Essentially, the Plaintiff is framing as a "fact" that Defendant Lieutenant McIntire was committing fraudulent behavior.  Such assertions do not have to be given the presumption of truthfulness under *Iqbal* and *Twombly,* as they are legal conclusions and not factual statements.  Continuously, Plaintiff frames his alleged legal conclusions as "facts" throughout the entirety of his brief.  In the Factual Background section on page 3, Plaintiff states as "facts" that "Gale colluded with McIntire to manipulate, deceive (and ultimately intimidate) Plaintiff. The objective was to obstruct and suppress Plaintiff's petitioning activity."  Again, such statements are legal conclusions that are to be determined by the trier of law and should not be accepted by this court as true.  As such, Plaintiff has still wholly failed to articulate a claim against Defendant Lieutenant McIntire.

Furthermore, Plaintiff requests that "[t]his court can plausibly infer that Defendant McIntire was an essential element for orchestrating the *sham investigation*" (emphasis in original).  This Court is not required to infer such a characterization.  Rather, *Iqbal* requires that the well-pleaded facts of the Plaintiff "infer more than a mere possibility of [a legal transgression]."  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted).  There is no reasonable inference that could be made from Plaintiff's Complaint that Defendant Lieutenant McIntire was essential to anything, much less an illegal conspiracy against the Plaintiff.

Regardless, Plaintiff asserts he has met the pleading standard as it pertains to Defendant Lieutenant McIntire.  Plaintiff continues to cite and focus on the

allegations from ¶56 of his Complaint, which only allege facts about Chief Gale's actions and the alleged intentions of Chief Gale. Yes, Defendant Lieutenant McIntire's name is contained in ¶56 but the Plaintiff's assertions of Defendant Lieutenant McIntire's intentions are not facts but rather Plaintiff's own legal conclusion of what Plaintiff believes occurred. There are no specific affirmative acts alleged in ¶56 by Defendant Lieutenant McIntire, to the contrary of what Plaintiff asserts on p. 5 of ECF No. 42. In total, Plaintiff's assertions of "facts" are legal conclusions which should be given no weight by this court. Thus, Plaintiff's Complaint still fails to state a claim against Defendant Lieutenant McIntire and all claims should be dismissed.

Lastly, Plaintiff's alleged deprivation of access to courts appears to a disguised belief that Plaintiff has the right to win. In paragraph 106 of the Complaint, Plaintiff alleges "[t]hroughout the course of these events, plaintiff had a constitutional right to petition the government for help, to insist upon equal protection under the law, to seek redress for grievances, and to challenge the customs and policies of the Norton Shores Police Department. Plaintiff had the right to persistently engage in these protected activities without fear of retaliation." Plaintiff admits he has petitioned the courts for assistance but was not successful at his request for declaratory relief. See page 8 of ECF No. 42. The constitutional right of access to the courts, whereby a plaintiff with a nonfrivolous legal claim has the right to bring that claim to a court of law, is not a right to win. To bring a successful access-to-courts claim, however, Plaintiff must show "actual injury" to

the pursuit of a nonfrivolous legal claim. *Lewis v. Case,* 518 U.S. 343, 349 and 353 (1996). Further, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416. Plaintiff has not pled any injury and its lost remedy sufficiently to provide notice as it applies to Defendant Lieutenant McIntire.[3]

Rather, by Plaintiff's own accounts of his petitioning activity and this litigation are proof that Plaintiff has accessed various courts both state and federal to air his grievances. However, Plaintiff appears to be asserting that any mounted legal defense to his allegations are conspiracies to violate his rights, which is not correct. (ECF No. 42, Sec. II). Such assertions do not meet the pleading standard of denial of access to courts[4] to imply liability against Defendant Lieutenant McIntire.

---

[3] In paragraph 112 of the Complaint, Plaintiff's allegations could be construed that his injury was a delay in resolution, but the matters were resolved and thus there is no inherent injury. There is no right to a speedy resolution in civil matters.

[4] Denial of access to the courts claims may be "forward-looking" or "backward-looking." In forward-looking claims, the plaintiff accuses the government of creating or maintaining some frustrating condition, that stands between the plaintiff and the courthouse door. *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013). The elements of a backward-looking denial of access claim: (1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which the plaintiff would have sought on the underlying

As Plaintiff has not alleged all of the elements of a backwards looking claim, all claims tied to Plaintiff's alleged denial of access to the courts should be dismissed.

Defendant Lieutenant McIntire continues to rely on his previous brief which further discusses Plaintiff's failure to specify actions of Defendant Lieutenant McIntire which would lead to liability.

---

claim and is now otherwise unattainable.  Plaintiffs must make out the denial-of-access elements against each defendant in conformance with the requirements of 42 U.S.C.S. § 1983.  *Id*. at 174.

## CONCLUSION AND RELIEF REQUESTED

For the reasons outlined in the previously filed Motion to Dismiss (ECF No. 23), the accompanying brief in support (ECF No. 24), and above this Court should dismiss all claims against Defendant Lieutenant McIntire with prejudice and grant such other relief as this Honorable Court deems appropriate.

Respectfully submitted,

Bill Schuette
Attorney General


/s/ Sarah R. Robbins
Sarah R. Robbins (P81944)
Attorney for Defendant McIntire
Michigan Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI  48909
(517) 373-1162
RobbinsS@michigan.gov

Dated:  June 13, 2018

AG# 2018-0212454-A