UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WILLIAM RUDD,

        Plaintiff,

v.

CITY OF NORTON SHORES, GARY NELUND, MARK MEYERS, DANIEL SHAW, MATTHEW RHYNDRESS, MICHAEL WASILEWSKI, JON GALE, CHRIS MCINTIRE, MELISSA MEYERS, MICHELLE MCLEAN, JOEL BAAR, DOUGLAS HUGHES, BOLHOUSE, BAAR, & HOFSTEE PC., WILLIAMS HUGHES PLLC.

        Defendants.

Case No.  1:18-cv-124

Honorable Gordon J. Quist
U.S. District Court Judge

---

Daniel William Rudd, Plaintiff, Pro Se
201 S. Lake Ave.
Spring Lake, MI 49456
(231) 557-2532, daniel@stock20.com

Sarah R Robbins (P81944)
Rock Wood (P41181)
Attorneys for Defendant Chris McIntire
MI. DEPT. OF ATTORNEY GENERAL
State Operations Division
P.O. Box 30736, Lansing, MI 48909
(517) 373-6434, Woodr5@michigan.gov,
RobbinsS@michigan.gov

Melissa L. Meyers, Defendant Pro Se
Tanis Schultz 85 Campau Ave NW
Suite R305
Grand Rapids, MI 49503
(616) 608-7149
mmeyers@tanisshultz.com

Michael S. Bogren (P34835)
PLUNKETT COONEY, P.C.
Attorneys for Defendants: Gary Nelund,
Daniel Shaw, Jon Gale, Matthew Rhyndress,
Michael Wassilewski, Mark Meyers,
City of Norton Shores, Douglas Hughes &
WILLIAMS HUGHES, PLLC
950 Trade Centre Way, Ste. 310
Kalamazoo, MI 49002, (269) 226-8822
mbogren@plunkettcooney.com

Michelle M. McLean (P71393)
BOLHOUSE, HOFSTEE & MCLEAN PC
Attorneys for Defendants: Richard Bolhouse,
Michelle McLean, Joel Baar, & BOLHOUSE,
BAAR & HOFSTEE, PC
Grandville State Bank Bldg.
3996 Chicago Dr. SW,
Grandville, MI 49418
(616) 531-7711
michellem@bolhouselaw.com

# PLAINTIFF'S MOTION SEEKING LEAVE FOR FURTHER BRIEFING RE: MCINTIRE'S NEW ARGUMENTS ON IMMUNITY AND DISMISSAL

1) For the reasons stated below in the supporting brief, Plaintiff seeks permission to file a responsive brief addressing newly raised arguments in Defendant McIntire's "REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT MCINTIRE'S MOTION TO DISMISS" ("Reply") (ECF No. 44).

2) Plaintiff sought concurrence on this matter without success.

> Daniel Rudd <daniel@stock20.com>
>
> **further briefing? Rudd v McIntire**
> 3 messages
>
> **Daniel Rudd** <daniel@stock20.com>   Wed, Jun 13, 2018 at 1:30 PM
> To: "Robbins, Sarah (AG)" <RobbinsS@michigan.gov>, "Wood, Rock A. (AG)" <WoodR5@michigan.gov>
>
> I'm planning to draft a response to today's filing.
> Based on 7.2(c), I'm thinking I would need to motion for the court's permission.
>
> > Local Rule 7.2(c) Briefing schedule - Any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials. The moving party may, within fourteen (14) days after service of the response, file a reply brief not exceeding ten (10) pages. The Court may permit or require further briefing.
>
> Would you stipulate to a 10-page response filed within 14 days? (I realized the Court is not bound by our stipulation).
>
> Thanks, Daniel Rudd
>
> **Robbins, Sarah (AG)** <RobbinsS@michigan.gov>   Wed, Jun 13, 2018 at 1:35 PM
> To: Daniel Rudd <daniel@stock20.com>, "Wood, Rock A. (AG)" <WoodR5@michigan.gov>
>
> Mr. Rudd,
>
> No, I will not stipulate to an additional response as such responses are not explicitly permitted by the court rules.
>
> Respectfully,
>
> Sarah R. Robbins
>
> Assistant Attorney General

1

**PLAINTIFF'S SUPPORTING BRIEF**

Defendant McIntire filed a motion and brief seeking dismissal of all claims against him on 4/13/18 (ECF Nos. 23-24). These filings raised an extensive number of issues and devoted several pages to arguments for "Federal qualified immunity" (PageID.205-208). After receiving several extensions, Plaintiff filed his response on 5/31/18 (ECF No. 42). Plaintiff asserts that at least two new arguments have been raised in McIntire's REPLY.

### I.   Absolute Immunity Under the Eleventh Amendment

Defendant McIntire's REPLY (ECF No.44), raises immunity arguments which were not addressed in the previous motion and brief. McIntire now claims that he is entitled to absolute immunity under the eleventh amendment because he was a state trooper acting in his official capacity. (PageID.297-300).

> As all of Plaintiff's claims against Defendant Lieutenant McIntire are based on alleged actions by Defendant Lieutenant McIntire in his capacity as an officer with the Michigan State Police, this court should determine that this suit against Defendant Lieutenant McIntire is an official-capacity action only, that Defendant Lieutenant McIntire is entitled to immunity [*Fn.2: "A state trooper is absolutely immune from §1983 liability in his official capacity under the Eleventh Amendment to the United States Constitution. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)"*], and that the claims against Defendant Lieutenant McIntire should be dismissed. (Def. REPLY, PageID.299-300)

McIntire does not explain why he did not raise eleventh amendment absolute immunity as a defense in his initial motion for dismissal under Rule 12(b). If the Court determines that Rule 12(g)(2) does not bar McIntire from asserting this defense for the first time in his reply brief, Plaintiff seeks the opportunity to address the merits of these arguments. Plaintiff will argue that:

2

(1) *Lawson*[1] is factually inapplicable to the present case because the actions of state official were properly documented and in full adherence to standard operating procedure;

(2) *Lawson* (1990) relies on a misreading of *Will v. Mich. Dep't of State Police* (1989) which was subsequently rejected by the U.S. Supreme Court in *Hafer v. Melo*, 502 U.S. 21 (1991);[2] *and*

(3) McIntire has obviously lifted portions of Plaintiff's pleadings to suggest that Plaintiff is actually bringing suit against McIntire in his official capacity (also demonstrating a failure to understand the ruling in *Hafer*). For example, McIntire's reply brief asserts:

> Importantly, Plaintiff's own framing of the allegations against the defendants show that the claims are official-capacity claims. On page 17 of ECF No. 42, Plaintiff states "[t]he civil rights violations alleged by Plaintiff stemmed from the customs, practices and behaviors of the named defendants," (emphasis in the original) which is classic official capacity language.

This passage speaks generally and should not be construed to override Plaintiff's explicit statements about the nature of claims against McIntire. "Classic Language" is not determinative, but as this statement pertains to McIntire it identifies "behaviors". In either case, *Hafer* clarified that the more pressing question is *who will be liable for the alleged misconduct*.[3]

---

[1] Def. Brief (PageID.297-298) relies on: *Lawson v. Bouck*, 747 F. Supp. 376 (W.D. Mich. 1990).
[2] Plaintiff appreciates that *Hafer v. Melo* is identified as *Contra* (Fn.1, PageId.299), but it would have been better to recognize that *Hafer* precludes the entire eleventh amendment immunity argument entirely—saving everyone some time.
[3] The Supreme Court rejected the same argument McIntire now asserts stating: "Of course, the claims considered in *Will* were official-capacity claims; the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury. To the extent that *Will* allows the construction Hafer suggests, however, we now eliminate that ambiguity" *Hafer* at 27.  Notably, citations to *Lawson* fall off sharply after *Hafer* eliminated this ambiguity in 1992.

## II.    Additional Challenges to the Sufficiency of Pleadings

Many of McIntire's original challenges are re-stated in this recent filing (and probably restated in the same or similar conclusory manner in many other motions for 12(b) dismissals of Section 1983 claims). McIntire has once again been extremely selective in choosing which portions of Plaintiff's filings should be discussed.  These portions are frequently taken out of context (as noted in the previous example).  McIntire has identified statements from Plaintiff's response which can rightly be identified as conclusory.  In these statements, Plaintiff is summarizing the general nature of the complaint which arises from the facts Plaintiff has plead.  However, McIntire wrongly suggests that these narrowly selected statements are broadly representative:

> …the majority of what the Plaintiff asserts as "facts" are not factual assertions, but rather Plaintiff's legal conclusions. For example, on page 1 of Plaintiff's brief (ECF No. 42), he asserts that "[i]n his representations to Plaintiff, McIntire was essentially impersonating a Michigan State Police officer instead of acting as one." (Emphasis in original).  …The above assertion does not state what Defendant Lieutenant McIntire did but rather alleges the ultimate legal conclusion, which belongs to the trier of law and not the Plaintiff. Essentially, the Plaintiff is framing as a "fact" that Defendant Lieutenant McIntire was committing fraudulent behavior.

(Def. reply BRIEF, PageId.300). Plaintiff would argue that his complaint and, and especially his brief do offer the underlying factual allegations describing what McIntire did.  If question remains, Plaintiff seeks the opportunity to address the challenges that McIntire has now raised.

Finally, McIntire's reply brief asserts a challenge to the sufficiency of Plaintiff's *denial of access* claims (PageID.302-303):

> Lastly, Plaintiff's alleged deprivation of access to courts appears to a disguised [sic] belief that Plaintiff has the right to win." (¶1, PageID.302)
>
> …
>
> Plaintiff appears to be asserting that any mounted legal defense to his allegations are conspiracies to violate his rights, which is not correct." (¶1, PageID.303)

This is certainly <u>not</u> what Plaintiff is asserting.  McIntire has misstated the ultimate outcome of state court proceedings and misconstrued Plaintiff's claims regarding obstructive tactics by the Defendants. *Denial of Access* is already a complex claim to litigate. Needless confusion will not be helpful. Plaintiff seeks the opportunity to eliminate any misunderstandings of this nature.

### III.   Conclusion and Relief Requested

Local Rule 7.2(c) provides that following a party's reply brief on a dispositive motion, the "Court may permit or require further briefing." W.D. Mich. LCivR 7.2(c). Plaintiff has *attempted* to provide a short summary of the issues and arguments to be covered. If this Court determines that further briefing may be beneficial for a determination on this matter, Plaintiff requests permission to file accordingly.

WHEREFORE, Plaintiff requests an order granting leave for further briefing on any or all of the issues identified herein.   Plaintiff requests fourteen days to complete and file a brief of 10 or less pages.

Respectfully submitted on 6/18/18

    /s/ Daniel William Rudd

Daniel William Rudd, Plaintiff (Pro Se)
201 S   Lake Ave.  Spring Lake, MI 49456
(231) 557-2532  daniel@stock20.com

5