UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WILLIAM RUDD,

        Plaintiff,

  v.

CITY OF NORTON SHORES, et al.,
.

        Defendants.

Case No.  1:18-cv-124

Honorable Gordon J. Quist
U.S. District Court Judge

---

Daniel William Rudd
Plaintiff, Pro Se
201 S. Lake Ave.
Spring Lake, MI 49456
(231) 557.2532, daniel@stock20.com

Robert A. Callahan (P47600)
rcallahan@plunkettcooney.com
Michael S. Bogren (P34835)
mbogren@plunkettcooney.com
Lisa A. Hall (P70200)
lhall@plunkettcooney.com
PLUNKETT COONEY, P.C.
950 Trade Centre Way, Ste. 310
Kalamazoo, MI 49002, (269) 226.8822
<u>Attorneys for Defendants:</u>
City of Norton Shores, Mayor Nelund,
Jon Gale, Daniel Shaw, Matthew Rhyndress,
Michael Wassilewski, Douglas Hughes
Mark Meyers & Williams Hughes PLLC

Michelle M. McLean (P71393)
michellem@bolhouselaw.com
Richard L. Bolhouse (P29357)
rickb@bolhouselaw.com
BOLHOUSE, HOFSTEE & MCLEAN PC
Grandville State Bank Bldg. 3996 Chicago Dr. SW,
Grandville, MI 49418   (616) 531-7711
<u>Attorneys for Defendants:</u>
Michelle McLean, Joel Baar,
& Bolhouse, Hofstee & McLean
(f/k/a Bolhouse Baar & Hofstee)

Steven Daniel Schultz (P63177)
sschultz@tanisschultz.com
TANIS SCHULTZ
85 Campau Ave NW, Suite R305
Grand Rapids, MI 49503 (616) 608-7149
<u>Attorney for Defendant:</u>
Melissa L. Meyers

---

# Plaintiff's Opposition To Stay of Discovery

Oral Arguments Requested

Filed by: Daniel Rudd, Plaintiff (Pro Se) on October 18, 2018

## Table Of Authorities

*Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987). .................................................................. 4

*Boddie v. PNC BANK, NA*, No. 2: 12-cv-158 (S.D. Ohio Sept. 17, 2012) ..................................... 4

*Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993) ....................................................... 7

*Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) .................................................... 5

*Dibbern v. University of Michigan*, No. 12-15632 (E.D. Mich. Apr. 1, 2015): ......................... 4, 5

*Nichols v. Baptist Mem'l Hosp* ................................................................................................... 1, 7

*S.K.Y. Mgmt. L.L.C. v. Greenshoe, Ltd.*, No 06-21722-CIV, 2007 WL 201258 ............................. 7

*Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) ........................................................... 5

*United States v. Guy*, 978 F.2d 934, 938 (6th Cir.1992) ................................................................. 5

## SUMMARY OF ARGUMENT:

**I.  (Page 2) The City failed to confer in good faith:**  The City relies upon Fed. R. Civ. P. 26(c) in seeking a protective order, but did not engage in a good-faith effort to "resolve the dispute without court action" as this rule explicitly requires.  Our Local Rules also require the same *and* a certificate "setting forth *in detail* the efforts of the moving party to comply with the obligation created by this rule."  Local Rule 7.1(d). (emphasis added). The City failed to comply with all of these requirements and the motion should be denied for that reason alone.

**II.  (Page 3) The Circumstances of the case do not call for a stay of discovery.** The City has inaccurately described the procedural posture of the case, the claims which remain pending and the City's recent dispositive motions.  The cases relied upon by the City are largely inapplicable as a justification for a stay of discovery under the specific circumstances of this case.

**III. (Page 5) The City's dispositive motion will not resolve all claims.** The City's motion for judgement on the pleadings only attacks the sufficiency of Plaintiff's pleadings *on conspiracy liability*.  The City has not challenged or even discussed Plaintiff's claims of direct First Amendment violations by the City.  This Court afforded careful consideration to the facial sufficiency of ALL Plaintiff's claims against ALL Defendants before issuing a thorough ruling on the previous Rule 12(b)(6) challenge. Where Plaintiff's factual allegations were deemed insufficient, this Court did not hesitate to dismiss a number of claims against the non-moving parties (including the City).  However, this Court allowed Plaintiff's First Amendment claims to proceed. The August 8, 2018 Opinion specifically identifies the factual allegations which support Plaintiff's First Amendment Claims against the City (ECF No. 50, pp.2-5). The City's Rule 12(c) motion avoids these claims altogether and does not identify any consideration which may have evaded this Court's thorough review.  Accordingly, there is no reason to believe that the First Amendment retaliation claims will be dismissed.

**IV. (Page 7) Plaintiff will be prejudiced by a stay of discovery.**  "Trial courts should not stay discovery …when the party seeking discovery will be prejudiced by the delay." *Nichols v. Baptist Mem'l Hosp.*, 2004 WL 2905406, *2 (W.D. Tenn. 2004).

1

I.   **The City's motion should be denied for failure to comply with the court rules.**

The Federal Rules of Civil Procedure starts by directing that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." In compliance with the timing requirements of Rule 26(d)(1), Plaintiff did not issue any discovery requests until several days after the parties had "conferred as required by Rule 26(f)." Prior to the *meet and confer,* and then again before sending the discovery request, Plaintiff attempted to confer in good faith regarding some minimal preliminary discovery and/or a joint plan for phased discovery. The City was not receptive to any of these discussions.

On 9/17/18, Plaintiff issued a modest discovery request to the City which primarily sought public records (most of which *should* be available through a typical FOIA request). Although these records are owned by the people of Michigan, Plaintiff still made several attempts to discuss what record disclosures the City might deem more proportional. The City <u>completely</u> refused to engage in these discussions at every point. (See Exhibit A).

The City filed the present motion noting that, "[I]n communications with Plaintiff prior to the filing of the parties' Joint Status Report, Plaintiff was advised by moving Defendants and co-Defendants of the desire to file motions to dismiss, and that discovery should be stayed until those motions are decided by this Court." This statement is a comprehensive description of the City's efforts to "confer" and to "resolve the dispute without court action." Plaintiff argues that the City has not satisfied the requirement for a Rule 26(c) motion to include a legitimate "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c).

Instead, the City has advised this Court that, "Plaintiff is attempting to take discovery in this lawsuit while motions to dismiss are pending before this Court," while failing to apprise this court

2

of Plaintiff's efforts to confer in good faith.  Our Local Rule 7.1 also requires a good faith effort at seeking concurrence before filing a motion.  If the relief is non-dispositive, the movant must file a certification "setting forth *in detail* the efforts of the moving party to comply with the obligation created by this rule." Local Rule 7.1(d).  The City has not done this.  The filed certification only states "Plaintiff opposes defendants' motion for protective order." (ECF No. 68.)  This is not really an accurate certification in light of what was actually communicated.

For the reasons stated below, the City has not established good cause for a protective order.  However, the City's failure to comply with the court rules independently warrant denial of the motion for a protective order.

## II. The circumstances of this case do not justify a stay of discovery at this time.

Plaintiff agrees that, in some circumstances, a stay of discovery is appropriate while a dispositive motion is pending—usually where a motion to dismiss has been submitted and there is a reasonable likelihood that all claims may be resolved.  In most cases, a Rule 12(b)(6) motion to dismiss[1] will challenge the facial sufficiency of the pleadings *at an early point in the litigation*.  None of these circumstances are present here.  The City's recent motion for judgement on the pleadings does not raise a single argument that could not have been asserted as a Rule 12(c)(6) motion to dismiss.  More importantly, the City has not identified any deficiency in the very thorough analysis which this Court already applied to the facial sufficiency of Plaintiff's pleadings (see the next section for a more thorough discussion of this issue).

The City has not offered anything to explain why Plaintiff's modest discovery request is improper, premature, overly burdensome or disproportional to the needs of the case.  The City offers nothing to suggest that they need protection from annoyance, embarrassment, or oppression.

---

[1] It should be noted that the City has not actually filed a "motion to dismiss."  There is some importance to that distinction as it applies to the specifics of this case, the timing of the City's Rule 12(c) motion, the Court's prior ruling, and the fact that the City insists on a "blanket stay."

3

Instead, the City asserts in conclusory fashion:

> Plaintiff is attempting to take discovery in this lawsuit while motions to dismiss are pending before this Court. Moving Defendants submit that pursuant to well-established case law, a stay of discovery is appropriate until such time as the motions to dismiss have been decided. (City's Brief for Protective Order, PageID.458)

However, the City has not presented any case law which suggests that a *blanket stay* of discovery is *automatically warranted* whenever a party files (or intends to file) a dispositive motion. There is a substantial body of case law which states otherwise. "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Boddie v. PNC BANK, NA*, No. 2: 12-cv-158 (S.D. Ohio Sept. 17, 2012). *Boddie* further states:

> [O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6) or other dispositive motion. As one court has observed,
>
>> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, Federal Practice § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.

*Boddie* Supra. The City is essentially arguing that since they advised Plaintiff that they did not want to engage in discovery—and stated this in the joint report (in bold type)—there is no need for a judicial exercise of discretion. (See PageID.460). This is addressed in *Dibbern v. University of Michigan*, No. 12-15632 (E.D. Mich. Apr. 1, 2015):

> The Sixth Circuit requires that, in order to show good cause, "a movant for a protective order must articulate specific facts showing `clearly defined and serious injury' resulting from the discovery sought." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001), citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

4

> The burden of establishing good cause rests with the movant. *Id.* The movant must specify which one of the harms listed in Rule 26(c)(1)(A) warrants a protective order. *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) ("[W]e have not abandoned the requirement that one of the harms listed in Rule 26(c)(1)(A) must be specified in order to warrant a protective order."). "[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994), quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir.1992).

*Dibbern* Supra. The City has offered some case law, but has not demonstrated why they are in circumstances which are similar to those cases (most of which would entail discovery that was actually burdensome or oppressive—such as in antitrust cases). The City's pending dispositive motion was not filed in the early stages of litigation. It does not address threshold issues. It does not raise immunity, standing, or jurisdictional issues. Most importantly, the City's Rule 12(c) motion does not address anything that wasn't already considered by the Court on the previous Rule 12(b)(6) ruling. The City has not come forward with any valid basis for a protective order of any kind. This Court cannot be expected to make the City's case.

### III.   The City's pending motion cannot resolve all claims.

The City makes much of the fact that Plaintiff's claims against F/Lt. McIntire were dismissed by this Court. However, the City fails to appreciate that this Court's August 8, 2018 Opinion (ECF No. 50) reflects a thorough analysis of the sufficiency of pleadings on all of Plaintiff's claims, as they pertained to all of the Defendants. This is clearly evident by the numerous claims which were dismissed against those Defendants who had not filed a Rule 12(b)(6) challenge. Presumably, Plaintiff's First Amendment claims against the remaining Defendants would also have been dismissed if Plaintiff's pleadings were insufficient to state a claim. The City has not expressed or identified some reason why the Court would reach a different conclusion in considering a challenge to the same set of factual allegations.

The City relies heavily on the fact that claims against F/Lt. McIntire were dismissed:

> As this Court stated in dismissing the claims against Lt. McIntire: "In short, Rudd alleges, at most, parallel conduct that could be consistent with an agreement but is insufficient to state a claim because it 'was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed ... behavior.' Iqbal, 556 U.S. at 680."

(City's Dispositive Brief, ECF No. 61 at PageID.440, quoting this Court's Opinion, ECF No. 50). The City then proceeds to insists that the same ruling should apply to them. However, the comparison fails for many reasons. While it may be true that Plaintiff (on his first attempt) did not adequately set forth factual allegations demonstrating that F/Lt. McIntire had awareness and willingly participated in constitutional violations, this was not found to be true of the City Defendants.

This Court allowed the First Amendment claims against the City to proceed. F/Lt. McIntire played a relatively minor role (and for only a brief period of time) in the events which led to this lawsuit. Accordingly the factual allegations regarding F/Lt. McIntire's involvement are sparing. However, the factual allegations regarding the City's actions (both independently and jointly with the private actors) does not suffer from the same lack of detail.

Further, the City's recent motion for judgement on the pleadings only raises challenges to conspiracy liability for the First Amendment violations. While establishing conspiracy elements may be important for maintaining this action against some of the non-governmental Defendants, Plaintiff need not establish a conspiracy to proceed against the City. Plaintiff's central claims in this lawsuit relate to <u>direct</u> First Amendment violations by the City. This is plainly stated in Plaintiff's complaint. Most importantly, this Court's sixteen-page Opinion (ECF No.50) succinctly restates most of Plaintiff's factual allegation which support Plaintiff's claims of direct retaliation (See ECF No. 50, at pages 2-5). <u>The City's motion for judgement on the pleadings offers a lot of conclusory statements but does address these factual allegations at all.</u>

6

The City has not made any substantial challenge to Plaintiff's allegations of direct First Amendment retaliation. Nor has the City offered any insights or arguments beyond what this Court already considered before allowing the First Amendment claims to go forward. It is therefore unlikely that all these claims will now be dismissed. Under these circumstances, our courts have been hesitant to issue a stay of discovery without a compelling showing of good cause. See *S.K.Y. Mgmt. L.L.C. v. Greenshoe, Ltd.*, No 06-21722-CIV, 2007 WL 201258, at *2–3 (S.D. Fla. Jan. 24, 2007) (denying defendant's motion to stay discovery because even if motion to dismiss is successful, remaining claim would result in much of the same discovery); See also *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993) (noting that a discovery stay is "particularly inappropriate in this case because . . . defendant's motion [to dismiss] would not be dispositive of the entire case" and "all of the counts sound in the same alleged basic factual scenario").

## IV.     Plaintiff will be prejudiced by further delays.

The resolution of these matters have been delayed for many years. Any infringements upon First Amendment rights constitutes irreparable harm (no matter how brief). Plaintiff has raised issues involving the destruction of public records and has concerns regarding continued spoliation. Most importantly, several of Plaintiff's First Amendment claims are on the verge of being ripe for a partial summary disposition. The evidence sought in the present discovery request could immediately make it possible for Plaintiff to retain the services of an attorney. A trial court should be particularly cautious about overly broad restrictions on discovery when there is a disparity of information and resources to prosecute the litigation. That is certainly the reality of this case. "Trial courts should not stay discovery …when the party seeking discovery will be prejudiced by the delay." *Nichols v. Baptist Mem'l Hosp.*, 2004 WL 2905406, *2 (W.D. Tenn. 2004).

## Conclusion & Relief Sought

Most of the cases cited by the City present circumstances where discovery actually was burdensome, oppressive or overly expensive (and the moving party demonstrated the same). That is not the case here. The City has not brought forth any specific or compelling basis to establish good cause as contemplated by Rule 26(c). The requests are certainly not burdensome or expensive. It is likely that the (the taxpayers) could have payed considerably less money to provide the requested documents, than the billings generated for bringing this motion. Those costs could have been reduced even further if the City had conferred in good faith as required by the court rule. *Plaintiff respectfully asks this court to deny the request for a protective order.*

Submitted October 18, 2018:

    /s/ Daniel William Rudd

Daniel William Rudd, Plaintiff (Pro Se)
201 S  Lake Ave.  Spring Lake, MI 49456
(231) 557-2532  daniel@stock20.com