# EXHIBIT A

Served with 9/21/18 Rule 11 Sanctions Motion (See ECF No. 65)

**Daniel Rudd** <daniel@stock20.com>  Mon, Aug 20, 2018 at 8:50 PM
To: "Bogren, Michael" <mbogren@plunkettcooney.com>, Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>

Mr. Bogren, Ms. McLean, & Mr. Schultz,

Please let me know your availability for a meet and confer.
I should be able to make something work on any of these days:  8/28, 8/29, 8/30, 8/31, 9/4, 9/5, 9/6 (last day).

I believe that an in-person meeting would be more productive, but I'm open to a telephone conference if we can make those arrangements work for everyone more easily.

Also, we might be able to streamline the meeting if we hash out the easy parts by e-mail in advance (magistrate judge, discovery plan, favored ADR method, etc..).

I understand it's my responsibility to schedule this meeting, but I welcome your thoughts on handling it efficiently.  I don't mind facilitating the discussion but I believe Mr. Bogren has been through this process many times in the Western District.

I'll review the rules cited in the order, start working on my portions of the report and wait for your input in scheduling the meeting.

If anyone already knows they are opposed to a magistrate referral, it might be helpful to disclose that right away so no one else needs to weigh that issue. I do not think I am opposed. While I'm impressed with Judge Quist, the magistrate on our case appears to be a very experienced jurist as well.

Sincerely,  Daniel Rudd



**052 order setting Rule 16 conference.pdf**
27K

**Callahan, Robert** <RCallahan@plunkettcooney.com>  Mon, Aug 27, 2018 at 9:41 AM
To: Daniel Rudd <daniel@stock20.com>, "Bogren, Michael" <MBogren@plunkettcooney.com>, Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>
Cc: "Oostema, Cherie" <COostema@plunkettcooney.com>

Mr. Rudd:  I am a partner of Mr. Bogren, and shall be entering my appearance in this lawsuit. I will send you my thoughts on the provisions which should be included in the Joint Status Report.   I am generally available August 28-30, and in the morning of August 31.  I anticipate counsel for co-defendants shall similarly provide their information as to availability.

**From:** Daniel Rudd [mailto:daniel@stock20.com]
**Sent:** Monday, August 20, 2018 8:50 PM
**To:** Bogren, Michael; Michelle McLean; Steve Schultz
**Subject:** 18-cv-124 Rudd v Norton Shores, Meet & Confer

[Quoted text hidden]

**Daniel Rudd** <daniel@stock20.com>  Mon, Aug 27, 2018 at 6:53 PM
To: "Callahan, Robert" <RCallahan@plunkettcooney.com>
Cc: "Bogren, Michael" <MBogren@plunkettcooney.com>, Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>

Thank you Mr. Callahan,
I'll watch for your written comments.  Ms. McLean and Mr. Schultz: can you let us know your availability from Wed. the 29th through the morning of August 31st?
-Daniel Rudd
[Quoted text hidden]

served with 9/21/18 sanctions motion     2 of 13                                    Exhibit A



**Callahan, Robert** <RCallahan@plunkettcooney.com>  Tue, Aug 28, 2018 at 9:56 AM
To: Daniel Rudd <daniel@stock20.com>
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>

Here are my thoughts on inclusions in the Joint Status Report:

<u>Rule 26 Disclosures</u> – Plaintiff to Defendants – October 13; Defendants to Plaintiff November 13
<u>Limits on Discovery</u> – Those presumptive limits set forth in the Order setting the hearing, with Interrogatories being 25 single part
<u>Time for Discovery</u> – 6 months
No Consent to Magistrate Judge
<u>Motions for Joinder and Amendment</u> – has closed
<u>Experts</u> – I do not see the need for any in this lawsuit
<u>Disclosure of ESI</u> – through Disc
<u>Attorney-Client and Work Product disclosure</u> – We have "claw back" language which can be used for this
<u>Motions to Dismiss or Summary Judgment</u> – the Norton Shores Defendants anticipate filing
<u>Alternative Dispute Resolution</u> – Norton Shores defendants believe this is the unusual case in which it should not be ordered
<u>Possibility of Settlement</u> – Norton Shores defendants believe there is none
<u>Anticipated Length of Trial</u> – 4 days, with 2 allocated to plaintiff, and 2 for the defendants.

I would solicit the responses/opinions on these proposals from counsel for co-defendants.

**From:** Daniel Rudd [mailto:daniel@stock20.com]
**Sent:** Monday, August 27, 2018 6:53 PM
**To:** Callahan, Robert
**Cc:** Bogren, Michael; Michelle McLean; Steve Schultz; Oostema, Cherie
**Subject:** Re: 18-cv-124 Rudd v Norton Shores, Meet & Confer

[Quoted text hidden]

**Daniel Rudd** <daniel@stock20.com>  Tue, Aug 28, 2018 at 12:48 PM
To: "Callahan, Robert" <RCallahan@plunkettcooney.com>
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>

> Thank you Mr. Callahan,
> I still have some research to do on this but some initial clarifications may be helpful while we wait for feedback from the other defendants.
>
> 1) I was intending to advocate for amendment of pleadings and joinder to be allowed (by leave granted) until 21 days after the close of discovery. If you intend to oppose that position can you help me understand your basis?
>
> 2) Are you open to discussing a discovery plan which would allow for some limited initial discovery to occur during a brief time period---followed by the dispositive motions everyone wants to file--- THEN the remainder of discovery to proceed *if* claims survive?   I think something *of this nature* would offer benefits to all parties.  Defendants have the opportunity to avoid litigation (and discovery) which pertains to any claims that are not viable.  If claims survive, it will be easy for me to obtain representation going forward (which would eliminate some of the frustrations associated with pro se litigants).
>
> Along those lines, I will do my best to research the rules carefully and maintain some objectivity in communicating with you.  You can assume that my questions are only seeking whatever type of information is appropriate for you to provide under the obligations to seek concurrence and/or streamline litigation as much as possible.  I don't expect you to advise me and it's fine to let me know you won't be answering.  On the other hand, I'm open to your feedback, especially if it is helpful in avoiding anything that simply wastes time.
>
> Thanks,
> Daniel Rudd
> [Quoted text hidden]

---

**Daniel Rudd** <daniel@stock20.com>  Wed, Aug 29, 2018 at 6:16 AM
To: "Callahan, Robert" <RCallahan@plunkettcooney.com>
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>

> Attorney Callahan,
> Could we schedule a conference for 1:00 pm on the 30th?
> If you would prefer to meet in person, I could come to the Plunkett Cooney Grand Rapids office.
> Otherwise, a phone call works for me.   If we hear from Attorney Schultz or Attorney McLean we can make adjustments as needed, but I'd like to get something scheduled.
>
> -Daniel Rudd
> [Quoted text hidden]

| | |
|---|---|
| **Callahan, Robert** <RCallahan@plunkettcooney.com> | Wed, Aug 29, 2018 at 8:52 AM |

To: Daniel Rudd <daniel@stock20.com>
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>

> Mr. Rudd:  Any conference or meeting must be between you and attorneys representing all parties.
>
> As to my position on amendment of pleadings, let me first state that in my experience as an attorney in federal court, which includes 5 years as a clerk to a Magistrate Judge, this court is extremely reticent to allow much time at all following a Rule 16 Conference for the amendment of pleadings.  I think that in the context of this specific case, it should not be allowed due to what I have reviewed to date.  In his Opinion granting McIntire's motion to dismiss, Judge Quist made note of the argument that an amended complaint was going to be filed, but that no motion for leave to do so had been filed.  I went back and reviewed your briefing in opposition to that motion to dismiss, and verified that such an amendment was forthcoming.  That was filed on June 1.  This case was filed almost 7 months ago.  I would be opposing amendment in any event under these circumstances.  However, the position to allow amendment and joinder up to 21 days after the close of any discovery period is what I consider the antithesis of case management by a federal court.
>
>
> **From:** Daniel Rudd [mailto:daniel@stock20.com]
> **Sent:** Wednesday, August 29, 2018 6:17 AM
> **To:** Callahan, Robert
> **Cc:** Michelle McLean; Steve Schultz; Oostema, Cherie

[Quoted text hidden]
[Quoted text hidden]

**Daniel Rudd** <daniel@stock20.com>                              Wed, Aug 29, 2018 at 9:49 AM
To: "Callahan, Robert" <RCallahan@plunkettcooney.com>
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, admin@tanisschultz.com, Sally Ray <sallyr@bolhouselaw.com>, mmlflash@yahoo.com

> On Wed, Aug 29, 2018 at 8:52 AM, Callahan,
> Robert <RCallahan@plunkettcooney.com> wrote:
>
>> Mr. Rudd:  Any conference or meeting must be between you and attorneys representing all parties.

I agree, I propose we schedule the meeting at the Plunkett Cooney Grand Rapids office tomorrow afternoon or Friday morning. I will make either option work.  This would afford Ms. Mclean and Mr. Schulz the opportunity to attend in person or by phone if they so choose.

In spite of consderable effort (see below) there has been no response whatsoever from Mr. Schultz or Ms. McLean.
The deadline is approaching quickly. In light of your limited availability I think the only option is to go ahead and schedule.

I can call their offices with the time.  If that still doesn't work, we can both make every effort to confer with them by phone before the joint status report is submitted.

Sincerely, Daniel Rudd

****
**[Efforts to Include Attorneys McLean and Schultz in scheduling and establishing a discovery plan]**

-I originally contacted all partys by e-mail on 7/6/18 requesting a conference.
-I followed up on 7/16/18 when Mr. Schultz appeared in the case.
On 7/17/18, I noted the language of 26(f)(1) directing the parties to confer "**as soon as practicable**—and *in any event* at least 21 days before a scheduling conference is to be held **or a scheduling order is due** under Rule 16(b)."
-Ms. McLean and Mr. Schulz indicated they would not confer while Def. McIntire's 12(b) motion was pending, but that motion was resolved on 8/8/18 with no indication of a willingness to confer or work toward agreements.
-The order setting the Rule 16 converence date was issued on 8/20/18.
-I e-mailed all parties on 8/20/18 providing a number of possible dates.
-You (Attorney Callahan) e-mailed all the parties on 8/27/18 (thank you).  This e-mail also requested that Ms. Mclean and Mr. Shultz would provide information as to availability.
-Yesterday morning (8/28), my e-mail also indicated that we were waiting on a response from Ms. McLean and Mr. Schulz.
**Ms. McLean and Mr. Schultz have not given any response whatsoever.  They have not even indicated when (or if) they intend to respond.  I have not received any vacation auto responders or anything of that nature.  Both of their firms have a number of attorneys and administrative staff.  The 8/20/18 order was sent to redundant points of contact at both firms.**
****

served with 9/21/18 sanctions motion        6 of 13                                      

Exhibit A

**Callahan, Robert** <RCallahan@plunkettcooney.com>  
Wed, Aug 29, 2018 at 10:01 AM
To: Daniel Rudd <daniel@stock20.com>
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

> Mr. Rudd:  There will be no meeting at the Grand Rapids office.  I have had a chance to review the FOIA lawsuit, and am rather appalled at the treatment afforded to Mrs. Hall in that case.  Any conference shall be by telephone.  All parties must be represented in any conference call.

[Quoted text hidden]

---

**Daniel Rudd** <daniel@stock20.com>  
Wed, Aug 29, 2018 at 11:31 AM
To: "Callahan, Robert" <RCallahan@plunkettcooney.com>
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

Mr. Callahan, it is unhelpful and offensive for you to suggest (in general terms and without any support) that I have mistreated your colleague severely enough to preclude the possibility of a meeting in person. I do not know the specific basis for your belief, but I do know you have only considered limited information from one side of a contentious lawsuit (where your firm received unfavorable rulings at every level of Michigan's state courts).  I certainly disagree with your characterization of my interactions with Ms. Hall (who was easily the most courteous and professional attorney on the case). However, that is beside the point.  As an attorney, you are expected to approach case management discussions from an objective and dispassionate position.  Here, you have "reviewed" information from a different case, arrived at strong conclusions based on incomplete information, then announced your disparaging (and subjective) assumptions to the other attorneys in a manner that cultivates unjustified hostility.

Most importantly, your remarks are counterproductive in accomplishing the tasks which we have been ordered to undertake.  You could have simply stated that you would prefer to conduct the meeting by phone (or better yet: offered to initiate the conference call on your firm's equipment).  Instead, your pejorative comments inject unnecessary hostility just prior to a meeting I am required to participate in. This is a lawsuit which alleges very bad behavior.  I filed the lawsuit because I was appalled.  However, as long as I must represent myself, I am working hard to separate those feelings from my discussions regarding case management.  The law offers a mechanism for resolving difficult disputes in a safe and equitable manner.  The officers of the court have an obligation to diffuse hostility in the proceedings.  I would request that you refrain from commentary which cultivates hostility.

Sincerely, Daniel Rudd  
[Quoted text hidden]

---

served with 9/21/18 sanctions motion     7 of 13     

**Michelle McLean** <michellem@bolhouselaw.com>  
Wed, Aug 29, 2018 at 10:17 AM
To: "Callahan, Robert" <RCallahan@plunkettcooney.com>
Cc: Daniel Rudd <daniel@stock20.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

> We are filing a motion to dismiss next week and will be asking the Court to adjourn the scheduling conference.
>
> Michelle McLean
> 616 531-7711
> Cell 616-706-1127
> Michellem@bolhouselaw.com
>
> -Please excuse any typos or errors as this message was sent from my iPhone
> [Quoted text hidden]

---

**Daniel Rudd** <daniel@stock20.com>  
Wed, Aug 29, 2018 at 11:45 AM
To: Michelle McLean <michellem@bolhouselaw.com>
Cc: "Callahan, Robert" <RCallahan@plunkettcooney.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

> Ms. Mclean, I believe you are past the point where you can file a motion to dismiss.  I do not believe that the intent to file a dispositive motion justifies adjourning the scheduling conference which is already past due.  Unless the court orders otherwise, the meeting of the parties is ordered to occur at least seven days before the 9/13/18 scheduling conference.
>
> Mr. Callahan offered several possible times earlier this week, the last of which is Friday morning.  Could we schedule a conference call on Friday morning?   Mr. Schultz, is there a time Friday morning that would work for you?
>
> Sincerely, Daniel Rudd
> [Quoted text hidden]

| | |
|---|---|
| **Michelle McLean** <michellem@bolhouselaw.com> | Wed, Aug 29, 2018 at 12:21 PM |

To: Daniel Rudd <daniel@stock20.com>
Cc: "Callahan, Robert" <RCallahan@plunkettcooney.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

> Mr. Rudd-
>
> We also do not agree to any in person meetings with you. Any conferences should be conducted telephonically.
>
> Michelle McLean
> 616 531-7711
> Cell 616-706-1127
> Michellem@bolhouselaw.com
>
> -Please excuse any typos or errors as this message was sent from my iPhone
> [Quoted text hidden]

| | |
|---|---|
| **Daniel Rudd** <daniel@stock20.com> | Wed, Aug 29, 2018 at 12:30 PM |

To: Michelle McLean <michellem@bolhouselaw.com>
Cc: "Callahan, Robert" <RCallahan@plunkettcooney.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

> Noted.  The question was: "Could we schedule a conference call on Friday morning?   Mr. Schultz, is there a time Friday morning that would work for you?"
> [Quoted text hidden]



**Callahan, Robert** <RCallahan@plunkettcooney.com>  
Wed, Aug 29, 2018 at 12:45 PM  
To: Daniel Rudd <daniel@stock20.com>  
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

Mr. Rudd: It was not my intent to offend you. I apologize for doing so. My points were threefold: there will be no activities at Plunkett Cooney's Grand Rapids office; any conferences must be by telephone; and an attorney representing each party must participate.

**From:** Daniel Rudd [mailto:daniel@stock20.com]  
**Sent:** Wednesday, August 29, 2018 11:31 AM

[Quoted text hidden]  
[Quoted text hidden]

---

**Michelle McLean** <michellem@bolhouselaw.com>  
Wed, Aug 29, 2018 at 1:10 PM  
To: Daniel Rudd <daniel@stock20.com>  
Cc: "Callahan, Robert" <RCallahan@plunkettcooney.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

I am available in the afternoon on Friday but not the morning.

Michelle McLean  
616 531-7711  
Cell 616-706-1127  
Michellem@bolhouselaw.com

-Please excuse any typos or errors as this message was sent from my iPhone  
[Quoted text hidden]

---

**Daniel Rudd** <daniel@stock20.com>  
Wed, Aug 29, 2018 at 1:59 PM  
To: Michelle McLean <michellem@bolhouselaw.com>  
Cc: "Callahan, Robert" <RCallahan@plunkettcooney.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

Mr. Callahan previously indicated availability only in the morning on Friday.  
What about 1:30pm on Tuesday 9/4?  
[Quoted text hidden]



**sschultz@tanisschultz.com** <sschultz@tanisschultz.com>  
Wed, Aug 29, 2018 at 2:06 PM

To: Daniel Rudd <daniel@stock20.com>, Michelle McLean <michellem@bolhouselaw.com>  
Cc: "Callahan, Robert" <RCallahan@plunkettcooney.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

I am also not available Friday afternoon.  I can, however, be available at 1:30 on Tuesday Sept 4th.

Steve Schultz  
TanisSchultz  
85 Campau N.W. Suite 305  
Grand Rapids, MI 49503  
616 608-7149 work  
616 719-2221 fax  
616 291-4593 cell

Email: sschultz@tanisschultz.com  
Web: www.tanisschultz.com

This email contains PRIVILEGED AND CONFIDENTIAL information only for the use of the addressee(s) named above. If you are not the intended recipient, you are hereby notified that any dissemination of copying of this email is strictly prohibited, If you have received this email in error, please immediately notify us by telephone and purge the original email immediately. Thank you.

---

**Callahan, Robert** <RCallahan@plunkettcooney.com>  
Wed, Aug 29, 2018 at 2:08 PM

To: Daniel Rudd <daniel@stock20.com>, Michelle McLean <michellem@bolhouselaw.com>  
Cc: Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

I am available next Tuesday at that time.

---

**Daniel Rudd** <daniel@stock20.com>  
Wed, Aug 29, 2018 at 2:46 PM

To: "Callahan, Robert" <RCallahan@plunkettcooney.com>  
Cc: Michelle McLean <michellem@bolhouselaw.com>, Steve Schultz <sschultz@tanisschultz.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

Thank you Mr. Callahan and Mr Schultz,  
Would either you be willing to initiate the conference call from your office?  
I can probably make it work, but the quality may be poor.

Ms. McLean, can you make next Tuesday at 1:30 work?



**Michelle McLean** <michellem@bolhouselaw.com>  
Wed, Aug 29, 2018 at 2:49 PM

To: "sschultz@tanisschultz.com" <sschultz@tanisschultz.com>, Daniel Rudd <daniel@stock20.com>  
Cc: "Callahan, Robert" <RCallahan@plunkettcooney.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

Sorry all, I am not available at 1:30pm on Tuesday, but could be available Thurs. Sept 6 at 9:00am.

---

**Daniel Rudd** <daniel@stock20.com>  
Wed, Aug 29, 2018 at 2:56 PM

To: Michelle McLean <michellem@bolhouselaw.com>  
Cc: "sschultz@tanisschultz.com" <sschultz@tanisschultz.com>, "Callahan, Robert" <RCallahan@plunkettcooney.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

Ms. Mclean, do you have anything open prior to next Thursday? I think that might literally be the last hour for compliance with the order's stated deadline: "at least seven days before the Rule 16 conference" (which is the following Thurs. at 10am).

[Quoted text hidden]

---

**Michelle McLean** <michellem@bolhouselaw.com>  
Wed, Aug 29, 2018 at 3:00 PM

To: Daniel Rudd <daniel@stock20.com>  
Cc: "sschultz@tanisschultz.com" <sschultz@tanisschultz.com>, "Callahan, Robert" <RCallahan@plunkettcooney.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Sally Ray <sallyr@bolhouselaw.com>, "mmlflash@yahoo.com" <mmlflash@yahoo.com>

Friday afternoon I do have openings.

---

**Michelle McLean** <michellem@bolhouselaw.com>  
Wed, Aug 29, 2018 at 3:03 PM

To: "sschultz@tanisschultz.com" <sschultz@tanisschultz.com>, Daniel Rudd <daniel@stock20.com>  
Cc: "Callahan, Robert" <RCallahan@plunkettcooney.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Jake Lombardo <jakel@bolhouselaw.com>

Someone from my office can cover for me and will be on the Sept. 4 at 1:30pm conference call. We can use my firm's phone conference account. Everyone must call 1-605-475-6720 and then enter the access code #5655894.

| | |
|---|---|
| **Daniel Rudd** <daniel@stock20.com> | Wed, Aug 29, 2018 at 3:11 PM |

To: Michelle McLean <michellem@bolhouselaw.com>
Cc: "sschultz@tanisschultz.com" <sschultz@tanisschultz.com>, "Callahan, Robert" <RCallahan@plunkettcooney.com>, "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Jake Lombardo <jakel@bolhouselaw.com>

Excellent, thank you Ms. McLean.
9/4/18 at 1:30 -- per the call instructions provided by Ms. McLean.

Please feel free to forward your portions of the report to me prior to the conference call. I'll circulate a draft of the joint report sometime prior to 9am on Tuesday morning (or before then if I've heard from everyone). For your convenience, I'm pasting below what Mr. Callahan has already provided (in his previous e-mail):

Here are my thoughts on inclusions in the Joint Status Report:
Rule 26 Disclosures – Plaintiff to Defendants – October 13; Defendants to Plaintiff November 13
Limits on Discovery – Those presumptive limits set forth in the Order setting the hearing, with Interrogatories being 25 single part
Time for Discovery – 6 months
No Consent to Magistrate Judge
Motions for Joinder and Amendment – has closed
Experts – I do not see the need for any in this lawsuit
Disclosure of ESI – through Disc
Attorney-Client and Work Product disclosure – We have "claw back" language which can be used for this
Motions to Dismiss or Summary Judgment – the Norton Shores Defendants anticipate filing
Alternative Dispute Resolution – Norton Shores defendants believe this is the unusual case in which it should not be ordered
Possibility of Settlement – Norton Shores defendants believe there is none
Anticipated Length of Trial – 4 days, with 2 allocated to plaintiff, and 2 for the defendants.

[Quoted text hidden]

| | |
|---|---|
| **Callahan, Robert** <RCallahan@plunkettcooney.com> | Wed, Aug 29, 2018 at 3:18 PM |

To: Michelle McLean <michellem@bolhouselaw.com>, "sschultz@tanisschultz.com" <sschultz@tanisschultz.com>, Daniel Rudd <daniel@stock20.com>
Cc: "Oostema, Cherie" <COostema@plunkettcooney.com>, "admin@tanisschultz.com" <admin@tanisschultz.com>, Jake Lombardo <jakel@bolhouselaw.com>

Thanks you Michelle.


**From:** Michelle McLean [mailto:michellem@bolhouselaw.com]
**Sent:** Wednesday, August 29, 2018 3:03 PM
**To:** sschultz@tanisschultz.com; Daniel Rudd
**Cc:** Callahan, Robert; Oostema, Cherie; admin@tanisschultz.com; Jake Lombardo

[Quoted text hidden]
[Quoted text hidden]

served with 9/21/18 sanctions motion      13 of 13



Exhibit A