# Exhibit 1

6/18/2018: Plaintiff's state court filings for contempt proceedings *after* the appellate courts declined to stay the trial court's order to disclose records.

<u>Rudd v. Norton Shores  Michigan FOIA Litigation</u>
17-004334-CZ  14th Circuit Court,  Hon. Timothy G. Hicks

June 18, 2018

RUDD v NORTON SHORES  17-4334-CZ
<u>Notice of Hearing and Order to Show Cause for Contempt:</u>

Please see the enclosed documents:
1) A copy of the order entered by the Hon. Timothy Hicks on 6/15/18, directing the City of Norton Shows to appear and show cause why the City should not be held in contempt.
   **The hearing on this matter has been set for June 29, 2018 at 1:30pm.**
2) A copy of my 6/12/18 filings asking Judge Hicks to initiate contempt proceedings (with exhibits, supporting affidavit, and proposed order).
3) My 6/14/18 Supplemental filing with a minor correction of error and additional notice of records improperly withheld.

Sincerely,

Daniel W. Rudd
Plaintiff, Pro Se
201 S LAKE AVE, SPRING LAKE, MI 49456
231-557-2532  daniel@stock20.com



**IN THE STATE OF MICHIGAN**
IN THE 14TH CIRCUIT COURT FOR THE COUNTY O

2017-004334-CZ
CCR-OSC
**PROPOSED**

DANIEL W. RUDD,

       Plaintiff,

    v.

CITY OF NORTON SHORES,

       Defendant.

File No. 2017-004334-CZ
Honorable Timothy G. Hicks

---

| | |
|---|---|
| Daniel W. Rudd | Michael Bogren, Lisa A. Hall, Mary Massaron |
| Plaintiff, Pro Se | PLUNKETT COONEY, P.C.  for Defendant |
| 201 S Lake Ave | 950 Trade Centre Way, Suite 310 |
| Spring Lake, MI  49456 | Kalamazoo, Michigan 49002 |
| (231) 557-2532 | (269) 226-8822  &  (616)752-4615 |
| daniel@stock20.com | mbogren@plunkettcooney.com lhall@plunkettcooney.com |

---

### ORDER TO SHOW CAUSE

Having reviewed Plaintiff's ex parte motion to initiate contempt proceedings, along with Plaintiff's supporting affidavit. **IT IS ORDERED:**

The City of Norton Shores shall appear, through counsel or authorized representative, and show cause why the City of Norton Shores should not be held in

      __civil contempt of court   __ criminal contempt of court

for failure to comply with this Court's 5/3/18 Order & Opinion regarding disclosure of the complaints against the City.

### NOTICE OF HEARING:

This matter will be heard by the Court on June 29, 2018 _____ at \_1:30 PM_____,

in the courtroom of the Honorable Judge Hicks, sixth floor, Muskegon County Courthouse.

990 Terrace St. Muskegon, MI 49442

**SERVICE OF THIS ORDER:**

Plaintiff shall serve a copy of this order, along with the ex parte motion and supporting

affidavit.  The same shall be served on the City of Norton Shores by hand delivery to the City

clerk, mayor, administrator, or FOIA administrator at the Norton Shores City headquarters.

Plaintiff shall additionally send the same documents to the attorneys listed in the caption

above by e-mail, with an additional copy sent to Plunkett Cooney by first class mail at the

address noted above.

The aforementioned service must be completed by __June 21, 2018_____


**It is so Ordered:**

06/15/2018
04:28 PM

TIMOTHY G. HICKS: P-35198
14TH CIRCUIT COURT JUDGE

Honorable Timothy Hicks, Circuit Court Judge

IN THE STATE OF MICHIGAN
IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

DANIEL W. RUDD,

    Plaintiff,

      v.

CITY OF NORTON SHORES,

    Defendant.

File No. 2017-004334-CZ
Honorable Timothy G. Hicks

| | |
|---|---|
| Daniel W. Rudd | Michael Bogren, Lisa A. Hall, Mary Massaron |
| Plaintiff, Pro Se | PLUNKETT COONEY, P.C. for Defendant |
| 201 S Lake Ave | 950 Trade Centre Way, Suite 310 |
| Spring Lake, MI 49456 | Kalamazoo, Michigan 49002 |
| (231) 557-2532 | (269) 226-8822 & (616)752-4615 |
| daniel@stock20.com | mbogren@plunkettcooney.com lhall@plunkettcooney.com |

**PLAINTIFF'S EX PARTE MOTION TO INITIATE CONTEMPT PROCEEDINGS
AGAINST THE CITY OF NORTON SHORES**

    Plaintiff, Daniel Rudd, asks this Court to initiate contempt proceedings against the City of Norton Shores for willful defiance of this Court's 5/3/18 disclosure order. In support of this request, and pursuant to MCR 3.606(A), Plaintiff submits the present ex parte motion, along with a supporting affidavit.

1) On 5/3/18 this Court ruled in Plaintiff's favor regarding "Complaints against the City." More specifically, this Court ruled "There is no specific statutory exemption for the complaints themselves." (p.4, ¶2).

2) The City was ordered "to provide Rudd with the initial complaints filed against Norton Shores Police during the applicable time period." (p.6, ¶2)

3) The City was originally given 14 days to comply with the 5/3/18 disclosure order. However, after advising the Court that a motion for reconsideration was forthcoming, the City was granted an extension of time (until 6/7/18).

4)   The City did not file a motion for reconsideration, or ever present a non-frivolous basis for a challenge to the disclosure order.

5)   Instead the City filed a claim of appeal (COA No. 343759) and an application for leave to appeal (COA No. 343942). The City primarily focused on obtaining a stay of the disclosure order, relying upon the same frivolous legal positions which were rightly rejected by this Court during the lengthy hearings on summary disposition.

6)   The City's emergency filings were extensive in both the Court of Appeals and the Michigan Supreme Court.  The City indicated that a stay of the 5/3/18 disclosure order was:

> "necessary so as to preserve the City's right to appeal ***or risk a finding of contempt for noncompliance*** pending outcome of the appellate process."[1]

7)   The Court of Appeals entered an order on 5/31/18 denying the City's emergency motion to stay execution of judgement pending appeal. The corresponding application for leave to appeal (with the emergency motions) was dismissed as duplicative.  See Exhibit A.

8)   On 6/6/18, the Michigan Supreme Court ruled that "The application for leave to appeal the May 31, 2018 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court." (Exhibit A)

9)   On 6/7/18 the City mailed approximately 47 pages to Plaintiff comprising 17 complaints against the City.  Although this Court deemed those records non-exempt the City withheld substantial information by way of unauthorized redactions.

10) Some of the complaints are heavily redacted as to the nature of the compliant.  See Exhibit B.

11) The names of officers who are the subject of the complaints have been redacted from all of the complaints.

12) The names of the complainants have been redacted entirely on all complaints.

---

[1] (p.9 Emergency Application For Leave to Appeal, MSC No. 157879, emphasis added).

13) The "IA-Number" has been redacted or obscured on seven of the seventeen complaints.

14) MCL 15.240(4) states in pertinent part (emphasis added):

> In an action commenced under subsection (1)(b), a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, regardless of the location of the public record.

15) After giving the City extensive opportunity to be heard <u>and</u> conducting an in camera review of the documents, this Court determined that the complaints against the City were not exempt from disclosure.  As required by the statute, this Court ordered the public body to produce these records.

> For all these reasons, the court grants relief to the plaintiff pursuant to MCR 2.116(I)(2) and orders the City to provide Rudd with the initial complaints filed against Norton Shores Police during the applicable time period.

> The court will "carve out" one class of complaints which need not be disclosed. Focusing on "the big picture," a complaint made by one Norton Shores officer against another officer can be considered a personnel matter that need not be disclosed. (p.6, ¶¶2-3)

16) The City was authorized to "carve out" a *singular* portion of the records which they were ordered to disclose. The City was not authorized to "carve out" any other portion.

17) Further, this Court was not ambiguous in addressing the City's opposition to disclosing the identity of the officers or complainants (emphasis in the original):

> Yes, the information in the complaints might be embarrassing to the police force to some extent. Yes, there might be *some* chilling effect on the citizenry at large if the names of the complainants are disclosed. The public's interest in disclosure outweighs the reasons not to disclose.  (p.5, ¶2)

> There is a public interest in knowing if an officer or department is involved in some untoward behavior, or worse, a pattern of inappropriate conduct (p.5, ¶3)

> Public confidence in the force could improve with knowledge that the City was, and did, monitor its own officers' behavior. Suppressing this information generates its own issues. (p.5, ¶4)

18) By continuing to suppress this information, the City has undermined public's interest (as expressed by the legislature and confirmed by this Court) in holding local governments accountable. The City has made it impossible for the public to appreciate "a pattern of inappropriate conduct" and/or preferential treatment of certain officers.

19) The specific wording of the disclosure order indicates the Court's intention for the "names of the complainants" to be disclosed. ("…if the names of the complainants are disclosed." p.5, ¶2)

20) The City attempted to obscure this issue on appeal through blatant misrepresentation.

21) For example, this Court's 5/3/18 Opinion clearly balanced the public's interest in disclosure against the speculative possibility ("might") for there to be a limited ("*some*") chilling effect on the Citizenry if the names of complainants were released:

> "Yes, there might be *some* chilling effect on the Citizenry at large if the names of the complainants are disclosed. The public's interest in disclosure outweighs the reasons not to disclose." (p.5, ¶2, *italics original).*

22) On appeal, the City altered this wording in two discrete, but substantial ways—removing the Court's italics from the word "some" and substituting "would" for "might" (replacing speculative possibility with certainty (a difference with significant effect[2]). The City claimed:[3]

> "Additionally, the trial court here determined that the public interest in disclosure of citizen complaints outweighed the interest in nondisclosure - even though the trial court recognized that there would be "some chilling effect on the Citizenry at large if the names of the complainants are disclosed."

Then based upon this material misrepresentation, the City proceeded to suggest that:

> …"*The trial court's position is nonsensical*, given that the interest of the complaining citizens is directly at issue, and that, if such information is disclosed, the citizenry at large will be affected by a diminished willingness to come forward with complaints." (emphasis added)

---

[2] The balancing test for some exemptions under Michigan's FOIA statute places substantial emphasis on the difference between the speculative "could" and the definite "would." See *Herald Co. v. City of Kalamazoo*, 581 N.W.2d 295, 229 Mich. App. 376 (Ct. App. 1998), applying this discussion to interference with the investigative efforts of law enforcement.
[3] P.7, ¶19 of the City's "EMERGENCY MOTION TO STAY EXECUTION OF JUDGEMENT PENDING APPEAL" Filed on 5/22/18 in COA No. 343942, and 5/21/18 in COA No. 343759

23) These alterations to the actual wording of the 5/3/18 Opinion falsely convey an irrational decision-maker AND an exaggerated specter of irreparable harm to civilians.

24) This is only one example of *bad faith* litigation tactics which focused upon these specific disclosures (now improperly redacted).

25) Both the Court of Appeals and the Michigan Supreme Court considered the City's concerns on this issue. Both reviewing courts were fully appraised that denying this relief would require disclosure of the complaints against the City (including identifying information). Neither party disputed the City's contention that disclosure of the complainants identity would be the irreversible consequence of the disclosure order—unless a stay was granted.

26) On 6/6/18 our Supreme Court ruled that that the City's application for leave to appeal "is considered, and it is DENIED,"—thus settling this dispute with finality upon proper consideration. See Exhibit A.

27) Even after these determinative rulings, the City flaunted the authority of this Court by redacting substantial portions of records deemed non-exempt. These are not isolated incidences or momentary lapses in judgment. The City has engaged in a continuity of calculated efforts to *subversively* undermine this Court's disclosure order.

28) It is important to note that the The City (and the City's attorneys) have repeatedly demonstrated their knowledge that the 5/3/18 order required them to disclose the full complaints without redacting identifying information. For example, the City's 6/1/18 filing in the Michigan Supreme Court states:

> "A stay is critical because the confidentiality of the complaining citizen, once disclosed, cannot be regained." [4]

---

[4] p.2 of the City's: "MOTION FOR IMMEDIATE CONSIDERATION OF ITS EMERGENCY APPLICATION FOR LEAVE TO APPEAL THE COURT OF APPEALS MAY 31, 2018 ORDER DENYING ITS EMERGENCY MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL" filed 6/1/18, MSC No. 157879

29) Accordingly, the present violations demonstrate a willful and premediated disregard for the law.

30) Plaintiff no longer has confidence that the Plunkett Cooney attorneys are fulfilling their sworn obligation as officers of this Court. In the present context, counsel for the City has crossed the border between zealous advocacy and deliberate efforts to circumvent the proper administration of justice.

31) The language of the FOIA, along with a well-established body of case law, favors expeditious resolution and disclosure of documents which have been improperly shielded from public access.

32) In light of the City's prolonged recalcitrance, Plaintiff requests that copies of the records deemed non-exempt would be disclosed on behalf of the City officials who have refused to fulfill their legal obligations.

33) Un-redacted versions of these documents were presumably submitted to the Court for in camera review.  This Court has inherent and statutory authority to fashion "any order proper to fully effectuate the circuit courts' jurisdiction and judgments." See MCL 600.611.

34) Plaintiff requests an order directing court staff, to duplicate the un-redacted versions of the records deemed non-exempt and effectuate the 5/3/18 ruling which has now been affirmed by the Court of Appeals and the Supreme Court.

35) Plaintiff submits this motion with a supporting affidavit, while also asking this Court to take judicial notice of its own records as the basis for initiating contempt proceedings.[5]

---

[5] A court can take judicial notice of its own records to satisfy the requirement of MCL 600.1711(2) that proceedings must be initiated "by affidavit or other method." *In re Albert*, 383 Mich 722, 724 (1970). (from the Contempt of Court Benchbook – Fifth Edition)

**WHEREFORE, Plaintiff asks this Court for the following relief.**

a) Issue an order requiring the City of Norton Shores to appear and explain why they should not be held in contempt for redacting substantial portions of the records which this Court deemed non-exempt.

b) Direct court staff, or someone else, to act on behalf of the City, to reproduce the complaints against the city which have been deemed non-exempt (in their unredacted form), and provide these records to Plaintiff as previously ordered.

c) Effectuate any other relief which justice requires.

Respectfully Submitted on June 12, 2018 by,

Daniel W. Rudd, Plaintiff (Pro Se)
201 S Lake Ave. Spring Lake, MI 49456
231-557-2532  daniel@stock20.com

Exhibit A

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 6, 2018

Stephen J. Markman,
*Chief Justice*

157879 & (20)

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
*Justices*

DANIEL W. RUDD,
              Plaintiff-Appellee,

v                                                    SC: 157879
                                                     COA: 343759
                                                     Muskegon CC: 17-004334-CZ
CITY OF NORTON SHORES,
              Defendant-Appellant.

_____/

        On order of the Court, the motion for immediate consideration is GRANTED.
The application for leave to appeal the May 31, 2018 order of the Court of Appeals is
considered, and it is DENIED, because we are not persuaded that the question presented
should be reviewed by this Court.



        I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the
foregoing is a true and complete copy of the order entered at the direction of the Court.

June 6, 2018
_____

s0606


                                                            Clerk

# Court of Appeals, State of Michigan

## ORDER

Daniel W Rudd v City of Norton Shores

Docket No. 343759

LC No. 17-004334-CZ

Jane E. Markey
Presiding Judge

William B. Murphy

Jane M. Beckering
Judges

The Court orders that the motion for immediate consideration of motion to stay execution of judgment pending appeal and motion to waive the transcript requirement of MCR 7.209(A)(3) is GRANTED. The Court also orders that the motion for leave to file reply to response to emergency motion to stay execution of judgment pending appeal is GRANTED and the reply brief filed with the motion is accepted.

The Court orders that the motion to waive the transcript requirement of MCR 7.209(A)(3) is DISMISSED as moot because the transcript of the May 21, 2018 hearing has been provided.

The Court orders that the emergency motion to stay execution of judgment pending appeal is DENIED.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

MAY 3 1 2018
_____
Date

_____
Chief Clerk

Home  Cases, Opinions & Orders

# Case Search

Case Docket Number Search Results - 343759

Appellate Docket Sheet
**COA Case Number: 343759**
**MSC Case Number: 157879**
DANIEL W RUDD V CITY OF NORTON SHORES

| | | | | | |
|---|---|---|---|---|---|
| 1 | RUDD DANIEL W | | PL-AE-XT | PRO | |
| 2 | NORTON SHORES CITY OF | | DF-AT-XE | RET | (43885) **MASSARON MARY** |

**COA Status:** OPEN    **MSC Status:** Closed
**Case Flags:** Freedom of Information Act

05/11/2018   1 Claim of Appeal - Civil
           Proof of Service Date: 05/11/2018
           Jurisdictional Checklist: Y
           Register of Actions: Y
           Fee Code: EPAY
           Attorney: 43885 - MASSARON MARY

05/03/2018   2 Order Appealed From
           From: MUSKEGON CIRCUIT COURT
           Case Number: 17-004334-CZ
           Trial Court Judge: 35198 HICKS TIMOTHY G
           Nature of Case:
              Summary Disposition Granted

05/11/2018   3 Transcript Complete Per Parties
           Date: 05/11/2018
           Filed By Attorney: 43885 - MASSARON MARY
           Hearings:
              12/22/2017
              04/02/2018
           Comments: per statement these transcripts have previously been filed

05/16/2018   4 Notice Of Filing Transcript
           Date: 04/28/2018
           Reporter: 3841 - MCKEE MICHELLE M
           Hearings:
              12/22/2017
              04/02/2018
           Comments: 12/22/17 trns filed 1/26/18

05/21/2018   5 Motion: Stay
           Proof of Service Date: 05/21/2018
           Filed By Attorney: 43885 - MASSARON MARY
           For Party: 2 NORTON SHORES CITY OF DF-AT-XE
           Fee Code: EPAY
           Immediate Consideration: Y
           Answer Due: 05/23/2018

05/21/2018    **6 Motion: Waive MCR 7.209 re Trans &/or Orders**
         Proof of Service Date: 05/21/2018
         Filed By Attorney: 43885 - MASSARON MARY
         For Party: 2 NORTON SHORES CITY OF DF-AT-XE
         Fee Code: EPAY
         Answer Due: 05/23/2018

05/21/2018    **7 Telephone Contact**
         For Party: 1 RUDD DANIEL W PL-AE-XT
         Pro Per
         Comments: advised AE answer(s) to motns stay, I/C, & waive due by Noon Weds 5/23/18

05/23/2018    **8 Submitted On Special Motion Docket**
         Event: 5 Stay
         Event: 6 Waive MCR 7.209 re Trans &/or Orders
         District: G
         Item #: 1

05/23/2018    **9 Answer - Motion**
         Proof of Service Date: 05/23/2018
         Event No: 5 Stay
         For Party: 1 RUDD DANIEL W PL-AE-XT

05/24/2018    **10 Appearance - Appellee**
         Date: 05/24/2018
         For Party: 1 RUDD DANIEL W PL-AE-XT
         Filed By Pro Per

05/24/2018    **11 Motion: Reply to Answer**
         Proof of Service Date: 05/24/2018
         Filed By Attorney: 43885 - MASSARON MARY
         For Party: 2 NORTON SHORES CITY OF DF-AT-XE
         Fee Code: EPAY
         Answer Due: 05/31/2018
         Comments: reply filed with motion

05/24/2018    **12 Transcript Filed By Party**
         Date: 05/24/2018
         Reporter: 9285 - ADAMS JENNIFER T
         Filed By Attorney: 43885 - MASSARON MARY
         Hearings:
          05/21/2018

05/24/2018    **13 Submitted On Special Motion Docket**
         Event: 11 Reply to Answer
         District: G
         Item #: 1

05/24/2018    **14 Telephone Contact**
         For Party: 1 RUDD DANIEL W PL-AE-XT
         Pro Per
         Comments: advised mot reply to answer being submitted to panel - answer due ASAP

05/24/2018    **18 Reply to Answer - Panel Grtd Mot to File**
         Proof of Service Date: 05/24/2018
         Event No: 9 Answer - Motion
         For Party: 2 NORTON SHORES CITY OF DF-AT-XE
         Filed By Attorney: 43885 - MASSARON MARY

05/29/2018    **15 Notice Of Filing Transcript**
         Date: 05/23/2018
         Timely: N

Reporter: 9285 - ADAMS JENNIFER T

Hearings:

05/21/2018 motion for stay

| | | |
|---|---|---|
| 05/31/2018 | 16 | Order: Stay - Deny |

View document in PDF format

Event: 5 Stay

Event: 6 Waive MCR 7.209 re Trans &/or Orders

Event: 11 Reply to Answer

Panel: JEM,WBM,JMB

Immediate Consideration Granted

Attorney: 43885 - MASSARON MARY

Comments: grant mot reply to answer & accept reply; mot waive trns req of MCR 7.209 dismissed as moot

| | | |
|---|---|---|
| 05/31/2018 | 17 | Verbal Order To Parties-Phone |

Comments: left message for atty Massaron; verbal to Daniel Rudd

| | | |
|---|---|---|
| 06/01/2018 | 19 | SCt: Inter Application |

Supreme Court No: 157879

Fee: E-Pay

For Party: 2

Attorney: 43885 - MASSARON MARY

| | | |
|---|---|---|
| 06/01/2018 | 20 | SCt Motion: Immediate Consideration |

Party: 2

Filed by Attorney: 43885 - MASSARON MARY

| | | |
|---|---|---|
| 06/01/2018 | 22 | Claim of Cross Appeal |

Date: 06/01/2018

For Party: 1 RUDD DANIEL W PL-AE-XT

Filed By Pro Per

Fee Code: FP

| | | |
|---|---|---|
| 06/04/2018 | 21 | SCt: Miscellaneous Filing |

Filing Date: 06/04/2018

For Party: 1 RUDD DANIEL W PL-AE-XT

Filed By Pro Per

Comments: Labeled "Notice of Appearance" but saying pro per PL will file answer by 6518 at 1:00 PM.

| | | |
|---|---|---|
| 06/05/2018 | 23 | SCt: Answer - SCt Application/Complaint |

Filing Date: 06/05/2018

For Party: 1 RUDD DANIEL W PL-AE-XT

Filed By Pro Per

| | | |
|---|---|---|
| 06/06/2018 | 24 | SCt Order: Deny Application/Complaint |

View document in PDF format

Comments: Grant motion for IC. Deny interlocutory application.

| | | |
|---|---|---|
| 06/06/2018 | 25 | Notice Of Filing Transcript |

Date: 06/04/2018

Reporter: 3841 - MCKEE MICHELLE M

Hearings:

03/12/2018

04/30/2018

05/15/2018

| | | |
|---|---|---|
| 06/07/2018 | 26 | Docketing Statement MCR 7.204H |

For Party: 2 NORTON SHORES CITY OF DF-AT-XE

Proof of Service Date: 06/07/2018

Filed By Attorney: 43885 - MASSARON MARY

Case Listing Complete

Exhibit B

**NORTON SHORES POLICE DEPARTMENT**
**Official Complaint**
Page 1

| Complainants Name | Control Number<br>IA 2015-1 | |
|---|---|---|
| Address | Assigned Investigator<br>Lt. Kasher | ☒ Inquiry<br>☒ Informal<br>☐X Formal |
| Phone Number / E-mail | Reviewed/Assigned by:<br>J Gale | Date<br>02/09/2015 |

| Date of Incident<br>02/07/2015 | Time of Incident | Location of Incident<br>Grand Rapids |
|---|---|---|
| Employee(s) Involved | | |

**NARRATIVE (provide detailed description of the incident/complaint):**

I received a voice mail from a ▮▮▮▮▮ that stated that she had a complaint on an officer. The complainant identified the ▮▮▮▮▮▮▮▮▮▮▮. I assigned this complaint to Lt. Kasher to interview the complainant.

Chief Jon Gale

COMPLAINT:

On Monday February 9, 2015 I was advised by Chief Gale to contact a ▮▮▮▮▮ in reference to an officer complaint that occurred on Saturday night February 7, 2015. On Tuesday February 11, 2015 I called the complainant. The complainant identified as ▮▮▮▮▮ stated she was threatened and intimidated by ▮▮▮▮▮ when she and her friends were at a bar in Grand Rapids Saturday night. The bar was called Mojo's, located at 180 Monroe Ave in Grand Rapids MI. The complainant was threaten with physical harm and was touched by ▮▮▮▮▮ on her arm while being threatened. ▮▮▮▮▮ was off duty and was with a female friend. The complainant stated this was witnessed by three other subjects.

**NOTICE:  This document is considered to be an official police report.  Knowingly filing a false police report may be a violation of Michigan Statute 750.411a.**

| Complainants Signature | Date |
|---|---|
| Received by<br>LT. Kasher | ID #<br>47879 |
| | Date / Time<br>3-9-15 |

**NORTON SHORES POLICE DEPARTMENT**

**Official Complaint**

Page 1

| Complainants Name ███████████████ | Control Number IA -2016-16 | |
| Address ████ | Assigned Investigator J. Gale | ☐ Inquiry ☐ Informal ☒ Formal |
| Phone Number / E-mail | Reviewed/Assigned by: J Gale | Date 11/19/2016 |
| Date of Incident 11/04/2016 | Time of Incident 1137 | Location of Incident ██████ |
| Employee(s) Involved ████ | | |

**NARRATIVE** (provide detailed description of the incident/complaint):

November 2, 2016

I received a call from Lt. Kasher who was advised that ██████████ of the North Muskegon Police Department received a Harassment/Stalking complaint against ██████████ ████████ stated he would interview the complainant ██████████ and then would interview ██████████ He would provide a copy of the report when completed.

███████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

███████████

████████████████████████

████████████████████████

████████████

████████████████████████

████████████████████████

NOTICE:  This document is considered to be an official police report.  Knowingly filing a false police report may be a violation of Michigan Statute 750.411a.

| Complainants Signature | Date |
| Received by | ID # | Date / Time |

# IN THE STATE OF MICHIGAN
## IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

DANIEL W. RUDD,

     Plaintiff,

       v.

CITY OF NORTON SHORES,

     Defendant.

File No. 2017-004334-CZ
Honorable Timothy G. Hicks

| | |
|---|---|
| Daniel W. Rudd | Michael Bogren, Lisa A. Hall, Mary Massaron |
| Plaintiff, Pro Se | PLUNKETT COONEY, P.C. for Defendant |
| 201 S Lake Ave | 950 Trade Centre Way, Suite 310 |
| Spring Lake, MI 49456 | Kalamazoo, Michigan 49002 |
| (231) 557-2532 | (269) 226-8822 & (616)752-4615 |
| daniel@stock20.com | mbogren@plunkettcooney.com lhall@plunkettcooney.com |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF CONTEMPT PROCEEDINGS AGAINST THE CITY OF NORTON SHORES

Plaintiff, Daniel Rudd, is a competent adult who can testify to the matters stated herein. Plaintiff swears and affirms that:

1) All the factual assertions in Plaintiff's 6/12/18 motion for contempt proceedings agains the City (filed along with this affidavit) are true and accurate to the best of Plaintiff's knowledge information and belief.

2) On 6/11/18 Plaintiff received a mailing from the City, which contained approximately 47 pages, representing 17 complaints against the City.

3) Some of the complaints are heavily redacted as to the nature of the compliant.

4) The names of officers who are the subject of the complaints have been redacted from all of the complaints.

5) The names of the complainants have been redacted entirely on all complaints.

6) The "IA-Number" has been redacted or obscured on seven of the seventeen complaints.

7)  I promptly contacted opposing counsel by e-mail and urged them to review the portions of this Court's 5/3/18 Opinion which indicate the impropriety of these redactions.  (sent to Attorney Bogren, Hall, & Massaron at 3:37pm on June 11, 2018).

8)  I have not received any indication that the City will remedy this error.

9)  The City **did** alter the wording of this Court's on appeal (as described in my motion and summarized here (emphasis added):

> "Additionally, the trial court here determined that the public interest in disclosure of citizen complaints outweighed the interest in nondisclosure – even though *the trial court recognized that there **would be** "some chilling effect on the Citizenry at large* if the names of the complainants are disclosed." (emphasis added)

The City also stated:

> ..."*The trial court's position is nonsensical*, given that the interest of the complaining citizens is directly at issue, and that, if such information is disclosed, the citizenry at large will be affected by a diminished willingness to come forward with complaints."

10) The City's 6/1/18 "Emergency Application" to the Michigan Supreme Court states:

> "A stay is critical because the confidentiality of the complaining citizen, once disclosed, cannot be regained."

11) For these reasons (and other reasons) Plaintiff believes that the City has willfully defied this Court's lawful order, even the Court of Appeals and the Michigan Supreme Court considered the City's voluminous filings and denied the relief they requested.

Respectfully Submitted on June 12, 2018 by, _____

Daniel W. Rudd (affiant)

This statement was subscribed and sworn before me on June 12, 2018

_____ (Notary Signature)

Pamela R. Eisen _____ NOTARY PUBLIC, County of Ottawa Acting in Muskegon Co. MI

State of Michigan.  My commission expires on: 1-24-2020

**PROPOSED ORDER**

IN THE STATE OF MICHIGAN
IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

DANIEL W. RUDD,

      Plaintiff,               File No. 2017-004334-CZ
                                   Honorable Timothy G. Hicks

     v.

CITY OF NORTON SHORES,

      Defendant.

---

| | |
|---|---|
| Daniel W. Rudd | Michael Bogren, Lisa A. Hall, Mary Massaron |
| Plaintiff, Pro Se | PLUNKETT COONEY, P.C. for Defendant |
| 201 S Lake Ave | 950 Trade Centre Way, Suite 310 |
| Spring Lake, MI 49456 | Kalamazoo, Michigan 49002 |
| (231) 557-2532 | (269) 226-8822 & (616)752-4615 |
| daniel@stock20.com | mbogren@plunkettcooney.com lhall@plunkettcooney.com |

---

**ORDER TO SHOW CAUSE**

Having reviewed Plaintiff's ex parte motion to initiate contempt proceedings, along with Plaintiff's supporting affidavit. **IT IS ORDERED:**

The City of Norton Shores shall appear, through counsel or authorized representative, and show cause why the City of Norton Shores should not be held in

           __civil contempt of court     __ criminal contempt of court

for failure to comply with this Court's 5/3/18 Order & Opinion regarding disclosure of the complaints against the City.

**NOTICE OF HEARING:**

This matter will be heard by the Court on _____ at _____,

in the courtroom of the Honorable Judge Hicks, sixth floor, Muskegon County Courthouse.

990 Terrace St. Muskegon, MI 49442

**SERVICE OF THIS ORDER:**

Plaintiff shall serve a copy of this order, along with the ex parte motion and supporting affidavit.  The same shall be served on the City of Norton Shores by hand delivery to the City clerk, mayor, administrator, or FOIA administrator at the Norton Shores City headquarters. Plaintiff shall additionally send the same documents to the attorneys listed in the caption above by e-mail, with an additional copy sent to Plunkett Cooney by first class mail at the address noted above.

The aforementioned service must be completed by _____

**It is so Ordered:**


_____

Honorable Timothy Hicks, Circuit Court Judge

# IN THE STATE OF MICHIGAN
## IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

DANIEL W. RUDD,
    Plaintiff,

    v.

CITY OF NORTON SHORES,
    Defendant.

File No. 2017-004334-CZ
Honorable Timothy G. Hicks

| | |
|---|---|
| Daniel W. Rudd | Michael Bogren, Lisa A. Hall, Mary Massaron |
| Plaintiff, Pro Se | PLUNKETT COONEY, P.C. for Defendant |
| 201 S Lake Ave | 950 Trade Centre Way, Suite 310 |
| Spring Lake, MI 49456 | Kalamazoo, Michigan 49002 |
| (231) 557-2532 | (269) 226-8822 & (616)752-4615 |
| daniel@stock20.com | mbogren@plunkettcooney.com lhall@plunkettcooney.com |

**PLAINTIFF'S EX PARTE SUPPLEMENTAL MOTION REGARDING
CONTEMPT PROCEEDINGS AGAINST THE CITY OF NORTON SHORES
(WITH CORRECTION OF ERROR)**

### Correction of Error

1) Plaintiff previously advised this Court that the records produced by the City amounted to approximately 47 pages. This was an error. There were actually 36 pages of records produced. Plaintiff does not anticipate any way that misstating the number of pages could prejudice anyone or have a bearing upon the petition for contempt proceedings. However, Plaintiff sincerely apologizes for this mistake.

### Missing Records

2) The City has provided six complaints submitted to the City in 2014,[1] but the 2015 CALEA Accreditation report indicates that the City received seven "external Citizen Complaint[s]" during the year 2014. Only six of these have been produced. (see next page)

---

[1] These include the following "IA" numbers: 2014-01, 2014-05, 2014-08, 2014-09, 2014-10, 2014-12.

ASSESSMENT REPORT
Norton Shores (MI) Police Department
Page 18

maintains a copy of all complaints against the department or its employees secured in accordance to the Bullard-Plaweki Employee Right to Know Act (MCL 423.501).

## Complaints and Internal Affairs Investigations

| External | 2012 | 2013 | 2014 |
|---|---|---|---|
| Citizen Complaints | 4 | 7 | 7 |
| Sustained | 1 | 3 | 3 |
| Not Sustained | 2 | 0 | 1 |
| Unfounded | 0 | 2 | 2 |
| Exonerated | 1 | 2 | 1 |
| | | | |
| Internal | | | |
| Directed complaint | 2 | 4 | 5 |
| Sustained | 0 | 3 | 5 |
| Not Sustained | 0 | 0 | 0 |
| Unfounded | 0 | 0 | 0 |
| Exonerated | 2 | 1 | 0 |

3) Finally, the complaint identified as "IA-2014-08" is missing an attachment which describes the actual citizen's complaint. The record provided references this "memo" and states "see attached." The memo is the complaint and should have been produced pursuant to the 5/3/18 order.

On April 17, 2014 at approx. 0900 hrs., I received a telephone from ▆▆▆▆▆▆▆ ▆▆▆▆▆▆ requesting a face to face meeting regarding a personnel matter. We agreed to meet at the Brew House.

▆▆▆▆▆▆ provided me with a memo sent to him by ▆▆▆▆▆▆▆▆▆▆ dated April 15, 2014 in which he summarizes contact with ▆▆▆▆▆▆▆ earlier that day (see attached). ▆▆▆▆▆▆ states that ▆▆▆▆▆▆▆▆▆ made verbal threats towards him in the Muskegon County Building. Apparently, ▆▆▆▆▆▆▆▆▆ was in the County Building for a hearing related to his pending divorce.

Though ▆▆▆▆▆▆▆▆ was not on-duty at the time of this reported incident, the threats if accurate did imply retaliatory use of, or intentional withholding of, his law enforcement powers authorized by the City of Norton Shores. As such, this incident does impact the Norton Shores Police Department and must be investigated.

Respectfully Submitted on 6/14/18,

Daniel W. Rudd, Plaintiff (Pro Se)
Page 2 of 2