# Exhibit 2

6/21/2018 - The City's response to Plaintiff's contempt filings & the order to show cause.

Rudd v. Norton Shores  Michigan FOIA Litigation
17-004334-CZ  14th Circuit Court,  Hon. Timothy G. Hicks
.

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

DANIEL W. RUDD,

    Plaintiff,

v.

CITY OF NORTON SHORES,

    Defendant.

Case No. 2017-004334-CZ

HON. TIMOTHY G. HICKS

| Daniel W. Rudd (Pro Se) | Michael S. Bogren (P34835) |
|---|---|
| 201 S. Lake Ave | Lisa A. Hall (P70200) |
| Spring Lake, Michigan 49456 | Attorneys for Defendant |
| (231-557-2532) | PLUNKETT COONEY |
| daniel@stock20.com | 950 Trade Centre Way, Suite 310 |
| | Kalamazoo, Michigan 49002 |
| | (269-226-8822) |
| | mbogren@plunkettcooney.com |

## RESPONSE TO PLAINTIFF'S EX PARTE MOTION TO INITIATE CONTEMPT PROCEEDINGS AGAINST THE CITY OF NORTON SHORES AND ORDER TO SHOW CAUSE

Defendant, City of Norton Shores ("Defendant"), by and through its attorneys Plunkett Cooney, in Response to Plaintiff's Ex Parte Motion to Initiate Contempt Proceedings against the City of Norton Shores, as supplemented, and Order to Show Cause states as follows:

Plaintiff Daniel W. Rudd ("Plaintiff") requested this Court to initiate contempt proceedings[1] against the Defendant alleging it willfully defied the Court's May 3, 2018 Order ("Order") when it produced the citizen complaints with redactions of the complainants' and officers' names. The premise is flawed. That is, there is nothing in the Order which would

---

[1] The Order to Show Cause and underlying Ex Parte Motion do not indicate whether Plaintiff is seeking civil or criminal contempt. A defendant charged with contempt is entitled to be informed of whether the contempt proceedings are civil or criminal. *See In re Contempt of Dougherty*, 429 Mich 81, 99; 413 NW2d 392 (1987). For that reason, in addition to those set forth in the Response, the Order to Show Cause should be dismissed.

preclude the respective redactions. Furthermore, because Plaintiff previously represented to the Court that all he was seeking, as it related to the citizen complaints, was the basic nature of the complaint, "even if the names are redacted," it is evident that it is the Plaintiff who is acting in bad faith with the filing of this motion, not the Defendant. For those reasons, Defendant respectfully requests this Court dismiss the Order to Show Cause.

This matter was originally initiated by Plaintiff as a result of the denial of a FOIA request made to Defendant on January 27, 2017 seeking the following:

> Any/all complaints submitted against the Norton Shores Police Department's policies or employees from January 1, 2014 until the present. I am also requesting a copy of any corresponding written report, disposition or document describing the results of the internal investigation.

Defendant denied the FOIA request based upon the personnel records of a law enforcement agency exemption set forth in MCL 15.243(1)(s)(ix). The Court ultimately held that a specific category of documents [i.e., the citizens' complaints] located in the internal affairs files were not exempt under MCL 15.243(1)(s)(ix) and granted partial summary disposition in favor of Plaintiff as to those documents only. But whether the citizens' complaints themselves contained any information that was subject to a separate exemption was never litigated nor decided by this Court, as the issue before the Court was whether the citizen complaints fell within the personnel records of a law enforcement agency exemption. Indeed, Chief Gale's Affidavit provided that turning over the citizen complaints, even in a redacted form, would have the same chilling effect. And the Order entered in this matter did not preclude such redaction. Thus, Defendant was not in violation of this Court's Order when it released the citizens' complaints to Plaintiff with the respective redactions.

Moreover, as this Court is aware, multiple hearings took place in this matter where the Court inquired into what documents Plaintiff actually sought in his January 27, 2017 request.

2

Plaintiff's representations were presumably considered as a part of this Court's holding. At those hearings, Plaintiff conceded he was not seeking the names of the complainants in the citizens' complaints but simply seeking "the basic nature of the complaint." Plaintiff testified:

> So my concern was with not just how many complaints are there, although that information isn't currently publicly available that I'm aware of. My concern is are these complaints handled in a way that is consistent, that's effective, that -- are the actual concerns of the citizens addressed? Because if the citizens don't have any idea of how Norton Shores arrived at their disposition, I'm not suggesting that they should disclose I mean, these personnel files contain Garrity statements, they contain a lot of information that is shielded and protected and privileged by various statutes in Michigan.
>
> I've been very clear in my request and in my pleadings in my appeal to the Norton Shores city that I'm not asking for those things. I'm not asking for personnel evaluations, I'm not asking for anything that would indicate the specific actions that they take when discipline is warranted.
>
> What I'm looking for is -- I would like to know, **and even if the names are redacted, of who the citizens are, what is the basic nature of the complaint?** What's the basic nature of the disposition and how did you arrive at that?

[Ex A, 12/22/17 Transcript, pgs 24-25].

And again, on April 2, 2018, Plaintiff testified that as it related to the citizens' complaints, they should be produced, with redactions if warranted. [Ex. B, 4/2/18 Transcript, pg. 41]. Despite these representations, Plaintiff has filed this motion requesting the Court hold Defendant in contempt for the subject redactions. It is evident Plaintiff's actions are made solely in an effort to harass Defendant.

Plaintiff argues that the Order intended for the complainants' names to be disclosed on page 5 where it provides, "Yes, there might be some chilling effect on the Citizenry at large if the names of the complainants are disclosed..." And Plaintiff further claims that Defendant's arguments on appeal seeking a stay from disclosing the subject complaints prove it was aware it was required to disclose the complainant's name to Plaintiff. But this claim also fails. The

3

key word in the analysis of the Court on page 5 is "if." It did not require them to be disclosed prohibiting the ability to redact. And as discussed at the April 2, 2018 hearing and in Chief Gale's Affidavit, disclosure of the citizens' names can happen even when the underlying complaint is provided in a redacted form, as the public is now privy to the underlying complaint and may already have some knowledge of the underlying event, the parties involved, or may even proceed with investigating the matter with the information provided to verify the identity of the parties involved. Thus, any claim that Defendant acted in bad faith subsequent to the denial of the stay by redacting such information is without merit.

The Order in this matter simply deemed a category of documents [i.e. the citizens' complaints] located in the internal affairs files not exempt pursuant to MCL 15.243(1)(s)(ix) and required them to be produced. The Order was silent as to whether the citizens' complaints, individually, contain information that is exempt. Accordingly, Defendant should not be precluded from redacting such information when producing the citizens' complaints. And because Plaintiff admittedly sought only the basic nature of the citizens' complaints, and not the names, Defendant responded with the appropriate redactions. To disclose such information would clearly be an unwarranted invasion of an individual's privacy, which is protected pursuant to MCL 15.243(1)(a).

Plaintiff's claim that the redaction has made it impossible for the public to appreciate "a pattern of inappropriate conduct" also fails as the basic nature of the underlying complaint is revealed despite the redactions. To the extent a pattern of conduct existed, it would be revealed with the information provided to Plaintiff. Indeed, Plaintiff acknowledged he was able to determine the nature of the complaint, despite having only received redacted copies of the citizen complaints, as he stated in an email to counsel for Defendant that he believes they "relate to the very practices which I've challenged in my federal lawsuit." [Ex. C, June 11, 2018

4

Email from Rudd]. Thus, there is no question Plaintiff was able to ascertain the basic nature of the complaint. It is also evident, based on his pending federal lawsuit and his statements made to Defendant's counsel on June 11, 2018, Plaintiff's motivation in this lawsuit is entirely personal.

As it relates to Plaintiff's claim regarding some of the citizens' complaints being heavily redacted in the body of the document [IA 2015-1 and 2016-16], Defendant will refer the Court to the unredacted versions provided to the Court. As evidenced in unredacted versions, some of the citizens' complaints are taken in by the police department via phone and typed out onto the official complaint form. The investigation then begins on the very same page the citizen complaint is typed on. Thus, on several of the citizens' complaints produced to Plaintiff, there was investigatory work appearing on the first page of the subject complaint which warranted redaction. And as it relates to Plaintiff's claim that some of the citizens' complaints do not contain file numbers, some of the initial citizens' complaints in the file did not contain numbers. Thus, if a number fails to appear on one of the complaints, it is due to it not being originally placed on that document.

Finally, in response to Plaintiff's Supplemental Motion, Plaintiff is correct in that one citizen complaint was missing from 2014. As noted in the index provided to the Court, the citizen complaint labeled IA-2014-11 was not located in the files. Accordingly, there was not a document to produce. And as it relates to IA-2014-08, the document provided to Plaintiff was the initial complaint. The information in the initial complaint was called into the Defendant from a party that did not draft the memo. The party who made the telephone call was the party who instigated the initial complaint and the memo was simply a part of the investigation and properly withheld.

Defendant did not refuse to comply with the Order. Defendant produced the citizens' complaints in accordance with the order. The Defendant's effort to obtain a stay pending their appeal was not a bad faith litigation tactic but an exercise of its available remedies provided for under the law. And Defendant's appeal continues despite denial of the stay.

**RELIEF REQUESTED**

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this Honorable Court dismiss the Order to Show Cause, and grant any further relief which this Court deems just.

Respectfully submitted,

PLUNKETT COONEY

DATED: June 21, 2018

BY: /s/ Michael S. Bogren
Michael S. Bogren (P34835)
Lisa A. Hall (P70200)
Attorney for Defendant

Open.00560.72801.20503607-1

# EXHIBIT A

Plaintiff's Note: This is an Exhibit attached to the City's 6/21/18 State Court filing

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

DANIEL W. RUDD,

        Plaintiff,      File No. 17-004334-CZ

vs.

                             MOTION

CITY OF NORTON SHORES,

        Defendant.

R E C O R D

of the proceedings had in the above-entitled cause on the 22nd day of December, 2017, before HONORABLE TIMOTHY HICKS, CIRCUIT JUDGE.

APPEARANCES:

The Plaintiff appeared in person, but was not represented by counsel.

LISA A. HALL, J.D. (P70200)
Attorney at Law
    on behalf of the Defendant.

```
 1         certification organization.  But these standards are
 2         -- are fairly common throughout the country.
 3                   So my concern was with not just how many
 4         complaints are there, although that information isn't
 5         currently publicly available that I'm aware of.  My
 6         concern is are these complaints handled in a way that
 7         is consistent, that's effective, that -- are the
 8         actual concerns of the citizens addressed?  Because
 9         if the citizens don't have any idea of how Norton
10         Shores arrived at their disposition, I'm not
11         suggesting that they should disclose -- I mean, these
12         personnel files contain Garrity statements, they
13         contain a lot of information that is shielded and
14         protected and privileged by various statutes in
15         Michigan.
16                   I've been very clear in my request and in
17         my pleadings in my appeal to the Norton Shores city
18         that I'm not asking for those things.  I'm not asking
19         for personnel evaluations, I'm not asking for
20         anything that would indicate the specific actions
21         that they take when discipline is warranted.
22                   What I'm looking for is --  I would like
23         to know, and even if the names are redacted, of who
24         the citizens are, what is the basic nature of the
25         complaint?  What's the basic nature of the
```

```
 1    disposition and how did you arrive at that?
 2              THE COURT:  Now my questioning of Ms. Hall
 3    at several points to talk about whether or not your
 4    request could be severed into two parts, and you seem
 5    to be going down that road a little bit.  You're
 6    saying you don't want the internal investigation
 7    reports.  Correct?
 8              MR. DANIEL RUDD:  Correct.
 9              THE COURT:  But if the court orders
10    disclosure simply of the citizen complaint file,
11    that's incomplete relief for you.  Correct?
12              MR. DANIEL RUDD:  That would be
13    incomplete.
14              THE COURT:  Because you want to know what
15    the city did with it.
16              MR. DANIEL RUDD:  Yes.
17              THE COURT:  Okay.
18              MR. DANIEL RUDD:  And according to the
19    City of Norton Shores, on their website as they
20    describe this process, they indicate when your
21    complaint is received, it will be assigned and
22    investigated and we'll keep you apprised of what's
23    happened.  Once the investigation is completed, a
24    summary of that investigation, which would not
25    include all of the confidential information -- a
```

# EXHIBIT B

Plaintiff's Note: This is an Exhibit attached to the City's 6/21/18 State Court filing

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

DANIEL RUDD,

        Plaintiff,      File No. 17-004334-CZ

vs.

                               MOTION

CITY OF NORTON SHORES,

        Defendant.


R E C O R D

of the proceedings had in the above-entitled cause on the 2nd day of April, 2018, before HON. TIMOTHY G. HICKS, Circuit Judge.

APPEARANCES:

The Plaintiff appeared in person, but was not represented by counsel;

LISA A. HALL, J.D. (P70200)
Attorney at Law
   on behalf of the Defendant.

1

**38**

1  A number 10. I'm sorry.
2      MR. RUDD: Your Honor?
3      THE COURT: Mr. Rudd?
4      MR. RUDD: I do think there, you know, may
5  be circumstances, too, where under some of these
6  there might be a different exception where they would
7  redact or, you know, Gale's interview notes with
8  citizens, you know, there might be a different
9  exemption -- reason for not disclosing, you know, his
10 personal notes. But I -- The Garrity statements is
11 the only one that I would say comes off there.
12     THE COURT: All right.
13     MR. RUDD: Now, there are times where the
14 courts have ruled that the public's interest in
15 knowing that information outweighed the public's
16 interest in protecting that. That's pretty rare that
17 that's the case, but a judge has to decide that. Has
18 to look at them and then make particularized findings
19 of fact.
20     THE COURT: Mr. Rudd, do you think the
21 Court's in a position now to grant summary
22 disposition either way?
23     MR. RUDD: Well --
24     THE COURT: The city's the moving party
25 here today, but I think we discussed the last time we

**39**

1  were here under MCR 2.116(I)(2), I think it is, I can
2  grant you summary disposition if I think that's
3  merited based strictly on the city's filing of the
4  motion.
5      MR. RUDD: Well, the Defendant's position
6  and then the position you took on the last brief I
7  filed asking for more particularized affidavits that
8  that was, in essence, a Motion for Summary
9  Disposition, I think that's -- that's a way that
10 summary disposition in my favor would be appropriate
11 because I think that's what's needed to move this
12 forward.
13     THE COURT: Well, I expected you to say
14 that. My question is: There are certain
15 circumstances where the Court can grant -- I mean,
16 there has to be the correction foundation for the
17 Court to grant a Motion for Summary Disposition.
18     MR. RUDD: Uh-huh.
19     THE COURT: So do you think the Court has
20 the correct foundation at this point to grant summary
21 disposition either way?
22     MR. RUDD: Partial summary disposition,
23 yes, on --
24     THE COURT: Partial?
25     MR. RUDD: Yeah. That happens.

**40**

1      THE COURT: So you want me to take my list
2  of 10 items and deal with 4-1/2 --
3      MR. RUDD: Yeah. I actually think --
4      THE COURT: -- or 7-1/2 or something like
5  that? Okay.
6      MR. RUDD: I do -- I did bring a copy of
7  a 2013 published decision that kind of lays out -- it
8  summarizes a bunch of these cases and lays out a
9  process.
10     THE COURT: Which case is that? Is that
11 the Aromo case?
12     MR. RUDD: This is King versus Oakland
13 County Prosecutor.
14     THE COURT: All right.
15     MR. RUDD: And -- and I brought --
16     THE COURT: Is it published or
17 unpublished?
18     MR. RUDD: It's published.
19     THE COURT: All right. What's the --
20     MR. RUDD: I brought a copy for everybody.
21     THE COURT: Well, just tell me what the
22 cite is.
23     MR. RUDD: You mean the case number?
24     THE COURT: Well, okay. I mean, if you've
25 got a copy, hand them out.

**41**

1      MR. RUDD: Okay. The --
2      THE COURT: So if you say the partial, I'm
3  going to take that as a no, you think that the Court
4  --
5      MR. RUDD: Do you mean like dispose the
6  whole thing and we're done with it?
7      THE COURT: Well, I want to do it the
8  right way, but that's a question I'm going to ask Ms.
9  Hall in a minute. They don't get a free shot when
10 they file a Motion for Summary Disposition like this.
11 That -- that opens the door to the Court granting the
12 summary disposition the other way and you'd be
13 surprised how many defense lawyers fail to grasp that
14 point. Now neither Ms. Hall nor her colleagues at
15 her firm are among those misinformed lawyers.
16 They're pretty good about this stuff.
17     MR. RUDD: So I would -- I would think
18 that summary disposition would be appropriate on the
19 citizen complaints themselves. I think they should
20 be produced, possibly with redactions if -- if it's
21 warranted in a specific case. But if they are
22 produced with redactions, I think Defendant should be
23 required to give an explanation for what's redacted
24 and that gives you the opportunity to decide if you
25 need to review that redaction in camera.

# EXHIBIT C

Plaintiff's Note: This is an Exhibit attached to the City's 6/21/18 State Court filing

-----Original Message-----
From: Daniel Rudd [mailto:daniel@stock20.com]
Sent: Monday, June 11, 2018 3:38 PM
To: Hall, Lisa
Cc: Bogren, Michael; Massaron, Mary
Subject: Re: Rudd v. Norton Shores FOIA - Record Redaction

Lisa, Although you have not answered the question I asked, I've had some time to review the redacted documents and it is clear that you are simply defying the disclosure order.

Please review page 5 of the Court's order (¶2) specifically indicates that the names of the complainants should be disclosed.
Paragraphs 3-4 indicate the Court's intention that public will be informed as to a "pattern of inappropriate conduct". That cannot be possible if you redact the names.

The order designates the complaints themselves as non-exempt (meaning no redactions). The order does specify what may be "carved out" (complaints from NSPD or WEMET). You've carved out much much more.

I will file for an order to show cause tomorrow. I will also be filing grievances with the AGC shortly thereafter.

I can appreciate your zealous advocacy on behalf of your client (even when I believe your client is corrupt).

However, this crosses over into ethical violations for 2 reasons:

1) You've already received an extension, you've had two emergency hearings, two emergency appeals and you've presented your case to the Supreme Court.

2) Many of these complaints relate to the very practices which I've challenged in my federal lawsuit.

Accordingly, it appears that you are willfully defying a court order under the FOIA statute --- because you want to limit potential liability for your client in the federal lawsuit.

I don't mind if you are vigorous in defending each suit--and I understand that objectives will overlap. However, they should never overlap in the form of a strategic and calculated defiance of a court order.

1

That is not zealous advocacy at all. Your first obligation is to the fair administration of justice in the courts. What you are doing now is disrespectful to the law and your profession.

Sincerely, Daniel Rudd

On Mon, Jun 11, 2018 at 2:55 PM, Hall, Lisa <lhall@plunkettcooney.com<mailto:lhall@plunkettcooney.com>> wrote:
I submitted a copy of the documents provided to you to the Court as well.

Thank you,

<http://www.plunkettcooney.com>[cid:image002.jpg@01D40194.2C2E81E0]<http://www.plunkettcooney.com/><http://www.plunkettcooney.com>


Lisa A. Hall

Plunkett Cooney
Attorneys & Counselors at Law
T 616.752.4615   C 616.446.9292

bio <http://www.plunkettcooney.com/people-180.html> | office <http://www.plunkettcooney.com/offices-directions-6.html> | vcard <http://www.plunkettcooney.com/vcard-180.vcf> | web <http://www.plunkettcooney.com/> | linkedin <https://www.linkedin.com/in/lisa-hall-12992361/>



From: Daniel Rudd [mailto:daniel@stock20.com<mailto:daniel@stock20.com>]
Sent: Monday, June 11, 2018 10:38 AM
To: Hall, Lisa; Bogren, Michael; Massaron, Mary
Subject: Rudd v. Norton Shores FOIA - Record Redaction

Some of these records are heavily redacted. Did you also submit these records to Judge Hicks with these same redactions? Unless that is the case, I believe that the City of Norton Shores is in clear violation of the 5/3/18 disclosure order.

Please advise ASAP.
Daniel Rudd