UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WILLIAM RUDD,

    Plaintiff,

v.

CITY OF NORTON SHORES, et al.,

    Defendants.
_____/

Case No. 1:18-cv-124

Honorable Gordon J. Quist
U.S. District Court Judge

**CERTIFICATE REGARDING EFFORTS TO OBTAIN CONCURRENCE**

RE: Plaintiff's Motion for Sanctions against the Norton Shores Defendants

**The undersigned certifies that he attempted to resolve the issues raised in his motion for Rule 11 Sanctions in the manner described below.**

Plaintiff delivered a copy of his Motion for Sanctions to counsel for all the parties on 9/21/18.

On 9/24/18, Plaintiff followed up with Mr. Callahan to see if the concerns could be resolved in an expedited manner (because of the work involved in responding to three dispositive motions while also attempting to produce an amended complaint).

Mr. Callahan indicated that he would run the matter by his clients.

Plaintiff followed up again with an email on 9/26/18.

Mr. Callahan indicated that he had not heard back from his clients, but that he (Mr. Callahan) believed that Plaintiff's motion for sanctions was itself sanctionable.

On 10/2/18, Plaintiff sent an email to Mr. Callahan stating:

> "Mr. Callahan, if you could please identify which portions of my proposed Rule 11 motion are sanctionable (and why), I will consider withdrawing those portions. Would it be possible to provide this information in the next two days, and also let me know if your client intends to withdraw any of the challenged claims? Thank you, Daniel Rudd"

On 10/2/18, Mr. Callahan responded, advised that:

> "As to why I think the motion itself could be sanctionable, I do not believe it is brought for a proper purpose and not well founded in law..
>
> As to whether the motion to dismiss will be withdrawn, I have not been directed to do that, and I submit you should not expect that it will happen.
>
> Circling back a bit, I anticipate the motion for protective order should be filed tomorrow, or Thursday at the latest."

On 10/2/18, Plaintiff responded:

> "Thanks for your response.  I'll need something more specific if I'm going to withdraw any portions of my sanctions motion.
>
> RE: The protective order -- I still plan to oppose a motion for a complete stay of discovery.  However, I remain open to suggestion on what you think would be more proportional discovery --- or some kind of plan for phased discovery that makes for efficient resolution of dispositive motions without halting all discovery.  I'm not really able to conceptualize exactly what that would look like, but I thought I would put that out there in case someone else can.
>
> -Daniel Rudd"

After this point, Plaintiff did not hear anything further regarding the issues raised in the motion for sanction. Mr. Callahan did not specifically identify or explain why any portion of Plaintiff's motion sanctions should be withdrawn (because it was itself sanctionable).

    /s/ Daniel William Rudd     10/22/2018

Daniel William Rudd, Plaintiff (Pro Se)
201 S  Lake Ave.  Spring Lake, MI 49456
(231) 557-2532  daniel@stock20.com