UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL W. RUDD,

    Plaintiff,

v.

CITY OF NORTON SHORES,
MAYOR GARY NELUND, MARK MEYERS,
DANIEL SHAW, MATTHEW RHYNDRESS,
MICHAEL WASILEWSKI, JON GALE,
CHRIS MCINTIRE, MELISSA MEYERS,
MICHELLE MCLEAN, JOEL BAAR,
BOLHOUSE, BAAR & HOFSTEE PC.,
WILLIAM HUGHES PLLC, DOUGLAS
HUGHES,

    Defendants.

Case No. 1:18-cv-124

HON. GORDON J. QUIST/KENT
MAG. JUDGE RAY KENT

_____

| | |
|---|---|
| Daniel W. Rudd (Pro Se)<br>201 S. Lake Ave<br>Spring Lake, Michigan   49456<br>(231-557-2532)<br>daniel@stock20.com | Michael S. Bogren (P34835)<br>Robert A. Callahan  (P47600)<br>Attorneys for Defendants<br>City of Norton Shores, Mayor Nelund, Jon<br>Gale, Shaw, Rhyndress, Wassilewski, Mark<br>Meyers, Douglas Hughes and William Hughes |
| Steven Daniel Schultz (P63177<br>Attorney for Melissa Meyers<br>TANIS SCHULTZ PLLC<br>85 Campau Ave. NW, Ste 305<br>Grand Rapids, Michigan  49503-2611<br>(616-608-7149)<br>sschultz@tanisschultz.com | PLUNKETT COONEY<br>950 Trade Centre Way, Suite 310<br>Kalamazoo, Michigan   49002<br>(269-226-8822)<br>mbogren@plunkettcooney.com<br>rcallahan@plunkettcooney.com |
| Richard L. Bolhouse (P29357)<br>Attorney for Defendants<br>M. Mclean, J. Baar,  and Bolhouse, Hofstee &<br>Mclean<br>BOLHOUSE, HOFSTEE & McLEAN PC<br>3996 Chicago Drive, SW<br>Grandville, Michigan  49418<br>(616-531-7711)<br>rickb@bolhouselaw.com<br>sallyr@bolhouselaw.com | Rock Wood (P41181)<br>Sarah R. Robbins (P81944)<br>Attorneys for Defendant Chris McIntire<br>Michigan Dept. of Attorney General<br>P.O. Box 30736<br>Lansing, Michigan  48909<br>(517-373-6434)<br>Woodr5@michigan.gov<br>albrol@michigan.gov<br>schuellerT@michigan.gov |

**NORTON SHORES DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.     INTRODUCTION.**

The Norton Shores Defendants moved for judgment on the pleadings. In their brief in support, Norton Shores Defendants were specific as to the facts alleged by Plaintiff in support of his conspiracy theory. In response, Plaintiff proceeds upon nothing more than conclusory rhetoric and an illogical contortion of the "facts." It is respectfully submitted Plaintiff has failed in his attempt to further prolong this lawsuit. The Norton Shores Defendants' submit their motion for judgment on the pleadings must be granted.

**II.    LEGAL STANDARDS.**

A motion for judgment on the pleadings can be filed after the pleadings are closed. "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In evaluating a motion for judgment on the pleadings the Court is to take, as true, "all well-pleaded material allegations." *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017). The reviewing Court is not to accept as true Plaintiff's legal conclusions or unwarranted factual instances. *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)(citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). Norton Shores Defendants' motion for judgment on pleadings is to be granted if they are clearly entitled to judgment as a matter of law. *Hindel, supra* at 346.

A motion for judgment on the pleadings is just that – a review of the pleadings such as Plaintiff's complaint. Matters outside the pleadings are not to be considered. Otherwise, it would transform it into a motion for summary judgment. *Franklin v. Frid*, 7 F. Supp. 2d, 920, 922 (W.D. Mich. 1998). To survive a motion for judgment on the pleadings, Plaintiff's

complaint "must contain direct or inferential allegations respecting **all** the material elements under some viable legal theory." *Hindel*, *supra* at 346-47. See also, *Commercial Money Center, supra,* 508 F.3d at 336 (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Hence, Plaintiff's complaint must contain sufficient factual matter, not legal conclusions or unwarranted factual inferences, to "state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hindel, supra* at 347 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Accordingly, it is to Plaintiff's complaint that Defendants once again proceed.

### III.     PLAINTIFF'S COMPLAINT.

As cogently noted by this Court in its August 8, 2018 Opinion, Plaintiff alleges a "wide-ranging conspiracy to violate (plaintiff's) federal constitutional rights." ECF No. 50, PageID 320. This Court also specifically noted Count II of Plaintiff's complaint is for a conspiracy to violate his constitutional rights. ECF No. 50, PageID 320. This Court also noted Plaintiff couched **all** of his §1983 claims – "as conspiracy claims." ECF. No. 50, PageID 328.

In conclusory fashion, Plaintiff alleged the Norton Shores Defendants conspired amongst each other. Plaintiff similarly alleged attorney Melissa Meyers conspired with the Norton Shores Defendants to "injure Plaintiff," and she was married to the Norton Shores City Manager. Interestingly, Plaintiff alleged in 2014 attorney Michelle McLean substituted in place of Myers as the attorney opposing Plaintiff in his custody proceedings. ECF No. 1, PageID 4, ¶14. Plaintiff alleged the actions by Norton Shores Defendants were to not investigate his complaints, to testify against Plaintiff in the hearings, and to appear as

3

witnesses against Plaintiff. See ECF No. 1, PageID 6, ¶26; PageID 7, ¶29; PageID 14, ¶56; PageID 21, ¶97; PageID 22, ¶¶101-102.

Count II is the only conspiracy claim remaining. It is composed of only three paragraphs. The first paragraph realleges and reincorporates the previous allegations. Plaintiff then alleges, in the most conclusory of fashions, as follows:

> 118. All defendant's participated in the conspiracy to retaliate against plaintiff with the adverse actions described in this complaint. These actions were motivated, at least in part, by plaintiff's persistent efforts to seek assistance and the redress of grievances by the government.
>
> 119. Plaintiff brings this count against all defendants by way of retaliatory acts or participation in the conspiracy to retaliate against plaintiff.
>
> See ECF No. 1, PageID 26 ¶¶118-119.

It is upon these allegations that Norton Shores Defendants' base their motion for judgment on the pleadings.

## IV.   ARGUMENT AND ANALYSIS.

### A.   Plaintiff Has Not Stated An Independent First Amendment Claim.

In Plaintiff's brief in opposition, he asserts he has a claim for retaliation against the Norton Shores Defendants independent of any conspiracy. See ECF No. 72, PageID 488 ("As it pertains to direct acts of retaliation by the City, Plaintiff need not establish a conspiracy.") This revisionist pleading by Plaintiff must be rejected by this Court as nothing but empty rhetoric. Plaintiff is the master of his complaint. In Count II, Plaintiff specifically alleged it was **all** Defendants' participation in the "conspiracy" to retaliate against him that is the cause of action. This reality was clearly set forth by this Court in its August 18, 2018 Opinion. ECF No. 50, PageID 320;328. The pleadings are closed. Plaintiff cannot now attempt to assert his complaint is something other than what it clearly is – a 29-page

pleading alleging various and sundry "facts," conclusions, and illogical rhetoric of some vast conspiracy between Norton Shores officials, and private attorneys. Plaintiff's attempt at a 180° turn on his theory of liability must not be countenance by this Court.

### B.    Plaintiff Fails to State a Claim For Conspiracy.

As noted by this Court, a civil conspiracy pursuant to 42 U.S.C. §1983 is an "agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). In order to have pled a conspiracy claim Plaintiff must have sufficiently alleged facts, and made the allegation "that there was a single plan, that the alleged coconspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy." *Heyne v. Metro Nashville Pub. Sch.,* 655 F.3d 556, 562 (6th Cir. 2011). It was incumbent upon Plaintiff to allege facts sufficient to establish all the elements of a conspiracy. Norton Shores Defendants respectfully submit Plaintiff failed to plead any facts which remotely suggest there was ever a single plan between the alleged co-conspirators, or that they all shared in a general conspiratorial objective.

Indeed, the "gossamer thread" in Plaintiff's conspiracy theory, as noted by Norton Shores Defendants in their initial brief, was Melissa Meyer. Plaintiff draws a whole host of illogical conclusions based upon the happenstance she is married to the Norton Shores City Manager. The illogical nature of these allegations and conclusions is most graphically demonstrated by Plaintiff's allegation that as of 2014, Melissa Meyers was **no longer** the

attorney representing Plaintiff's ex-wife in the family law dispute. As Plaintiff clearly alleges, Michelle McLean substituted in place of Meyers in 2014. ECF No. 1, PageID 4, ¶14.

Plaintiff also relies extensively on communications between Norton Shores employees including the mayor, two chiefs of police, the city manager, the city attorney, and two police officers. As such, Plaintiff is alleging the Norton Shores Defendants were conspiring amongst one another to violate his federal constitutional rights. The problem for Plaintiff with this type of allegation is such a claim is barred by the "Intra-Corporate Conspiracy Doctrine." *Franklin v Frid*, 7 F. Supp. 2d 920, 926 (W.D. Mich. 1998). This well settled principle of law mandates a "corporation cannot conspire with its own agents or employees." *Id.* (citing *Doherty v. American Motors Corp.*, 729 F.2d 334, 339 (6th Cir. 1984). The Intra-Corporate Conspiracy Doctrine applies to claims asserted against municipal or governmental entities. *Hull v. Cuyahoga Valley Joint Voc. Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991). Plaintiff cannot rely, as he attempts to in his complaint, on alleged communications amongst and between employees or agents of the City of Norton Shores in order to attempt to establish some type of conspiracy.

Moreover, Plaintiff attempts to rely on allegations the Norton Shores police did not investigate, properly or otherwise, as evidence of the conspiracy. As noted by this Court in its previous opinion, "a citizen has no constitutional right to have the police investigate or prosecute criminal activity." *Flagg v. City of Detroit*, 447 F.Supp.2d 824, 829 (E.D. Mich. 2006).

In similar fashion, Plaintiff cannot rely on the fact Norton Shores police testified during his family law proceedings, or Norton Shores employees or agents appeared at hearings in order to be called as witnesses. As already concluded by this Court, "such

6

conduct – merely showing up to a hearing to testify – would not, in this Court's judgment, 'deter a person of ordinary firmness from exercising protected conduct.'" *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 724 (6th Cir. 2010).

This Court has already determined many of the issues against Plaintiff in the course of its August 8, 2018 Opinion. It is respectfully submitted that upon a discerning review of Plaintiff's complaint asserted against the Norton Shores Defendants, this Court must grant the motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).

## V. CONCLUSION.

Plaintiff filed his complaint nearly nine months ago. He repetitively has asserted he has been working on an amended complaint to correct the deficiencies. The chicken has long since flown that coop. Plaintiff has proceeded on a patchwork quilt of some facts, tied together with illogical inferences and unsupported legal conclusions, of some type of conspiracy. At most, the facts alleged by Plaintiff reflect parallel conduct which is not consistent with an agreement amongst all the Defendants to violate Plaintiff's federal constitutional rights. The "facts" upon which Plaintiff relies are not sufficient to state a claim because they are "not only compatible with, but indeed [are] more likely explained by lawful, unchoreographed . . . behavior." *Iqbal, supra* at 680. City of Norton Shores Defendants respectfully submit the time has come for this Court to permanently put to rest Plaintiff's complaint, which too long has been pending before this Court.

7

Dated:  October 30, 2018

Respectfully submitted,

PLUNKETT COONEY


By:   /s/ Robert A. Callahan
      Robert A. Callahan (P47600)
      Attorney for Defendants
      950 Trade Centre Way, Suite 310
      Kalamazoo, MI  49002
      **Direct Dial:  269/226-8856**

Open.00560.80616.21138483-1