UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WILLIAM RUDD,

    Plaintiff,

v

THE CITY OF NORTON SHORES et. al.

    Defendants.

HON. GORDON J. QUIST
U.S. District Judge

Case No. 1:18-cv-124

---

Daniel W. Rudd
Plaintiff, In Pro Per
201 S. Lake Ave
Spring Lake, MI 49456
231-446-2532
daniel@stock20.com

Richard L. Bolhouse (P29357)
Michelle M. McLean (P71393)
Bolhouse, Hofstee, & McLean PC
Attorneys for Defendants McLean,
Baar, and Bolhouse, Hofstee & McLean
(f/k/a Bolhouse, Baar, & Hofstee)
39996 Chicago Dr. SW
Grandville, MI 49418
616-531-7711
rickb@bolhouselaw.com

---

## DEFENDANTS BOLHOUSE, HOFSTEE & MCLEAN P.C., MICHELLE MCLEAN AND JOEL BAAR'S REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

Index of Authorities............................................................................................i

I. Law and Argument....................................................................................1

    A. First Amendment Retaliation..........................................................1

        i. The Bolhouse Defendants are not State Actors........................1

        ii. Plaintiff's Illusory Claim of Conspiracy does not Impose State Liability onto the Bolhouse Defendants.................................2

II. Plaintiff's Abuse of Process Claim Fails....................................................3

III. Conclusion................................................................................................5

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)..................................................................................4

Backpage.com LLC v. Dart
    807 F.3d 229, 230 (7th Cir. 2015) ............................................................3

Bart v. Telford
    677 F.2d 622 (7th Cir. 1982) ...................................................................2

*DeGeorge v. Warheit*
    276 Mich. App. 587 (2007) .....................................................................2

Hall v. Mittelstaedt
Unpublished opinion per curiam of the Court of Appeals, decided September 6, 1996 (Docket Nos. 155583, 176872) ..................................................................................................4

Krupp v. Pre-Tech Auction, Inc.
Unpublished opinion per curiam option of the Court of Appeals, decided February 12, 2009 (Docket No. 281066) ..........................................................................................................4

Vallance v. Brebaker
    161 Mich. App. 642, 647 (1987) ..............................................................4

**Rules**

MCR 3.606(A) ..........................................................................................1,2

## I. INTRODUCTION

Plaintiff's response to the collective motions filed by the Defendants in this case primarily and principally targets the Norton Shores Defendants. As it relates to the Bolhouse Defendants, Plaintiff offers little in the way of legal support for his conclusory and vague allegations of wrongdoing. Instead, Plaintiff appears to believe that because he said it in his complaint, it must not only be true, but also sufficient to survive the pending motion. The reality is that what little support Plaintiff does offer, actually favors, rather than disfavors, the Bolhouse Defendants' position that Plaintiff's Complaint does not, and cannot withstand the scrutiny imposed by Rule 12. The Bolhouse Defendants are generally satisfied with the law cited in their initial brief. They offer this brief reply in response to what little legal authority Plaintiff does cite in his response.

## II. LAW AND ARGUMENT

### A. FIRST AMENDMENT RETALIATION

#### i. THE BOLHOUSE DEFENDANTS ARE NOT STATE ACTORS

Plaintiff loosely references an uncited and undeveloped body of law that he contends requires criminal contempt proceedings to be initiated by a county prosecutor before a private attorney is appointed to serve in the role of a quasi-prosecutor. Following this logic then, Plaintiff seems to contend for the first time that the Bolhouse Defendants were acting as prosecuting attorneys, and therefore they must be liable as state actors.

Plaintiff's position is frivolous. MCR 3.606 permits a private party to initiate contempt proceedings through the use of an ex parte motion. Specifically, MCR 3.606(A)(1) states that "for a contempt committed outside the immediate view and presence of the court, on a proper showing on *ex parte* motion supported by affidavits, the court shall order the accused person to show cause, at a reasonable time specified in the order, why that person should not be punished for the alleged misconduct." MCR 3.606(A)(1). As the court of appeals in *DeGeorge v. Warheit*, 276 Mich. App. 587 (2007) observed, "MCR 3.606(A) does not make a distinction between criminal

1

and civil contempt. Accordingly, because it is apparent that such an ex parte motion would ordinarily, if not always, be brought by a party to a case against an opposing party and because civil cases often involve only private parties, it is manifest that the Michigan Court Rules contemplate that a private party (and by obvious extension that party's attorney acting in a representative capacity) may initiate and prosecute a motion to hold an opposing party in criminal contempt." *Id.* at 600.

Plaintiff's contention that the Bolhouse Defendants somehow transformed into prosecuting attorneys is further evidence of the frivolous nature of Plaintiff's claims, and of his desperation in latching onto a legal argument that might convince this Court that anything other than judgment on the pleadings is appropriate.

### ii. PLAINTIFF'S ILLUSORY CLAIM OF CONSPIRACY DOES NOT IMPOSE STATE LIABILITY ONTO THE BOLHOUSE DEFENDANTS

Plaintiff then falls back on his default argument regarding all parties and all claims, which is essentially that he is the target of an unspoken conspiracy between all of the defendants to this case and that conspiracy has caused him unspecified harm. Plaintiff appears to believe that because he alleges that a conspiracy exists, the Court must accept it as fact and extend liability onto the Bolhouse Defendants as state actors. Plaintiff relies on two cases that he contends support his position. The first, *Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982), involved claims brought solely against various public officials, specifically the mayor and three of his subordinates. No private action was alleged. No private actors were named as defendants. As such, *Telford* is irrelevant to this Court's consideration

Likewise, the second case upon which Plaintiff relies, *Backpage.com LLC. v. Dart*, 807 F.3d 229, 230 (7th Cir. 2015) also alleges claims solely against public officials. In that case, the lone Defendant was the county Sheriff, acting in his official capacity. Interestingly, the Court in that case went out of its way to note that "if all the sheriff were doing to crush Backpage (plaintiff)

was done in his capacity as a private citizen, rather than as a government official, he would be within his rights." *Id.* As such, not only does *Backpage* fail to support Plaintiff's position, it actually cuts against it.

Plaintiff would have this Court believe that the Bolhouse Defendants' conduct came out of left field such that it cannot be explained absent the existence of a conspiracy. Plaintiff ignores the fact that the PPO in this case was validly issued and was still in place at the time Ms. Meyers filed her motion for an order to show cause. Plaintiff attaches a portion of the transcript from the November 9, 2015 hearing that confirms as much. See ECF No. 73-4 at PageID 581 (The Court: "But there is a legitimate protection order in place, and it has provisions that are to be adhered to.")

What is more is that Plaintiff has admitted that he did indeed attend the soccer game in question while the PPO was in place. Whether such conduct should give rise to a finding of contempt is secondary to the fact that such conduct is exactly what a PPO is meant to deter.

Plaintiff cites no support that would suggest that the mere filing of a request for an order to show cause why a party should not be held in contempt of a valid and subsisting personal protection order, after they have admittedly violated that order, may give rise to the rare occasion where a private party is charged with state action for purposes of a First Amendment Retaliation claim. This case is the prototypical example contemplated by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009) that has failed to cross the line from conceivable to plausible. Accordingly, Plaintiff's First Amendment retaliation claim should be dismissed.

### III. PLAINTIFF'S ABUSE OF PROCESS CLAIM FAILS

One of the overarching problems with Plaintiff's Complaint is that even if his allegations are true, he has not suffered any actual damages as a result of the harms alleged. He did not lose custody of his children, he was not incarcerated, he did not lose his job, he was not fined any

3

amount of money, nor was he deprived of the use of any of his property. Plaintiff's entire case is an exercise in academia.

Certainly, an argument could be made that statutory damages are available for some of the claims alleged by Plaintiff, but abuse of process is not one of those claims. Abuse of process is a tort. See e.g. *Vallance v. Brewbaker*, 161 Mich. App. 642, 647 (1987). "Damages are an essential element of any tort claim." *Krupp v. Pro-Tech Auction, Inc.*, unpublished per curiam opinion of the court of appeals, dated February 12, 2009 (Docket No. 281066) (citing *Lumley v. Univ. of Michigan Bd. Of Regents*, 215 Mich. App. 125, 130 (1996). The Michigan Court of Appeals has applied this universal truth specifically to a claim for abuse of process. "To state a claim on the tort theory of abuse of process, a party must plead facts sufficient to establish **damages** resulting from a party's ulterior purpose and an act in the use of process that is improper in the regular prosecution of the proceeding." See *Hall v Mittelstaedt*, unpublished per curiam opinion of the court of appeals, dated September 6, 1996 (Docket Nos., 155583, 176872).

Plaintiff has honed in on the single discussion between himself and the Bolhouse attorneys prior to the November 9, 2015 hearing as the basis for his abuse of process claim. This singular discussion occurred within the context of PPO litigation that spanned the course of several years. Plaintiff was a willing participant in this discussion.

Plaintiff's Complaint loosely alleges that settlement discussions were had regarding his continued harassment of attorney Melissa Meyers. Plaintiff concludes, however, that "Plaintiff ultimately advised Joel Baar and Michelle McLean that this was completely inappropriate. No agreements were reached." ECF No. 1 at PageID 22, ¶ 100. Taking Plaintiff's allegations as true, even if the Bolhouse attorneys engaged in the conduct alleged, no harm came of it. To be sure, Judge Pittman certainly saw the wisdom in the Bolhouse attorneys' approach. The transcript cited by Plaintiff reflects that Judge Pittman ORDERED the parties to mediation, to accomplish the exact same goals that the Bolhouse Defendants had attempted to accomplish prior to the

hearing. See ECF No. 73-4 at PageID 583 ("the order of the Court is going to be that you, Mr. Rudd, and you, Ms. Meyers, would submit to mediation services.") Indeed, Plaintiff does not cite one single case that would support his position that vague and uncertain settlement discussions that did not ultimately lead to a settlement agreement and did not even produce a concrete settlement offer, could rise to the level of abuse of process sufficient to survive the pending motion.

Plaintiff simply alleges preliminary discussions regarding a resolution that would result in extracting the Parties from each other's lives. There was nothing improper about these efforts on the part of the Bolhouse Defendants, and even if there were, because no resolution was reached, no damages were incurred and Plaintiff's claim fails.

## IV. CONCLUSION

Plaintitff's Complaint, when read through an objective lens, reflects nothing more than an attempt to exact revenge on those he believes have wronged him over the course of the last five years. The Bolhouse Defendants' motion should be granted, judgment on the pleadings entered, and the issue of sanctions expressly reserved against Mr. Rudd.

Respectfully submitted,

Dated: October 30, 2018

Bolhouse, Baar & Hofstee, P.C.

By: /s/ Michelle M. McLean
Michelle M. McLean (P71393)
Richard L. Bolhouse (P29357)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Defendants Michelle McLean, Joel Baar, and Bolhouse, Hofstee, & McLean (f/k/a Bolhouse, Baar, & Hofstee PC)

5