UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL W. RUDD,

    Plaintiff,

v.

CITY OF NORTON SHORES,
MAYOR GARY NELUND, MARK MEYERS,
DANIEL SHAW, MATTHEW RHYNDRESS,
MICHAEL WASILEWSKI, JON GALE,
CHRIS MCINTIRE, MELISSA MEYERS,
MICHELLE MCLEAN, JOEL BAAR,
BOLHOUSE, BAAR & HOFSTEE PC.,
WILLIAM HUGHES PLLC, DOUGLAS
HUGHES,

    Defendants.

Case No. 1:18-cv-124

HON. GORDON J. QUIST/KENT
MAG. JUDGE RAY KENT

_____

Daniel W. Rudd (Pro Se)
201 S. Lake Ave
Spring Lake, Michigan 49456
(231-557-2532)
daniel@stock20.com

Steven Daniel Schultz (P63177
Attorney for Melissa Meyers
TANIS SCHULTZ PLLC
85 Campau Ave. NW, Ste 305
Grand Rapids, Michigan 49503-2611
(616-608-7149)
sschultz@tanisschultz.com

Richard L. Bolhouse (P29357)
Attorney for Defendants
M. Mclean, J. Baar, and Bolhouse, Hofstee &
Mclean
BOLHOUSE, HOFSTEE & McLEAN PC
3996 Chicago Drive, SW
Grandville, Michigan 49418
(616-531-7711)
rickb@bolhouselaw.com
sallyr@bolhouselaw.com

Michael S. Bogren (P34835)
Robert A. Callahan (P47600)
Attorneys for Defendants
City of Norton Shores, Mayor Nelund, Jon
Gale, Shaw, Rhyndress, Wassilewski, Mark
Meyers, Douglas Hughes and William Hughes
PLUNKETT COONEY
950 Trade Centre Way, Suite 310
Kalamazoo, Michigan 49002
(269-226-8822)
mbogren@plunkettcooney.com
rcallahan@plunkettcooney.com

Rock Wood (P41181)
Sarah R. Robbins (P81944)
Attorneys for Defendant Chris McIntire
Michigan Dept. of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
(517-373-6434)
Woodr5@michigan.gov
albrol@michigan.gov
schuellerT@michigan.gov

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

**I.   INTRODUCTION.**

Plaintiff's motion for sanctions filed against the Norton Shores Defendants appears to be his opening salvo in a series of sanction motions to be filed in this Court. Norton Shores Defendants consider Plaintiff's motion, itself, to have been brought for an improper purpose. Plaintiff seeks relief which is not warranted by Rule 11. Norton Shores Defendants submit Plaintiff's Motion for Rule 11 Sanctions must be denied. Although the Norton Shores Defendants will not proceed on a similar motion at this particular point in time, this Court certainly has the inherent authority, and authority under Rule 11, to impose sanctions upon Plaintiff if it deems that to be necessary to deter Plaintiff's litigation antics.

Norton Shores Defendants shall first provide this Court with pertinent procedural background leading up to and subsequent to the filing of Plaintiff's instant motion. Norton Shores Defendants shall then provide this Court with analysis and argument directed to Plaintiff's theories for sanctions.

**II.   PROCEDURAL BACKGROUND.**

On August 8, 2018, this Court issued its Opinion and Order granting co-Defendant McIntire's motion to dismiss. This Court then issued an order setting a Rule 16 Scheduling Conference to take place on September 13, 2018. In preparation for the filing of the Joint Status Report, Plaintiff had numerous e-mail communications with counsel for the remaining Defendants. On August 29, 2018, attorney Michelle McLean advised Plaintiff of their intent to file a Motion to Dismiss the first week of September, 2018. **Exhibit A**. On September 6, 2018, counsel for Melissa Meyers advised Plaintiff of their intent to file a Motion for Judgment on the Pleadings.  **Exhibit B.** On September 10, 2018, counsel for

Norton Shores advised Plaintiff of their plan to file a Motion for Judgment on the Pleadings. **Exhibit C**. Norton Shores' counsel also advised Plaintiff of Norton Shores' position that discovery be stayed until all the motions for judgment on the pleadings are decided. **Exhibit D.** The Joint Status Report was filed in this case on September 10, 2018. The Norton Shores' Defendants could not have been more explicit in the Joint Status Report, setting forth in bold type, the following:

> **It is the understanding of Norton Shores Defendants that all Defendants are going to be filing separate Rule 12 motions to dismiss soon. It is recommended that discovery be stayed until such time that those motions are decided by the Court.**

ECF No. 57, PageID 380.

The Bolhouse Motion to Dismiss was filed on September 10, 2018. The Motion to Dismiss filed by co-Defendant Melissa Myers was filed on September 11, 2018. Norton Shores' Motion for Judgment on the Pleadings was filed on September 11, 2018. On September 12, 2018, the Rule 16 Conference to be held the next day was adjourned without date.

Plaintiff served a voluminous request to produce documents on the City of Norton Shores Defendants on September 18, 2018. Norton Shores Defendants' filed a Motion for Protective Order to stay discovery until the Motions for Judgment on the Pleadings have been decided by this Court. Following oral argument, this Court entered its order granting Defendants' motion for protective order.

On September 26, 2018, counsel for Norton Shores Defendants responded to Plaintiff's inquiry regarding his desired stipulation to file the Motion for Rule 11 Sanctions. Counsel for Norton Shores Defendants responded in pertinent part as follows:

As to the proposed stipulation, I will not agree to it. I believe the proposed motion for sanctions is itself a pleading which could warrant sanctions. I am not certain whether I would seek Rule 11 sanctions, federal judges are not eager to be drawn into such contests if at all possible.

**Exhibit E.**

Plaintiff nevertheless filed the instant motion. Plaintiff also has threatened the co-Defendants with similar motions for Rule 11 sanctions. He filed his proof of mailing the Rule 11 motion for sanctions against counsel for co-Defendants on November 8, 2018. ECF No. 85.

### III.   ANALYSIS AND ARGUMENT.

#### A.   Overview Of Rule 11.

In pertinent part, Fed. R. Civ. P. 11 provides as follows:

(b) REPRESENTATIONS TO THE COURT.  By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)   It is not being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)   The claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)   The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

(C) SANCTIONS.

….

(4) Nature of a sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by other similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into the court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

The test for imposing sanctions under Rule 11 is whether the conduct of the litigant was "reasonable under the circumstances." *Salkil v. Mt. Sterling Twp. Police Dep't,* 458 F.3d 520, 528 (6th Cir. 2006). The standard under which the behavior of an attorney is measured is an objective, not a subjective standard. *Whitehead v. Food Max of Mississippi*, 332 F.3d 796, 802 (5th Cir. 2003). Courts have the inherent authority, on their own, to impose appropriate sanctions upon litigants who violate Rule 11. *Schakosky v. Client Serv's., Inc.*, 634 F. Supp. 2d 732, 738 (E. D. TX, 2007).

The Notes of the Advisory Committee on the 1993 Amendment to Rule 11 have particular applicability in this matter. The Advisory Committee specifically declared "attorneys and *pro se* litigants have an obligation to the court to refrain from conduct that frustrates the aims of Rule 1.[1] The revision broadens the scope of this obligation, but places greater constraints on the imposition of sanctions and should reduce the number of motions for sanctions presented to the court." Further, the Committee noted "Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b) ….[n]or should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable … " Further, the

---

[1] The Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

5

Committee declared "[a]s under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, service of a cross-motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11 – whether the movant or the target of the motion – reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion." It is with these legal principles and admonitions that plaintiff's motion should be analyzed.

### B. Plaintiff's Motion Is A Disguised Argument On The Motion For Judgment On The Pleadings.

Plaintiff seems to take great umbrage to Norton Shores Defendants' interpretation of the allegations in his Complaint. He spends an exhaustive amount of time arguing various allegations, and the inferences which should be drawn from these allegations.

He accuses Norton Shores Defendants of omitting "relevant factual claims." Notably absent from Plaintiff's briefing and argument is any connection between this alleged transgression and any prohibited conduct under Rule 11. Perhaps Plaintiff is relying on an argument the factual contentions of Norton Shores Defendants, or denials of the same do or do not have evidentiary support. Norton Shores Defendants' Motion is for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c).  As such, it does not rely on any "facts." Instead, the motion is predicated solely on any well-pled allegations set forth in Plaintiff's complaint and whether, based upon those, Norton Shores Defendants are entitled to judgment as a matter of law. Plaintiff certainly had every opportunity in his Brief in Opposition, ECF No. 72, to argue whether his well-pled allegations of fact state claims for a conspiracy amongst all co-Defendants to violate his federal constitutional rights. Plaintiff has made it clear he intends his Rule 11 motions to be utilized by this Court in deciding the pending Rule 12(c)

6

motions. He has advised co-Defendant McLean "resolution of the sanctions motions would provide a more informal determination on the 12(c) motions." **Exhibit F.** Similarly, he advised counsel for the Bolhouse Defendants "the objectionable content is material to the Court's 12(c) determination."  **Exhibit B.** Plaintiff must not be allowed to utilize a motion for sanctions, pursuant to Fed. R. Civ. P. 11, to further argue his points in response to a dispositive motion.

### C. Plaintiff's "Quasi Collateral Estoppel" Argument.

Plaintiff infers Norton Shores Defendants' Rule 12(c) motion is improper because this Court already somehow ruled in Plaintiff's favor in its August 8, 2018 Opinion. He asserts this Court has identified non-conclusory factual allegations upon which a plausible inference of conspiracy can be drawn. See ECF No. 78, PageID 680, "Plaintiff's First Amendment Retaliation claims against the City were allowed to go forward." ECF No. 78, PageID 686. As such, Plaintiff seems to argue Norton Shores Defendants should be collaterally estopped from litigating the factual sufficiency of Plaintiff's allegations of conspiracy.

Plaintiff did not come out and identify collateral estoppel or the law of the case as one of the principles upon which he relies for pursuing Rule 11 sanctions. He could not do so, of course.  Collateral estoppel, or issue preclusion, requires three elements to apply:  a question of fact essential to a judgment must have been actually litigated and determined to a valid and final judgment; the same parties must have had a full and fair opportunity to litigate the issue; and there must have been a mutuality of estoppel. See, *Watermark Senior Living Retirement Comm., Inc. v. Morrison Mgmt. Specialist, Inc.*, 905 F.3d 421, 426 (6th Cir. 2018). Clearly, none of those elements exist in this case relative to Norton Shores

7

Defendants. Accordingly, Plaintiff's arguments predicated upon Norton Shores improperly filing a Motion for Judgment on the Pleadings following this Court' s August 8, 2018 Opinion and Order on McIntire's Motion to Dismiss must fall on death ears.

### D.   Plaintiff's "Bad Behavior" Argument Must Be Rejected.

Plaintiff also expresses great umbrage with the use of the phrase "the huberous this exhibits is stunning" in Norton Shores Defendants' brief. Plaintiff feigns hypersensitivity to legitimate legal rhetoric. But that is not all. He expresses even greater umbrage to a comment counsel made to him in an email in which it was stated "Mr. Rudd: There will be no meeting at the Grand Rapids Office. I have had a chance to review the FOIA lawsuit, and am rather appalled at the treatment afforded to Ms. Hall in that case. Any conference shall be by telephone. All parties must be represented in any conference call." ECF No. 77-1, PageID 671. Notably absent from that email, however, was any reference to ***Plaintiff*** having treated Ms. Hall in any manner. This hypersensitivity demonstrated by interpreting the email as an accusation that Plaintiff had treated Ms. Hall improperly, or poorly, speaks volumes to the manner in which he interprets events or comments which he hears.

More fundamentally, the two comments which Plaintiff personally finds to be offending are not the type of behaviors which warrant the imposition of sanctions pursuant to Fed. R. Civ. P. 11. It is submitted Plaintiff is attempting to pick a fight where there is none in order to gain some tactical advantage in this lawsuit.

### E.   Plaintiff's Claim Of Obstructionist Conduct And Abuse Of Litigation Tactics Must Be Rejected.

In conclusory manner, Plaintiff alleges that Norton Shores Defendants have engaged in obstructionist conduct and abusive of litigation tactics. ECF No. 78, PageID 687-688.

Plaintiff suggests counsel for Norton Shores Defendants obstructed the preparation of the Joint Status Report. A cursory review of the emails which Plaintiff attaches to his Motion and Brief demonstrates otherwise. ECF No. 77-1, PageID pages 666-668, 674,675.

It is submitted Plaintiff's Motion for Sanctions itself has been brought for an improper purpose. He sought the withdrawal of Norton Shores Defendants' Motion for Judgment on the Pleadings before filing his Motion. He similarly is threatening co-Defendants with defending against a Motion for Rule 11 Sanctions if they do not withdraw their Motions for Judgment on the Pleadings. It is submitted Rule 11 was not intended to be utilized as a bludgeon against an opponent. The withdrawal of an appropriate dispositive motion should not be the *quid pro quo* for the avoidance of defending against a Rule 11 Motion for Sanctions.

### F. Plaintiff's Requested Relief Is Unwarranted.

As relief, Plaintiff requests this Court to either appoint a special master to oversee discovery disputes and production of documents, with all expenses shifted to the law firm of Plunkett Cooney; or payment by Plunkett Cooney of a retainer for Plaintiff to obtain an attorney. ECF No. 78, PageID 689. This does not meet Rule 11's mandate that any relief be ***fashioned to deter improper litigation behavior***. Once again, reference is made to the notes of the Advisory Committee on the 1993 Amendments to Rule 11:

> Since the purpose of Rule 11 sanctions is to deter whether than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, under unusual circumstances, particularly for [subdivision] (b)(1) violations, deterrence may be ineffective unless the sanction not only requires a person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney fees to another party. Any such award to another party, however,

9

> should not exceed the expenses and attorney fees for the services directly and unavoidably caused by the violation of the certification requirement.

Plaintiff's requested relief magnifies the frivolous nature of his motion. Neither of his requested alternatives is tailored to the deterrence principle underlying the Rule which is envisioned pursuant to the Advisory Committee comments. Plaintiff's request for appointment of a special master to handle discovery disputes is nonsensical, in light of this Court having granted Defendants' Motion for Protective Order to Stay Discovery. Plaintiff's suggestion that counsel for Norton Shores pay Plaintiff's retainer fee for an attorney traverses into the realm of the offensive.

### IV.   CONCLUSION.

As set forth, infra, Rule 11 sanctions are to deter conduct which detracts from the laudable goals of the Federal Rules of Civil Procedure to ensure the just, speedy, and inexpensive determination of every action. Norton Shores Defendants have not engaged in any such behavior. Plaintiff's instant motion, however, is the antithesis of the purposes to be served by the Federal Rules of Civil Procedure. Plaintiff's behavior is being magnified by his threats to file motions for Rule 11 sanctions against the co-Defendants. Norton Shores Defendants respectfully submits that Plaintiff's Motion for Sanctions must be denied by this Court. Norton Shores Defendants further submit that although they have not moved for such, this Court should carefully consider whether Plaintiff's litigation behavior, with Rule 11 Motions being filed, warrant the imposition of sanctions upon him to deter such similar conduct on a going forward basis.

Dated: November 9, 2018         Respectfully submitted,

                                PLUNKETT COONEY


                                By: /s/ Robert A. Callahan
                                    Robert A. Callahan (P47600)
                                    Attorney for Norton Shores Defendants
                                    950 Trade Centre Way, Suite 310
                                    Kalamazoo, MI  49002
                                    **Direct Dial:  269/226-8856**

Open.00560.80616.21200245-1