UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL W. RUDD,

    Plaintiff,

v.

CITY OF NORTON SHORES,
MAYOR GARY NELUND, MARK MEYERS,
DANIEL SHAW, MATTHEW RHYNDRESS,
MICHAEL WASILEWSKI, JON GALE,
CHRIS MCINTIRE, MELISSA MEYERS,
MICHELLE MCLEAN, JOEL BAAR,
BOLHOUSE, BAAR & HOFSTEE PC.,
WILLIAM HUGHES PLLC, DOUGLAS
HUGHES,

    Defendants.

Case No. 1:18-cv-124

HON. GORDON J. QUIST/KENT
MAG. JUDGE RAY KENT

**Bolhouse Defendants' Brief in Opposition to Plaintiff's Request for Amendment of Judgment**

_____

Daniel W. Rudd (Pro Se)
201 S. Lake Ave
Spring Lake, Michigan   49456
(231-557-2532)
daniel@stock20.com

Steven Daniel Schultz (P63177
Attorney for Melissa Meyers
TANIS SCHULTZ PLLC
85 Campau Ave. NW, Ste 305
Grand Rapids, Michigan  49503-2611
(616-608-7149)
sschultz@tanisschultz.com

Richard L. Bolhouse (P29357)
Attorney for Defendants
M. Mclean, J. Baar,  and Bolhouse, Hofstee &
Mclean
BOLHOUSE, HOFSTEE & McLEAN PC
3996 Chicago Drive, SW
Grandville, Michigan  49418
(616-531-7711)
rickb@bolhouselaw.com
sallyr@bolhouselaw.com

Michael S. Bogren (P34835)
Robert A. Callahan  (P47600)
Attorneys for Defendants
City of Norton Shores, Mayor Nelund, Jon
Gale, Shaw, Rhyndress, Wassilewski, Mark
Meyers, Douglas Hughes and William Hughes
PLUNKETT COONEY
950 Trade Centre Way, Suite 310
Kalamazoo, Michigan   49002
(269-226-8822)
mbogren@plunkettcooney.com
rcallahan@plunkettcooney.com

Rock Wood (P41181)
Sarah R. Robbins (P81944)
Attorneys for Defendant Chris McIntire
Michigan Dept. of Attorney General
P.O. Box 30736
Lansing, Michigan  48909
(517-373-6434)
Woodr5@michigan.gov
albrol@michigan.gov
schuellerT@michigan.gov

**BOLHOUSE DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S REQUEST FOR AMENDMENT OF JUDGMENT**

**I.  INTRODUCTION.**

The Bolhouse Defendants join in with and concur in those arguments advanced by co-defendants Melissa Meyers and the Norton Shores Defendants. Plaintiff fails to meet the exceedingly high bar required for those litigants seeking post judgment relief. Plaintiff's requested relief should be denied.

**II.  PROCEDURAL HISTORY.**

Plaintiff filed his complaint in this Court almost one year ago, on February 16, 2018. He asserted numerous claims against numerous Defendants. One of the Defendants sued by Plaintiff was Michigan State Trooper Chris McIntire. McIntire filed a motion to dismiss on April 16, 2018. Plaintiff filed his brief in opposition on June 1, 2018. In his brief in opposition to McIntire's motion to dismiss, Plaintiff continuously suggested that the motion be denied, and that this Court allow discovery to take place. In his brief in opposition to McIntire's motion, Plaintiff referenced his intent to file a first amended complaint "to provide additional detail and designate specific claims against specific defendants with more clarity." See ECF No. 42, PageID 267; 287 n.5.

On August 8, 2018, this Court granted McIntire's motion to dismiss. No motion for leave to amend Plaintiff's complaint was forthcoming. On September 10, 2018, the Bolhouse Defendants filed their motion for judgment on the pleadings.  ECF No. 53. In response, Plaintiff threatened the Bolhouse Defendants with a motion seeking sanctions pursuant to Fed. R. Civ. P.  11, requesting that the motion be withdrawn. On September 24, 2018, Plaintiff represented to all counsel as follows:

Mr. Callahan,

> Because I am attempting to complete my amended complaint, while also responding to three dispositive motions, I believe it would be reasonable for me to request an expedited resolution of the concerns I have raised regarding your 12(c) motion/brief.

ECF. No. 99, PageID 1198.

Two days later, Plaintiff represented he was not delaying filing an amended complaint in the hope of obtaining discovery first, stating "I just need to do a better [sic] of pleading my claim with more developed factual allegations." *Id.* Plaintiff filed his brief in opposition to all Defendants' dispositive motions on October 16, 2018. ECF No. 72, PageID 485. Plaintiff represented to this Court he had advised counsel for Defendants "that he is diligently working on his amended complaint, but this work is delayed by the present dispositive motions." Page ID 488 n. 1.

Plaintiff's brief in opposition to all Defendants' dispositive motions was 41 pages long. Subsequently, Plaintiff sought permission to file a 16 page sur-reply brief on the dispositive motions, professing the need to respond to "new arguments by the Norton Shores Defendants." This Court found the 16 page sur-reply to a 7 page reply by Norton Shores Defendants was unreasonable, and denied Plaintiff's motion on November 26, 2018. ECF No. 91.

On January 8, 2019, this Court issued its Opinion and Order granting the motions to dismiss the federal claims by the Defendants, and entered a Judgment dismissing with prejudice Plaintiff's federal claims. ECF No. 94-95.

Plaintiff now proceeds with his motion seeking amendment of this Court's January 8, 2019, Judgment, invoking Fed. R. Civ. P. 59(e).

### III. ANALYSIS AND ARGUMENT.

#### A. Plaintiff's "Motion" is not Properly Before the Court

This Court entered its final judgment on January 8, 2019. Any post-judgment motion, in order to be timely, must have been filed on or before Midnight, February 5, 2019. On February 5, 2019 at 11:56 pm, Plaintiff filed a document that he entitled "Plaintiff's Brief Seeking Amendment of this Court's Judgment under Rule 59(e)." At no time prior to the midnight deadline, and at no time thereafter, did Plaintiff file an actual motion as required by the local rules for the Western District of Michigan. Local Rule 7.1(a) ("All motions . . . shall be accompanied by a supporting brief.") As such, there is no motion pending. Accordingly, there is nothing to respond to. What is more is that Plaintiff's "brief" runs afoul of numerous additional court rules, checking in at more than twice the allotted page limit. Local Rule 7.3(b). Plaintiff's filing should be struck, and considered a non-event. However, in an abundance of caution, the Bolhouse Defendants have elected to proceed with a "response."

#### B. Plaintiff's Requested Relief is Otherwise Improper.

In his brief, Plaintiff merely invokes Fed. R. Civ. P. 59(e). He has not moved under Fed. R. Civ. P. 60, to request relief from a judgment or order.[1] Neither has he sought relief pursuant to this Court's L.R. 7.4, a motion for reconsideration. However, a reading of Plaintiff's brief appears to suggest that Plaintiff is seeking reconsideration of this Court's Opinion and Order granting Defendants' Motion for Judgment on the Pleadings.[2] Plaintiff

---

[1] Federal Rule 60 provides the grounds for relief as mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud;, misrepresentation, or misconduct by the opposing party; the judgment is void; satisfaction, etc. of the judgment; or any other reason that justifies relief.

[2] Pursuant to this Court's rules on motions for reconsideration, generally motions which "merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable

4

proceeds upon 26 pages of argument in his attempt to convince this Court it must set aside its Opinion and Order granting Defendants' motions for Judgment on the Pleadings, set aside its Order of Judgment, and allow Plaintiff to file an amended complaint.[3] Plaintiff has not filed a motion pursuant to Fed. R. Civ. P. 15, and brief in support for leave to file an amended complaint. Indeed, he never has done that in the 12 months this case has been pending before this Court.

    The discretion of this Court to grant a Motion to Amend Judgment is limited. Motions to alter or amend a judgment, under 59(e), may be granted if there is a clear error of law, there is newly discovered evidence, there is an intervening change in controlling law, or it is necessary to prevent manifest injustice. *GenCorp. Inc. v. American Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999); See also *A.C.L.U. v. McCreary County*, 607 F.3d 439, 450 (6th Cir. 2010). Plaintiff cannot assert there has been newly discovered evidence, intervening change in controlling law, or the need to prevent manifest injustice. Plaintiff does not even assert in his motion there was a clear error of law in this Court's Opinion and Order. A reading of Plaintiff's brief clearly discloses he is re-casting and re-arguing the allegations in his complaint and the inferences he believes should be drawn by this Court. Plaintiff goes on to sprinkle his rehashed arguments with promises of additional matters which may be forthcoming in the amended complaint upon which Plaintiff "diligently" has been working on for the last 8 months. It is submitted Plaintiff does not meet the high standards for being granted the requested relief of the amendment of this Court's Judgment dismissing his complaint.

---

defect by which the Court and the parties have been misled, but also show a different disposition of the case must result from a correction thereof." W.D. Mich. L.R. 7.4(a).
[3]Plaintiff's motion is not a dispositive motion pursuant to this Court's L.R. 7.2. As such, Plaintiff's brief is far in excess of that permitted by this Court pursuant to L.R. 7.3(b).

Moreover, Plaintiff promises to file an amended complaint within 20 days after this Court enters an order setting aside the final judgment. This would bring Plaintiff to a point much closer to one year since he first promised to file an amended complaint clarifying and setting forth specific factual allegations which meet the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff proceeds without invoking the provisions of Fed. R. Civ. P. 15. Normally, leave to allow the amendment of a complaint should be freely given. That does not apply here. Plaintiff has been exceedingly dilatory. It appears to the Bolhouse Defendants that Plaintiff's *modus operandi* has been to put together a prolix complaint with fanciful allegations of conspiracy to file in this Court, as leverage to open the door to engage in overly broad, unduly burdensome, and unwarranted discovery. This did not work, now it is on to Plan B for Plaintiff.

A district court appropriately acts within its discretion when it denies a Plaintiff's Rule 15 and 29 motion on account of undue delay. *Kuyat v. Biomimetic Therapeutics, Inc.,* 747 F.3d 435, 444 (6th Cir. 2014). Further in the context of a request made post-judgment, this Court must take into consideration Plaintiff's good cause for failing to move prior to entry of judgment. *Id.,* quoting *Morse v.* McWorter, 290 F.3d 795,800 (6th Cir. 2002). Plaintiff makes no attempt to establish good cause. Indeed, he cannot do so. This Court has as its interest protecting finality of judgments, the expeditious termination of litigation, and potential prejudice to Defendants. *Id.*

Moreover, Plaintiff fails to provide any proposed amended complaint. "Normally, a party seeking an amendment should attach a copy of the amended complaint." *Id.*, citing *Shillman v. United States,* 221 F.3d 1336, 2000 W.L. 923761 at *6 (6th Cir. 2000). Simply

stated, Plaintiff woefully falls short of justifying the prolonging of this lawsuit through the filing of an amended complaint.

### IV. CONCLUSION.

For the reasons set forth in this brief, Plaintiff's request to amend this Court's judgment must be denied. It is respectfully submitted this Court must enter an order to that effect.

                                      Respectfully submitted,

Dated:    February 18, 2019          Bolhouse, Hofstee & McLean P.C.

                                      By: /s/ Michelle M. McLean
                                      Michelle M. McLean (P71393)
                                      Richard L. Bolhouse (P29357)

                                      Grandville State Bank Building
                                      3996 Chicago Drive SW
                                      Grandville MI 49418
                                      Phone: (616) 531-7711

                                      Attorneys for Defendants Michelle McLean, Joel Baar, and Bolhouse, Hofstee, & McLean (f/k/a Bolhouse, Baar, & Hofstee PC)