UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WILLIAM RUDD,

    Plaintiff,

v.

                                              Case No. 1:18-CV-124

CITY OF NORTON SHORES, et al.,

                                              HON. GORDON J. QUIST

    Defendants.
_____/

**<u>ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION TO ALTER JUDGMENT</u>**

       Plaintiff brought this action alleging a wide-ranging conspiracy between governmental and private actors to violate Plaintiff's federal constitutional rights and related state law rights in connection with Plaintiff's child custody dispute with his ex-wife. On January 8, 2019, this Court entered judgment in favor of Defendants after granting Defendants' various dispositive motions. (ECF No. 95.) Plaintiff now moves the Court to alter judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 97.) Having considered Plaintiff's arguments, the Court will deny Plaintiff's motion.

       This Court "*may* grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (emphasis in original). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017); *see also* W.D. Mich. LCivR 7.4(a) ("Generally . . . motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted"). Thus, because Plaintiff's motion for reconsideration

simply rehashes arguments presented in opposition to Defendants' various dispositive motions, the Court denies Plaintiff's motion for reconsideration.[1]

Additionally, Plaintiff seeks leave to amend his complaint through his Rule 59(e) motion. However, "[a] party seeking leave to amend after an adverse judgment faces a heavier burden than for a Rule 15 leave to amend motion prior to a final ruling." *Michigan Flyer*, 860 F.3d at 431. "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." *Id.* (internal quotation marks omitted). That appears to be precisely what Plaintiff seeks to do here. Moreover, to determine whether to grant leave to amend, the Court "must have before it the substance of the proposed amendment." *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002). While Plaintiff alludes to the substance of the amended complaint, he has not provided the Court with enough detail for the Court to determine that Plaintiff has satisfied the heavy burden required to show that he is entitled to a post-judgment amendment. Consequently, the Court denies leave to amend the complaint at this late juncture.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter judgment pursuant to Rule 59(e) (ECF No. 97) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's request to amend his complaint is also **denied.**

Dated: February 20, 2019                                    /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE

---

[1] The Sixth Circuit characterizes a Rule 59(e) motion as a motion for reconsideration. *See e.g.*, *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 388 (6th Cir. 2003). The Local Rules state that "[n]o answer to a motion for reconsideration will be allowed unless requested by the Court." W.D. Mich. LCivR 7.4(b). Defendants submitted responses to Plaintiff's Rule 59(e) motion (ECF Nos. 99-101), but because the Court did not request those responses, the Court has not and will not consider the content of the responses in ruling on Plaintiff's motion.